IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ,<br><br>                                    *Plaintiffs*,<br><br>                          *v.*<br><br>THE CITY OF ROCHESTER, a municipal corporation,<br><br>                                    *Defendant*. | **PLAINTIFFS DEMAND TRIAL BY JURY**<br><br><br><br>Case No. 15-cv-_____ |

**CIVIL ACTION COMPLAINT**

Plaintiffs OBSESSION SPORTS BAR & GRILL, INC., and JOAN ORTIZ by their attorneys SANTIAGO BURGER LLP, Michael A. Burger, of counsel, assert as follows:

### I.   Nature of Claim

1.   This lawsuit seeks declaratory relief and monetary damages to redress Defendant CITY OF ROCHESTER'S deprivation of property rights secured to Plaintiffs under the United States Constitution amendments V and IV, and 42 USC § 1983, by illegally prohibiting Plaintiffs from operating their bar and restaurant during the hours expressly permitted by New York State Alcoholic Beverages

Control Law.

## II. Jurisdiction and Venue

2. The original subject matter jurisdiction of this Court is invoked under 42 USC §§ 1331; this case concerns a Constitutional question and a federal civil rights violation.

3. The Western District of New York is the proper venue for this case because Defendant's violations occurred, and the Plaintiffs' claims arose, in this District. Both parties are located within this District.

## III. Parties

4. At all relevant times, Plaintiff OBSESSION SPORTS BAR & GRILL, INC. (OBSESSION), was a New York State Corporation operating at 564 Chili Avenue in Rochester, New York.

5. At all relevant times, Plaintiff Joan Ortiz was a stockholder and officer of Plaintiff OBSESSION SPORTS BAR & GRILL, INC.

6. At all relevant times, Defendant, CITY OF ROCHESTER (CITY), was a municipal corporation located within Monroe County.

## IV. Background

7.     MS. ORTIZ and OBSESSIONS have operated a bar and restaurant in the CITY OF ROCHESTER since approximately 2008.

8.     At all relevant times until February 25 2013, Defendant enforced its own ordinances preventing Plaintiffs from operating during all hours permitted by New York State Law.  *See* ROCHESTER MUNICIPAL CODE § 120-34(O) (Ordinance).

9.     MS. ORTIZ and OBSESSIONS applied to Defendant's Zoning Board of Appeals (ZBA) for a variance to operate beyond the hours stated in the Ordinance. The ZBA only granted partial relief.

10.     MS. ORTIZ and OBSESSIONS thereafter filed suit in New York State Supreme Court seeking a declaration that the City's restrictive hours ordinance was null and void.

11.     On February 25, 2013, New York State Supreme Court struck down the City's law restricting Plaintiffs' hours of operation as "an impermissible exercise of municipal zoning power."  Exhibit 1, Decision.  Only then did the City cease enforcing the ordinance and allow OBSESSION to operate as permitted by New York Law and its duly acquired Liquor License.

12.     On June 13, 2014, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the Trial Court's Decision. The City's efforts to appeal this decision further were unsuccessful.  *See generally*, *Obsession Bar &*

*Grill, Inc. v. Zoning Bd. of Appeals of City of Rochester*, 118 A.D.3d 1366, 1367 (4th Dep't), *motion for permission to appeal denied,* 120 A.D.3d 1613 (4th Dep't), *motion for permission to appeal denied*, 24 N.Y.3d 912 (2014).

13.  Ms. Ortiz and Obsessions asked the City to compensate them for the damages they incurred as a result of being closed during lawful hours of operation and placed at a competitive disadvantage by having to close earlier than other City bars and restaurants.

14.  Ms. Ortiz and Obsessions also asked Defendant to compensate them for the damages they incurred as a result of having to enforce their rights in the courts.

15.  To date, Defendant has not agreed to compensate Ms. Ortiz and Obsessions as they requested.

### V.   Defendant's Constitutional & Civil Rights Violations

16.  Plaintiffs adopt and re-assert the information contained in Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17.  Defendant violated the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by unlawfully preventing Plaintiffs from operating their lawful business during all state-sanctioned hours of operation.

4

18. Defendant acted under color of ordinance.

19. Defendant subjected Plaintiffs to the deprivation of rights, privileges, or immunities secured by the Constitution and laws by unlawfully interfering with the conduct of their business as a bar and restaurant serving patrons who traveled to or resided within the City of Rochester.

20. Under threat of sanction by Defendant, MS. ORTIZ and OBSESSIONS obeyed Defendant's illegal ordinance and its ZBA's ruling and remained closed during hours during New York State Law allowed it to operate, until the February 25, 2013 New York State Supreme Court Decision.

21. Defendant caused Plaintiffs to suffer and sustain damages including lost profits, lost good will, lost business opportunity, and also by way of attorney's fees and expenses incurred overturning the City's illegal Ordinance, and defending Defendant's appeals.

## VI.  Jury Trial Demand

22. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order as follows:

   a. Directing Defendant to pay damages in an amount to be determined at trial;

b. Directing Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in vindicating Plaintiffs' rights in the instant CIVIL ACTION, under 42 USC § 1988;

c. Directing Defendant to repeal Rochester Municipal Code § 120-34(O); and

d. Granting such other and further relief as to this Court seems just and appropriate.

Dated:   March 17, 2015
         Rochester, New York

                Respectfully submitted,

                OBSESSION SPORTS BAR AND GRILL, INC.
                AND JOAN ORTIZ
                *Plaintiffs*

                By:   /s/ Michael A. Burger
                         MICHAEL A. BURGER *for*
                         SANTIAGO BURGER LLP

Michael A. Burger
SANTIAGO BURGER LLP
*Attorneys for Plaintiffs*
Office and Post Office Address
1250 Pittsford Victor Road, Bldg 100, Ste 190
Pittsford, NY  14534
(585) 563-2400
mike@litigation-group.com

# Exhibit 1

STATE OF NEW YORK
SUPREME COURT     COUNTY OF MONROE

OBSESSION BAR AND GRILL, INC. AND JOAN ORTIZ,

                  Petitioners-Plaintiffs,

-against-

THE ZONING BOARD OF APPEALS OF THE CITY OF ROCHESTER, AND THE CITY OF ROCHESTER,

                  Respondents-Defendants.

AMENDED DECISION, JUDGMENT and ORDER

Index No. 2012/12802

APPEARANCES:

    For Petitioners-Plaintiffs:
    Santiago Burger Annechino LLP
    (Michael A. Burger, Esq., of counsel)

    For Respondents-Defendants:
    Robert J. Bergin, Esq., City of
    Rochester Corporation Counsel
    (Sara L. Valencia and Johanna
    F. Brennan, Esqs., of counsel)

Petitioners -Plaintiffs (collectively, "Obsession") brought the instant combined Article 78 proceeding and Declaratory Judgment action against Respondents-Defendants (collectively, "the City") seeking to annul a City of Rochester Zoning Board of Appeals ("ZBA") ruling on a requested variance, and to obtain a declaration that § 120-34(O) of the Rochester Municipal Code ("RMC") is unconstitutional.

Oral argument was heard by the Court on January 17, 2013. Counsel were invited to make further post-argument submissions, and all submissions of the parties, pre-and post-argument, have been reviewed by the Court.

## FACTUAL STATEMENT

Obsession applied to the ZBA on September 17, 2012 for a variance to operate its bar and restaurant for extended hours on premises located at 564-568 Chili Avenue in the City of Rochester. Said property is located in a "C-1 Neighborhood Center District," the most restrictive commercial district in the RMC.

At the time of application, bars and restaurants were not permitted as of right in a C-1 District. Effective November 1, 2012, under an RMC amendment, bars and restaurants operating between the hours of 6:00 a..m. and 11:00 p.m are permitted as of right in a C-1 District.

In 2010, Obsession had applied for a variance allowing hours of operation for a bar/restaurant ending at 2:00 a.m., seven days a week. The ZBA, in ruling on the application, granted a variance allowing operation until 12:00 a.m., seven days a week. Due to financial constraints, the bar did not open with a prescribed time period, and the variance subsequently expired.

A public hearing was held by the ZBA on October 18, 2012. On October 22, 2012, by "Notice of Variance Decision," the ZBA approved a variance for Obsession with closing hours of 12:00 a.m. Monday through Thursday and 2:00 a.m. Friday and Saturday. Obsession had not requested any variance for Sunday, choosing to remain closed on that day.

The instant lawsuit was filed as a result of the ZBA's decision.

## ARGUMENTS OF COUNSEL

Obsession maintains that the New York State Alcoholic Beverage Control Law ("ABC Law") pre-empts regulation of hours of consumption of alcoholic beverages at retail establishments, rendering RMC § 120-34(O) a nullity. It further maintains that, even were this code section valid, it would be entitled to a variance, but under the more liberal standards required for an area variance, rather than a use variance.

The City counters that RMC § 120-34(O) does not concern itself directly with sale or consumption of alcoholic beverages, and is therefore not pre-empted by the ABC Law. Furthermore,

while the ZBA acknowledged that Obsession had satisfied three criteria for the granting of a variance (including hardship not of its own creation), it had not established that its desired 2:00 a.m. closing time Mondays through Thursdays would not disrupt the delicate balance of the C-1 District's mixed residential and commercial uses.

The City objects to an attack on the revised RMC provision, since it was not in effect at the time of Obsession's variance application. Counsel for Obsession correctly observes that the law as presently written must be construed by the Court.

## DISCUSSION

The Court is of the opinion that the pre-emption argument is controlling, and agrees with the analysis made and conclusions drawn by Obsession. Accordingly, the Court will not address questions related to Obsession's entitlement to the variance it requested of the ZBA.

The City acknowledges the doctrine of pre-emption, and cites the 2001 Court of Appeals decision in *DJL Rest. Corp. v. City of Rochester* (96 NY2d 91), wherein the Court held:

> "a local law regulating the same subject matter is deemed inconsistent with the State's overriding interests because it either (1) prohibits conduct which the State law, although perhaps not expressly speaking to, considers acceptable or at least does not proscribe... or (2) imposes additional restrictions on rights granted by State law" (*Jancyn Mfg. Corp. v. County of Suffolk*, 71 NY2d, at 97);

and added: "It is now well settled that the State's ABC Law impliedly preempts its field (*see, Matter of Lansdown Entertainment Corp. v. New York City Dept. of Consumer Affairs*, 74 NY2nd 761, 762-763, *People v. DeJesus*, 54 NY2nd, at 469)" (96 NY2nd, at 95, both cites).

The *DJL* case dealt with an area-specific prohibition on adult establishments featuring nudity, and held that, even though the sale of alcohol might be incidentally affected, a municipality may prohibit certain types of adult entertainment in particular locales. The thrust of the ruling is that the use of land, not the regulation of alcohol sales or consumption, was at the heart of the municipal regulation in

question.

*People v. DeJesus* (54 NY2d 465), relied upon by Obsession, is a 1981 Court of Appeals decision which dealt with a Rochester local ordinance prohibiting patronization of unlicensed so-called "after-hours" clubs which sold alcohol after 2:00 a.m.[1] In that case, the Court affirmed the dismissal of charges against one hundred twenty-five patrons of such an establishment.

In its explication of the ABC Law's pre-emption of local laws, the Court ruled as follows:

> "By dealing solely with the actions of patrons of establishments which sell alcoholic beverages, it impinges impermissibly on the exclusive Alcoholic Beverage Control Law. Further, by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law. (See, e.g., *Wholesale Laundry Bd. of Trade v. City of New York*, 12 NY2nd 998, affg 17 AD2nd 327)"
> (54 NY2nd at 471, 472).

The City, in its post-argument memorandum of law dated January 23, 2013, argues at page 3 that the RMC "... is not regulating how the business operates, (i.e., when to have 'Happy Hours', what food to serve or what prices to charge). It regulates only when they can and cannot operate." In so reasoning, the City puts Obsession's arguments in stark relief: authority to shut down an establishment by decree is the ultimate regulatory power, and not one to be assigned to a mere local law which, incidentally, conflicts with the ABC Law.

---

[1] The Court noted in its opinion that the ABC Law allowed retail sale of alcoholic beverages for on-premises consumption daily until 4:00 a.m., and that actual consumption thereof could be permitted for one-half hour thereafter (ABC Law, § 106 (5)); (54 NY2d at 465).

The *DeJesus* case, in delineating the boundaries of the pre-emption doctrine, dealt only with regulation of patrons of establishments selling alcohol. In dictating earlier-than-allowed closing hours for bars and restaurants, RMC § 120-34(O) targets the actual sale and consumption of alcoholic beverages, the exclusive domain of the ABC Law. *A fortiori*, this is an impermissible exercise of municipal zoning power, which cannot stand in the face of conflicting and pre-emptive provisions of the ABC Law. To hold otherwise would utterly eviscerate the legislative scheme behind the ABC Law.

It has been noted by counsel for Obsession that the City's proper remedy to ensure early closing hours for bars and restaurants would be a petition either to Monroe County or to the State Alcoholic Beverage Control Board.

DECISION

Accordingly, it is the Decision of the Court that the October 22, 2012 decision of the ZBA, limiting Obsession's weekday closing hours to 12:00 a.m., being in derogation of the ABC Law, is null and void.

It is the further Decision of the Court that RMC § 120-34(O), which mandates closing hours earlier than those provided by the ABC Law, is null and void insofar as it attempts to regulate alcohol sales and consumption, which authority is exclusive to the ABC Law and, by extension, the County of Monroe, acting pursuant to its grant of authority.

This Decision shall constitute the Judgment and Order of the Court.

Dated: Feb. 25, 2013

HONORABLE JOHN J. ARK, JSC