IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ,<br><br>       *Plaintiffs*,<br><br>       v.<br><br>THE CITY OF ROCHESTER, a municipal corporation,<br><br>       *Defendant*. | **PLAINTIFFS DEMAND TRIAL BY JURY**<br><br><br><br>Case No. 6:15-cv-06152-CJS |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiffs OBSESSION SPORTS BAR & GRILL, INC., and JOAN ORTIZ by their attorneys SANTIAGO BURGER LLP, Michael A. Burger, of counsel, assert as follows in support of their AMENDED COMPLAINT, amending as of right under F.R.CIV.P. 15(a)(1):

### I. Nature of Claim

1. This lawsuit seeks declaratory relief and monetary damages to redress Defendant CITY OF ROCHESTER'S deprivation of property rights secured to Plaintiffs under the United States Constitution amendments V and XIV, and 42 USC § 1983, by illegally prohibiting Plaintiffs from operating their bar and

restaurant during the hours expressly permitted by New York State Alcoholic Beverages Control Law.

## II.   Jurisdiction and Venue

2.   The original subject matter jurisdiction of this Court is invoked under 42 USC §§ 1331; this case concerns a Constitutional question and a federal civil rights violation.

3.   The Western District of New York is the proper venue for this case because Defendant's violations occurred, and the Plaintiffs' claims arose, in this District.  Both parties are located within this District.

## III.   Parties

4.   At all relevant times, Plaintiff OBSESSION SPORTS BAR & GRILL, INC. (OBSESSION), was a New York State Corporation operating at 564 Chili Avenue in Rochester, New York.

5.   At all relevant times, Plaintiff Joan Ortiz was a stockholder and officer of Plaintiff OBSESSION SPORTS BAR & GRILL, INC.

6.   At all relevant times, Defendant, CITY OF ROCHESTER (CITY), was a municipal corporation located within Monroe County.

## IV. Background

7. MS. ORTIZ and OBSESSIONS have operated a bar and restaurant in the CITY OF ROCHESTER since approximately 2008.

8. At all relevant times until February 25 2013, Defendant enforced its own ordinances preventing Plaintiffs from operating during all hours permitted by New York State Law.  *See* ROCHESTER MUNICIPAL CODE § 120-34(O) (Ordinance).

9. MS. ORTIZ and OBSESSIONS applied to Defendant's Zoning Board of Appeals (ZBA) for a variance to operate beyond the hours stated in the Ordinance. The ZBA only granted partial relief.

10. MS. ORTIZ and OBSESSIONS thereafter filed suit in New York State Supreme Court seeking a declaration that the City's restrictive hours ordinance was null and void.

11. On February 25, 2013, New York State Supreme Court struck down the City's law restricting Plaintiffs' hours of operation as "an impermissible exercise of municipal zoning power."  Exhibit 1, Decision.  Only then did the City cease enforcing the ordinance and allow OBSESSION to operate as permitted by New York Law and its duly acquired Liquor License.

12. On June 13, 2014, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the Trial Court's Decision. The City's efforts to appeal this decision further were unsuccessful.  *See generally*, *Obsession Bar &*

*Grill, Inc. v. Zoning Bd. of Appeals of City of Rochester*, 118 A.D.3d 1366, 1367 (4th Dep't), *motion for permission to appeal denied,* 120 A.D.3d 1613 (4th Dep't), *motion for permission to appeal denied*, 24 N.Y.3d 912 (2014).

13.     Ms. Ortiz and Obsessions asked the City to compensate them for the damages they incurred as a result of being closed during lawful hours of operation and placed at a competitive disadvantage by having to close earlier than other City bars and restaurants.

14.     Ms. Ortiz and Obsessions also asked Defendant to compensate them for the damages they incurred as a result of having to enforce their rights in the courts.

15.     To date, Defendant has not agreed to compensate Ms. Ortiz and Obsessions as they requested.

## V.     Defendant's Constitutional & Civil Rights Violations

16.     Plaintiffs adopt and re-assert the information contained in Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17.     Defendant violated the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by unlawfully preventing Plaintiffs from operating their lawful business during all state-sanctioned hours of operation.

18. Defendant acted under color of ordinance.

19. Defendant subjected Plaintiffs to the deprivation of rights, privileges, or immunities secured by the Constitution and laws by unlawfully interfering with the conduct of their business as a bar and restaurant serving patrons who traveled to or resided within the City of Rochester.

20. Under threat of sanction by Defendant, MS. ORTIZ and OBSESSIONS obeyed Defendant's illegal ordinance and its ZBA's ruling and remained closed during hours during New York State Law allowed it to operate, until the February 25, 2013 New York State Supreme Court Decision.

21. Defendant caused Plaintiffs to suffer and sustain damages including lost profits, lost good will, lost business opportunity, and also by way of attorney's fees and expenses incurred overturning the City's illegal Ordinance, and defending Defendant's appeals.

## VI.  Jury Trial Demand

22. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order as follows:

   a. Directing Defendant to pay damages in an amount to be determined at trial;

    b. Directing Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in vindicating Plaintiffs' rights in the instant CIVIL ACTION, under 42 USC § 1988;

    c. Directing Defendant to repeal Rochester Municipal Code § 120-34(O); and

    d. Granting such other and further relief as to this Court seems just and appropriate.

Dated:    March 26, 2015
            Rochester, New York

                      Respectfully submitted,

                      OBSESSION SPORTS BAR AND GRILL, INC.
                      AND JOAN ORTIZ
                      *Plaintiffs*

                      By:    /s/ Michael A. Burger
                             MICHAEL A. BURGER *for*
                             SANTIAGO BURGER LLP

Michael A. Burger
SANTIAGO BURGER LLP
*Attorneys for Plaintiffs*
Office and Post Office Address
1250 Pittsford Victor Road, Bldg 100, Ste 190
Pittsford, NY  14534
(585) 563-2400
mike@litigation-group.com