UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OBSESSION SPORTS BAR & GRILL, INC. and          ANSWER
JOAN ORTIZ,
                                                6:15-cv-06152-CJS
                    Plaintiff

    v.

THE CITY OF ROCHESTER,

                    Defendant

_____

        Defendant, City of Rochester, by its attorney T. Andrew Brown, Corporation

Counsel, John M. Campolieto, Esq., of counsel, answers Plaintiff's Amended Complaint

as follows:

        1.      Admits the allegations contained in paragraph 6 of Plaintiffs' Amended

Complaint.

        2.      Lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 9, 10, 11, and 13 of Plaintiffs'

Amended Complaint.

        3.      Denies the allegations contained in paragraphs 8, 17, 18, 19, 20, and 21

of Plaintiffs" Amended Complaint.

        4.      Paragraph 12 merely incorporates by reference prior allegations.

        5.      Denies each and every other allegation in Plaintiffs" Amended Complaint

not hereinbefore specifically admitted, controverted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

        6.      The Plaintiffs have failed to state a cause of action upon which relief may

be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

7.     The damages alleged in the complaint were caused in whole or in part by the acts or omissions to act of Plaintiffs, which acts or omissions to act were criminal, negligent, reckless, wrongful, intentional or otherwise culpable.

8.     If the Plaintiffs are entitled to recover damages as alleged in the complaint, the amount of damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which allegedly caused the damages alleged.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

9.     Some or all of the causes of action alleged in the complaint may not be maintained for the reason that Plaintiffs failed to properly commence the action within the appropriate statute of limitations period.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

10.    The official actions of the City of Rochester, its employees, agents or representatives, jointly and severally, constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

11.    Some or all of the causes of action stated herein are prohibited or precluded based on the doctrines of collateral estoppel and/or *res judicata*.

12.    Furthermore the Plaintiffs have already sought judicial relief for some or all of the items mentioned in the complaint.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

13.     Punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

14.     The complaint fails to sufficiently allege facts that show that any of the Defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

15.     The Complaint represents an effort to state a cause of action not cognizable under 42 U.S.C. 1983.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

16.     The Plaintiffs have failed to mitigate their damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

17.     The Plaintiffs have failed to sufficiently allege any policy, custom or practice of the City of Rochester caused their alleged damages, and therefore all causes of action against the City should be dismissed.

18.     No clearly established constitutional right was violated.  The defendant's actions were objectively reasonable under the circumstances.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

19.     At all relevant times Defendant and its Zoning Board of Appeals acted in the reasonable and good faith belief that their actions were legal and constitutional. As a

result Defendant and its Zoning Board of Appeals are entitled to absolute and/or qualified immunity under state and federal law.

## AS AND FOR A TWEFLTH AFFIRMATIVE DEFENSE:

20.     Some or all of the claims set forth in the complaint are barred because the applicable administrative procedures, conditions precedent, and statutory prerequisites were not properly effectuated or complied with prior to the commencement of this action.

## AS AND FOR A THIRTHIETH AFFIRMATIVE DEFENSE:

21.     All conduct by the City of Rochester, by its officers, employees, agents, representatives, or the Zoning Board of Appeals, was justified under the circumstances herein, was privileged conduct in the performance of Defendant's land use board's function, and based upon existing law which the Zoning Board of Appeals was entitled to rely and was performed by the Zoning Board of Appeals without any malice contributing thereto.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

22.     Some or all of the injuries alleged in the complaint were the result of the actions of third parties not named in the complaint.

23.     The plaintiffs have failed to include necessary parties in the complaint.

24.     Specifically the Defendant had no authority or discretion to control the actions of the Zoning Board of Appeals.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

25.     Recovery against the answering Defendant is barred based upon the Doctrine of Qualified Immunity. The complaint alleges action by the Zoning Board of Appeals is the source of Plaintiffs' purported deprivation. The Zoning Board of Appeals

is entitled to qualified immunity from suit because its actions were objectively reasonable under the circumstances.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

26.     The City and the Zoning Board of Appeals are entitled to immunity from continuation of this action upon the grounds that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

**WHEREFORE**, Defendant the City of Rochester demands judgment as follows:

A.  Dismissing Plaintiffs' Amended Complaint;

B.  That plaintiffs' damages, in the event that plaintiffs are entitled to recover,  be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages;

C.  For such other, further and different relief which to this Court may seem just, proper and equitable.

**DATED: April 7, 2015**

**T. ANDREW BROWN, CORPORATION COUNSEL**
*Attorney for Defendant, City of Rochester*
30 Church Street, Room 400A City Hall
Rochester, NY   14614

**s/ John M. Campolieto**
_____

**John M. Campolieto, ESQ., of Counsel**
Telephone:  (585) 428-7410

TO:   Michael A. Burger, Esq.
      SANTIAGO BURGER LLP
      1250 Pittsford Victor Road, Bldg 100,Ste 190
      Pittsford, NY 14534
      (585) 563-2400
      [mike@litigation-group.com](mailto:mike@litigation-group.com)