THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

OBSESSION SPORTS BAR & GRILL, INC.
and JOAN ORTIZ,

                    *Plaintiffs,*

vs.

THE CITY OF ROCHESTER, a municipal corporation,

                    *Defendant.*

**PLAINTIFFS' LOCAL RULE 56 STATEMENT OF MATERIAL FACTS**

CASE NO.: 6:15-CV-06152-CJS/JWF

The Plaintiffs, Obsession Sports Bar & Grill, Inc. ("Obsession") and Joan Ortiz ("Ms. Ortiz"), by and through their counsel and pursuant to Local Rule 56(a)(1) of the United States District Court for the Western District of New York, hereby submit this concise statement of material facts as to which they contend there are no genuine issues to be tried:

1. Obsession Sports Bar & Grill, Inc. ("Obsession") is a New York State Corporation operating at 564 Chili Avenue in Rochester, New York (the "Premises"). (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 5).

2. Ms. Ortiz is a stockholder and officer of Obsession. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 6).

3. At all relevant times, Ms. Ortiz and Obsession have operated a bar and restaurant at the Premises. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 9 and Ex. 1).

4. On August 24, 2011, the New York State Liquor Authority issued a

license to Obsession to sell alcoholic beverages at retail for on-premises consumption at the Premises. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 13 and Ex. 2).

5. New York State Alcoholic Beverage Control Law ("ABC Law") allows a premises licensed to sell alcoholic beverages at retail for on-premises consumption, such as Obsession, to sell alcoholic beverages during hours inclusive of between 11:00 p.m. and 2:00 a.m., seven days per week, and to allow patrons to consume those beverages on the premises until 2:30 a.m. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶¶ 14-17; *see* ABC Law §§ 17(11), 106(5)).

6. Specifically, ABC Law § 106(5) prohibits such licensees from selling alcoholic beverages at retail for on-premises consumption between the hours of 4:00 a.m. at 12:00 p.m. on Sundays and between the hours of 4:00 a.m. and 8:00 a.m. on all other days, and ABC Law § 106(5)(b) also permits patrons to consume their drinks on the premises up to "one-half hour after the start of the prohibited hours of sale." (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 14).

7. ABC Law § 17(9) (formerly ABC Law § 17(11)) permits the New York State Liquor Authority to impose further restrictions on the hours for such sales on a county-wide basis, "[u]pon receipt of a resolution adopted by a board of supervisors or a county legislative body" requesting such a county-wide restriction; Monroe County evidently exercised this option, and the New York State Liquor Authority has duly prohibited such sales between 2:00 a.m. and 4:00 a.m. in Monroe County. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶¶ 15-16).

8. The Premises is located in a C-1 (Neighborhood Center) zoning district of the City. (Burger Affidavit Exhibit B, Verified Answer, at ¶ 7).

9. At all relevant times until November 1, 2012, Rochester Municipal Code ("RMC") § 120-35(H) and (I) restricted the hours of operation of bars and restaurants in the City's C-1 districts to between the hours of 6:00 a.m. and 11:00 p.m. (Burger Affidavit Exhibit B, Verified Answer, at ¶ 24 and Ex. M).

10. Thereafter, RMC § 120-34(O), effective November 1, 2012 until June 24, 2013, restricted the hours of operation of bars and restaurants in the City's C-1 districts to between the hours of 6:00 a.m. and 11:00 p.m. (Burger Affidavit Exhibit A, Verified Petition, at ¶ 12; Burger Affidavit Exhibit B, Verified Answer, at ¶ 24 and Ex. N; Burger Affidavit Exhibit C, Amended Decision, Judgment and Order, at p. 2, 5).

11. Thus, the City – through RMC § 120-35(H) and (I) and then through RMC § 120-34(O) (collectively, the "Ordinances") – prohibited bars and restaurants in its C-1 districts, such as Obsession, from selling alcoholic beverages at retail for on-premises consumption between the hours of 11:00 p.m. and 2:00 a.m. – hours during which such sales were expressly permitted by New York State's ABC Law. (Burger Affidavit Exhibit A, Verified Petition, at ¶¶ 12, 17, 20; Burger Affidavit Exhibit B, Verified Answer, at ¶ 24 and Exs. M, N).

12. On September 17, 2012, Ms. Ortiz applied to the City's Zoning Board of Appeals ("ZBA") for a variance allowing Obsession to operate at the Premises until 2:00 a.m. on Monday through Saturday. (Burger Affidavit Exhibit A, Verified

3

Petition, at ¶ 9 & Ex. 1; Burger Affidavit <u>Exhibit B</u>, Verified Answer, at ¶ 1).

13. On October 22, 2012, the ZBA granted a variance, but limited the relief to permitting Obsession to operate until 12:00 a.m. on Monday through Thursday, and until 2:00 a.m. on Fridays and Saturdays. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 10; Burger Affidavit <u>Exhibit B</u>, Verified Answer, at ¶¶ 1, 19 & Ex. A).

14. Thus, under the City's Ordinances and the ZBA's October 22, 2012 ruling, Obsession was prevented from selling alcoholic beverages at the Premises from 12:00 a.m. to 2:00 a.m. – times when New York State's ABC Law permitted them to do so – on Monday through Thursday. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶¶ 10, 17, 23; Burger Affidavit <u>Exhibit B</u>, Verified Answer, at ¶¶ 1, 19, 24 & Exs. A, M, N).

15. This placed Ms. Ortiz and Obsession at a competitive disadvantage to other bars and restaurants in the same neighborhood, which the City allowed to operate during the times permitted by the ABC Law but proscribed by the Ordinances. (Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 30 and Ex. 1; *see* RMC § 120-199 (permitting continuation of pre-existing nonconforming uses)).

16. On November 21, 2012, Ms. Ortiz and Obsession filed suit in New York State's Supreme Court seeking, *inter alia*, a declaration that RMC § 120-34(O) was unconstitutional insofar as it prohibited Obsession's operation at the Premises during hours when Obsession was allowed to operate under New York State's ABC Law. (Burger Affidavit ¶ 4; Burger Affidavit <u>Exhibit A</u>, Verified Petition, at ¶ 3).

17. On February 25, 2013, the New York State Supreme Court struck

4

down RMC § 120-34(O), declaring it "null and void insofar as it attempts to regulate alcohol sales and consumption, which authority is exclusive to the ABC Law and, by extension, the County of Monroe, acting pursuant to its grant of authority," and further declared that "the October 22, 2012 decision of the ZBA, limiting Obsession's weekday closing hours to 12:00 a.m., being in derogation of the ABC Law, is null and void." (Burger Affidavit ¶ 6; Burger Affidavit <u>Exhibit C</u>, Amended Decision, Judgment and Order, at p. 5).

18. In doing so, the Supreme Court reasoned: "In dictating earlier-than-allowed closing hours for bars and restaurants, RMC § 120-34(O) targets the actual sale and consumption of alcoholic beverages, the exclusive domain of the ABC Law. *A fortiori*, this is an impermissible exercise of municipal zoning power, which cannot stand in the face of conflicting and pre-emptive provisions of the ABC Law. To hold otherwise would utterly eviscerate the legislative scheme behind the ABC Law." (Burger Affidavit <u>Exhibit C</u>, Amended Decision, Judgment and Order, at p. 5).

19. On June 13, 2014, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the Trial Court's Decision. (Burger Affidavit ¶ 8; Burger Affidavit <u>Exhibit D</u>, Affirming Order).

20. The City's multiple efforts to appeal this decision further were unsuccessful. (Burger Affidavit ¶¶ 10, 11; Burger Affidavit <u>Exhibit E</u>, Order of the New York State Supreme Court, Appellate Division, Fourth Department dated September 26, 2014; Burger Affidavit <u>Exhibit F</u>, Decision of the New York State Court of Appeals dated December 18, 2014).

21. Thereafter, Ms. Ortiz and Obsession filed the instant lawsuit under 42 U.S.C. 1983, which seeks to recover damages for lost profits, lost good will and lost business opportunity incurred as a result of being closed during lawful hours of operation and placed at a competitive disadvantage by having to close earlier than other City bars and restaurants, as well as attorney's fees and expenses incurred in overturning the City's illegal Ordinance and defending the City's appeals. (Amended Complaint, at ¶¶ 1, 13, 14, 21).

22. Ms. Ortiz and Obsession's damages include legal fees and costs in the amount of approximately $35,000 in overturning RMC § 120-34(O) and defending the City's appeals. (Burger Affidavit ¶¶ 12-14; Burger Affidavit Exhibit G, Plaintiff's Initial Disclosures).

Dated: February 29, 2016
Rochester, New York

s/Michael A. Burger
Michael A. Burger
Katharine M. Felluca
SANTIAGO BURGER LLP
*Attorneys for Plaintiffs Obsession Sports Bar & Grill, Inc. & Joan Ortiz*
1250 Pittsford Victor Road
Building 100, Suite 190
Pittsford, NY 14534
Tel.: (585) 563-2400
mike@litgrp.com
kate@litgrp.com