THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

OBSESSION SPORTS BAR & GRILL, INC.
and JOAN ORTIZ,

*Plaintiffs,*

vs.

THE CITY OF ROCHESTER, a municipal
corporation,

*Defendant.*

CASE NO.: 6:15-cv-06152-CJS/JWF

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY

Michael A. Burger
Katharine M. Felluca
SANTIAGO BURGER LLP
1250 Pittsford Victor Road
Building 100, Suite 190
Pittsford, NY 14534
Tel.: (585) 563-2400
mike@litgrp.com
kate@litgrp.com

## TABLE OF CONTENTS

Table of Authorities ...................................................................................................... ii

Questions Presented .................................................................................................... 1

Statement of the Case .................................................................................................. 2

Summary of the Material Facts of the Case ............................................................. 2

Discussion ...................................................................................................................... 6

Summary Judgment Standard ..................................................................................... 6

Argument ....................................................................................................................... 7

    1.    The Elements of a Section 1983 Claim .................................................. 8

    2.    The City Acted Under Color of Ordinance (And is Not
        Entitled to Immunity in Relation Thereto). ............................................ 9

    3.    The City Deprived Plaintiffs of a Property Right Secured
        by the Due Process Clause of the Fourteenth Amendment
        to the U.S. Constitution, Without Due Process of Law. ......................... 9

        a.    The City Deprived Plaintiffs of a Protectable
            Property Interest. ....................................................................... 10

        b.    The City Denied Plaintiffs of a Property Right
            Without Substantive Due Process of Law. ................................ 11

    4.    The Amount of Plaintiffs' Damages is a Question for the
        Jury. ........................................................................................................ 13

Conclusion .................................................................................................................... 15

T<small>ABLE OF</small> A<small>UTHORITIES</small>

Constitutional Provisions

U.S. Const. amend. XIV .................................................................................... 9

Federal Cases

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144 (1970) ..................................... 8, 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................. 6

*Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564 (1972)................... 10

*Caldarola v. Calabrese*, 298 F.3d 156 (2d Cir. 2002).................................. 6

*Carey v. Piphus*, 435 U.S. 247 (1978) ......................................................... 13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................ 6

*Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778 (2d Cir. 2007) ..................... 12, 13

*City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687 (1999) ................ 13

*Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F. 2d 918 (2d
    Cir. 1977)............................................................................................... 14

*Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494 (2d Cir. 2001) ......... 12

*Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012).................................. 9

*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978) .............. 8, 9, 13

*Natale v. Town of Ridgefield*, 170 F.3d 258 (2d Cir. 1999) ........................ 12

*R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69 (2d Cir. 1984).......... 7

*Vives v. City of New York*, 524 F.3d 346 (2d Cir. 2008)............................... 9

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ................................................... 12

New York State Cases

*Ashland Mgt. v. Janien*, 82 N.Y.2d 395 (1993).......................................... 14

*Cerberus Props. v. Kirkmire*, 121 A.D. 3d 1556 (4th Dep't 2014) ............. 11

*D'Alessandro v. Kirkmire*, 125 A.D.3d 1309 (4th Dep't 2015) ................... 11

*Lansdown Entertainment Corp. v. New York City Dep't of Consumer
    Affairs*, 74 N.Y.2d 761 (1989) ........................................................... 13

*People v. De Jesus*, 54 N.Y.2d 465 (1981)................................................... 12

*Toyos v. Bruckman*, 266 A.D. 28 (3rd Dep't 1943) ...................................................... 11

Federal Statutes

42 U.S.C. § 1983 ..................................................................................................... 2, 8

New York State Statutes

ABC Law § 106 ............................................................................................................ 3
ABC Law § 17 .............................................................................................................. 3
ABC Law §§ 118-121 ................................................................................................. 11

Federal Rules and Regulations

Fed. R. Civ. P. Rule 56(a) .......................................................................................... 6

Local Rules and Regulations

Rochester Municipal Code § 120-199 ......................................................................... 4
Rochester Municipal Code § 120-34(O) ............................................................... passim

<u>QUESTIONS PRESENTED</u>

<u>Question One</u>:

Did Defendant City of Rochester ("City") act under color of law when it illegally forced the Plaintiffs to close their lawful business during state-sanctioned hours of operation?

**Answer:** Yes; the City acted under color of its ordinances.

<u>Question Two</u>:

Did the City deprive the Plaintiffs of a constitutionally protected right when it illegally forced the Plaintiffs to close their lawful business during state-sanctioned hours of operation?

**Answer:** Yes; the Plaintiffs had a legitimate claim of entitlement to operate their lawful business during said hours of operation by virtue of New York State's Alcoholic Beverage Control Law and their duly issued liquor license, protectable under the Fourteenth Amendment's Due Process Clause.

<u>Question Three</u>:

Did the City deprive the Plaintiffs of said constitutionally protected right without due process of law?

**Answer:** Yes, since the City acted *ultra vires*, and thus arbitrarily, in depriving Plaintiffs of their vested property interest.

1

## STATEMENT OF THE CASE

Plaintiffs Obsession Sports Bar & Grill, Inc. ("Obsession"), a tavern and restaurant operating in Rochester, and Joan Ortiz ("Ms. Ortiz"), its individual principal, have brought this lawsuit against the City for attorney's fees, lost profits, lost business opportunity and lost good will that were directly caused by the City's zoning ordinances.  Said ordinances unlawfully forced Ms. Ortiz and Obsession to close for business during otherwise prime revenue and profit-generating hours of operation, in violation of New York State Law and in derogation of property rights granted to the Plaintiffs under the Plaintiffs' lawfully issued New York State liquor license.

Ms. Ortiz and Obsession are entitled to judgment as a matter of law against the City on the issue of liability because the City, while acting under color of its ordinances, subjected Ms. Ortiz and Obsession to a deprivation of a property right secured to them by the Due Process Clause of the Fourteenth Amendment to the United States Constitution without due process of law, in contravention of 42 U.S.C. § 1983.

## SUMMARY OF THE MATERIAL FACTS OF THE CASE

Obsession is a New York State Corporation operating at 564 Chili Avenue in Rochester, New York (the "Premises").  (SMF ¶ 1).  Ms. Ortiz is a stockholder and officer of Obsession.  (SMF ¶ 2).  At all relevant times, Ms. Ortiz and Obsession have operated a bar and restaurant at the Premises.  (SMF ¶ 3).

2

On August 24, 2011, the New York State Liquor Authority issued a license to Obsession to sell alcoholic beverages at retail for on-premises consumption at the Premises.  (SMF ¶ 4).

The New York State Alcoholic Beverage Control Law ("ABC Law"), in conjunction with measures undertaken by the New York State Liquor Authority and the County of Monroe pursuant to their express grants of authority under the ABC Law, allows a premises licensed to sell alcoholic beverages at retail for on-premises consumption in Monroe County, such as Obsession, to sell alcoholic beverages during hours inclusive of between 11:00 p.m. and 2:00 a.m., seven days per week, and to allow patrons to consume those beverages on the premises until 2:30 a.m.  (SMF ¶¶ 5-7).[1]

At all relevant times prior to June 24, 2013, the City had an ordinance in effect that restricted the hours of operation of bars and restaurants in its C-1 zoning districts, including Obsession, to between 6:00 a.m. and 11:00 p.m.; said ordinance was initially codified as Rochester Municipal Code ("RMC") § 120-35(H) and (I), and later codified as RMC § 120-34(O) (collectively, the "Ordinances").  (SMF ¶¶ 8-10).

---

[1] Specifically, ABC Law  § 106(5) prohibits such licensees from selling alcoholic beverages at retail for on-premises consumption between the hours of 4:00 a.m. at 12:00 p.m. on Sundays and between the hours of 4:00 a.m. and 8:00 a.m. on all other days.  (SMF ¶ 6).  ABC Law § 17(9) (formerly ABC Law § 17(11)) permits the New York State Liquor Authority to impose further restrictions on the hours for such sales on a county-wide basis, "[u]pon receipt of a resolution adopted by a board of supervisors or a county legislative body" requesting such a county-wide restriction; Monroe County evidently exercised this option, and the New York State Liquor Authority has prohibited such sales between 2:00 a.m. and 4:00 a.m. in Monroe County on all days of the year except January 1.  (SMF ¶ 7).  ABC Law § 106(5)(b) also permits patrons to consume their drinks on the premises up to "one-half hour after the start of the prohibited hours of sale."  (SMF ¶ 6).

Thus, the City prohibited bars and restaurants in its C-1 districts, such as Obsession, from selling alcoholic beverages at retail for on-premises consumption between the hours of 11:00 p.m. and 2:00 a.m. – hours during which such sales were expressly permitted by New York State's ABC Law.  (SMF ¶ 11).

On September 17, 2012, Ms. Ortiz applied to the City's Zoning Board of Appeals ("ZBA") for a variance allowing Obsession to operate at the Premises until 2:00 a.m. on Monday through Saturday.  (SMF ¶ 12).  On October 22, 2012, the ZBA granted a variance, but limited the relief to permitting Obsession to operate until 12:00 a.m. on Monday through Thursday, and until 2:00 a.m. on Fridays and Saturdays.  (SMF ¶ 13).

Thus, under the Ordinances and the ZBA's ruling, Obsession was prohibited from selling alcoholic beverages from 12:00 a.m. to 2:00 a.m. – times when New York State's ABC Law permitted them to do so – on Monday through Thursday. (SMF ¶ 14).  This placed Ms. Ortiz and Obsession at a competitive disadvantage to other bars and restaurants in the same neighborhood, which the City allowed to operate during the times permitted by the ABC Law but proscribed by the Ordinances.   (SMF ¶ 15); *see* RMC § 120-199 (permitting continuation of pre-existing nonconforming uses).

On November 21, 2012, Ms. Ortiz and Obsession filed suit in New York State Supreme Court seeking, *inter alia*, a declaration that RMC § 120-34(O) was unconstitutional insofar as it prohibited Obsession's operation at the Premises during hours when Obsession was allowed to operate under New York State's ABC

Law.  (SMF ¶ 16).

On February 25, 2013, the New York State Supreme Court struck down RMC § 120-34(O), declaring it "null and void insofar as it attempts to regulate alcohol sales and consumption, which authority is exclusive to the ABC Law and, by extension, the County of Monroe, acting pursuant to its grant of authority," and further declared that "the October 22, 2012 decision of the ZBA, limiting Obsession's weekday closing hours to 12:00 a.m., being in derogation of the ABC Law, is null and void."  (SMF ¶ 17).  In doing so, the Supreme Court reasoned:

> In dictating earlier-than-allowed closing hours for bars and restaurants, RMC § 120-34(O) targets the actual sale and consumption of alcoholic beverages, the exclusive domain of the ABC Law.  *A fortiori*, this is an impermissible exercise of municipal zoning power, which cannot stand in the face of conflicting and pre-emptive provisions of the ABC Law.  To hold otherwise would utterly eviscerate the legislative scheme behind the ABC Law.

(SMF ¶ 18).

On June 13, 2014, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the Trial Court's Decision.  (SMF ¶ 19).  The City's multiple efforts to appeal this Decision further were unsuccessful.  (SMF ¶ 20).

Thereafter, Ms. Ortiz and Obsession filed the instant lawsuit under 42 U.S.C. 1983, which seeks to recover damages for lost profits, lost good will and lost business opportunity incurred as a result of being closed during lawful hours of operation and placed at a competitive disadvantage by having to close earlier than other City bars and restaurants, as well as attorney's fees and expenses incurred in

overturning the City's illegal Ordinance and defending against the City's appeals. (SMF ¶ 21).

<u>DISCUSSION</u>

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment shall be granted where there is "no genuine issue as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002), *quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis original). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis original). The nonmoving party cannot reply upon mere conclusory assertions but must set forth "'concrete particulars' showing that a trial is needed." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984), *quoting SEC*

*v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978).

ARGUMENT

The City must concede that it forced Plaintiffs to close their lawful business during state-sanctioned hours of operation under an illegal ordinance, because New York State's Courts have already held as much. *See* the Amended Decision, Judgment and Order of the Honorable Judge Ark of the New York State Supreme Court, County of Monroe (Burger Affidavit Exhibit C), the Order of the New York State Supreme Court, Appellate Division, Fourth Department unanimously affirming same (Burger Affidavit Exhibit D), the Order of the New York State Supreme Court, Appellate Division, Fourth Department denying the City's motion for leave to appeal (Burger Affidavit Exhibit E) and the Decision of the New York State Court of Appeals denying the City's motion for leave to appeal (Burger Affidavit Exhibit F) (collectively, the "State Court Decisions").[2]

Ms. Ortiz and Obsession are entitled to judgment as a matter of law against the City on the issue of liability because the City's unlawful closure of Plaintiffs' lawful business, under color of its Ordinances, deprived Ms. Ortiz and Obsession of a property right secured to them by the Due Process Clause of the Fourteenth

---

[2] While the underlying State Court Decisions, *supra*, solely addressed the legality of the City ordinance in effect at the time of that action, RMC § 120-34(O), the grounds on which that ordinance was struck down, namely, that it impermissibly dictated closing hours for bars and restaurants earlier than allowed under the New York State ABC Law, would apply equally to that ordinance's predecessor, RMC § 120-35(H) and (I), which also impermissibly dictated closing hours for bars and restaurants earlier than allowed under the ABC Law. *See* SMF ¶¶ 8-11, 16-18.

7

Amendment to the United States Constitution without due process of law, in contravention of 42 U.S.C. § 1983 ("section 1983").

> 1.  <u>The Elements of a Section 1983 Claim.</u>

Section 1983 provides a remedy for persons who have been deprived of their constitutional rights by municipalities.  It states, in relevant part:

> Every person who, under color of any . . . ordinance . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured [for damages]."

42 U.S.C. § 1983; *see Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (holding that a municipality is a "person" who may be held liable under section 1983).

Thus, to state a claim under section 1983, a plaintiff must prove two elements: 1) "the defendant has deprived [the plaintiff] of a right secured by the 'Constitution and laws' of the United States" and 2) "the defendant acted 'under color of law'" in doing so.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

There is no factual dispute regarding either of these elements.  Ms. Ortiz and Obsession are therefore entitled to judgment as a matter of law on the issue of liability on their section 1983 claim against the City.

2. <u>The City Acted Under Color of Ordinance (and is Not Entitled to Immunity in Relation Thereto).</u>

Municipalities can be sued directly under section 1983 for constitutional deprivations caused by an action that "implements or executes … [an] ordinance … officially adopted and promulgated by [its] officers." *Monell*, 436 U.S. at 690.  It is beyond dispute that the City promulgated the Ordinances and enforced them against Ms. Ortiz and Obsession through February 25, 2013.  The City is thus liable for deprivation of Ms. Ortiz and Obsession's constitutionally protected rights.

Moreover, any immunity-based affirmative defenses raised by the City – on which the City bears the burden of proof – are without merit, since "'municipalities have no immunity from damages for liability flowing from their constitutional violations.'"  *Lore v. City of Syracuse,* 670 F.3d 127, 164 (2d Cir. 2012), *quoting Owen v. City of Independence,* 445 U.S. 622, 657 (1980).  The City's beliefs as to legality or constitutionality of its Ordinances at the time that it promulgated and enforced them are immaterial on the issue of whether the City may be held liable for a constitutional deprivation caused thereby.  *Vives v. City of New York,* 524 F.3d 346, 350 (2d Cir. 2008) ("a municipality may not assert qualified immunity based on its good faith belief that its actions or policies are constitutional").

3. <u>The City Deprived Plaintiffs of a Property Right Secured by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, Without Due Process of Law.</u>

The Due Process Clause of the Fourteenth Amendment to the United States

Constitution prohibits state deprivations of "life, liberty, or *property*, without due process of law." U.S. Const. amend. XIV, § 1 (emphasis supplied); *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 173 (1970) (recognizing that "a law whose source is a [municipal] ordinance can offend the Fourteenth Amendment even though it has less than state-wide application").

The City deprived Ms. Ortiz and Obsession of a property interest protected under the Fourteenth Amendment. It did so without authority and without due process of law.

### a. *The City Deprived Plaintiffs of a Protectable Property Interest.*

Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-77 (1972). Ms. Ortiz and Obsession have a legitimate claim of entitlement to operate their business until 2:00 a.m. and to remain open until 2:30 a.m., seven days per week, by virtue of New York State's ABC Law (in conjunction with measures undertaken by the New York State Liquor Authority and the County of Monroe pursuant to their express grants of authority under the ABC Law) and the liquor license they duly acquired from the New York State Liquor Authority. A liquor license is "a property right," acquired "in return for a substantial sum of money paid to the State," and "may be destroyed only in accordance with law."

*Toyos v. Bruckman*, 266 A.D. 28, 30 (3rd Dep't 1943)[3]; *see generally Matter of*

*Capoccia*, 59 N.Y.2d 549, 553 (1983) (a law license is a property interest); *Pringle v.*

*Wolfe*, 88 N.Y.2d 426, 431 (1996) ("a driver's license is a substantial property

interest that may not be deprived without due process of law"); *Cerberus Props. v.*

*Kirkmire*, 121 A.D. 3d 1556, 1558 (4th Dep't 2014) (City of Rochester's actions

depriving plaintiff of the benefits of a lead-based paint inspector license issued by

the EPA "clearly alleged a federal constitutional claim under the Due Process

Clause and 42 USC § 1983"); *D'Alessandro v. Kirkmire*, 125 A.D.3d 1309 (4th Dep't

2015) (City of Rochester's imposition of a $100 fine "upon property owners without

due process" violates the Due Process Clause of the Fourteenth Amendment).

The City deprived Ms. Ortiz and Obsession of their full use and enjoyment of

their duly acquired property interest when it *illegally* forced Ms. Ortiz and

Obsession to close their business during the prime business hours of 12:00 a.m. to

2:30 a.m., every day initially and then from Monday through Thursday.

### b. *The City Denied Plaintiffs a Property Right Without Due Process of Law.*

"The touchstone of due process is protection of the individual against

arbitrary action of government." *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974).  To

---

[3] New York State's ABC Law sets forth the procedural process by which a holder of a liquor
license duly issued by the New York State Liquor Authority may then be deprived of said
license.  *See generally* ABC Law §§ 118-121 (collectively providing that the *New York State
Liquor Authority* can revoke, cancel or suspend a liquor license *for cause*, only upon
following certain procedures, including giving notice and a hearing and issuing a decision
within thirty days thereof, which is subject to review by the New York State Supreme
Court).  Of course, this established process was not followed here.

prevail on a substantive due process claim, a plaintiff must show that the defendant infringed on its protectable property interest in an "arbitrary or irrational manner." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 784 (2d Cir. 2007), *citing Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 503 (2d Cir. 2001); *see Natale v. Town of Ridgefield*, 170 F.3d 258, 262 (2d Cir. 1999) ("[f]or state action to be taken in violation of the requirements of substantive due process, the denial must have occurred under circumstances warranting the labels 'arbitrary' and 'outrageous.'" (internal citation omitted)).

The City's answer misconstrues the nature of the Plaintiffs' claims. Ms. Ortiz and Obsession are *not* grounding their due process claim on the fact that the City's ZBA made an improper decision when it denied their request for a variance permitting them to remain open until 2:00 a.m. on Monday through Thursday. Rather, Plaintiffs' due process claim is grounded in the fact that the Ordinances created a wholly invalid scheme whereby the City shut down a lawful business during state-sanctioned hours of operation. The City was fully aware that such a scheme was beyond its powers. *See People v. De Jesus*, 54 N.Y.2d 465 (1981) (striking down City of Rochester's earlier attempt to regulate bar hours); *Lansdown Entertainment Corp. v. New York City Dep't of Consumer Affairs*, 74 N.Y.2d 761, 764 (1989); *see also Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 789 (2d Cir. 2007) ("if the Town Board did not have authority for the actions it took regarding [plaintiff's] permit – as it appears it did not – the Board's actions were ultra vires and, as a result, sufficiently arbitrary to amount to a substantive due process

violation")

Here, the Ordinances were utterly invalid from their inception.  It was within the exclusive authority of the State of New York (and, by extension, the County of Monroe, pursuant to an express grant of authority) to regulate the hours of Obsession's operation; the City lacked any authority to do so.  The City's *ultra vires* promulgation and enforcement of the Ordinances, which illegally forced Ms. Ortiz and Obsession to close their business during state-sanctioned, prime revenue and profit-generating hours of operation, was "sufficiently arbitrary to amount to a substantive due process violation."  *Cine SK8, Inc.*, 507 F.3d at 789.

### 4. The Amount of Plaintiffs' Damages is a Question for the Jury.

The *amount* of damages caused by a governmental entity "acting outside the bounds of its authority" is a question for the jury.  *City of Monterey v. Del Monte Dunes at Monterey*, 526 U.S. 687, 722 (1999).  On this motion for partial summary judgment on *liability*, the Court need not determine the *amount* of the Plaintiffs' damages.  The Court need only determine that damages in fact exist and that those damages were caused by a municipal policy or ordinance.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); *Carey v. Piphus*, 435 U.S. 247, 266 (1978).  There is no material dispute as to the facts supporting summary adjudication on the issue of the City's liability for Obsessions' lost profits, lost business opportunity and lost good will during the hours that the City improperly prevented Plaintiffs from operating their lawful business despite their state-issued

liquor license.

The City lost the *De Jesus* case three decades ago, and should have been fully aware of its utter lack of authority to limit bar hours.  The best that can be said is that the City took a calculated risk when it enacted the Ordinances.  This risky behavior resulted in a predictable and quantifiable loss.  After calling the tune, the City should not now be heard to complain that it must pay the piper.  Nor are the Plaintiffs required to demonstrate their losses with "mathematical precision":

> Damages resulting from the loss of future profits are often an approximation.  The law does not require that they be determined with mathematical precision.  It requires only that damages be capable of measurement based upon known reliable factors without undue speculation.

*Ashland Mgt. v. Janien*, 82 N.Y.2d 395, 403 (1993); *see also Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F. 2d 918, 926 (2d Cir. 1977) ("under the long-standing New York rule, when the existence of damage is certain, and the only uncertainty is as to its amount, the plaintiff will not be denied a recovery of substantial damages … and the party who has caused the loss may not insist on theoretical perfection").

This Court will never know how many tavern owners or would-be tavern owners were deprived of a portion of their profits from an otherwise lawful business due to the City's unlawful Ordinances, but lacked the funds to bring the required action to invalidate the Ordinances.  But there is no factual question that the City must pay the one business owner who had the courage to fight for the rights of all.

14

<u>CONCLUSION</u>

Plaintiffs Obsession Sports Bar & Grill, Inc. and Joan Ortiz respectfully request that this Honorable Court grant them partial summary judgment against the City of Rochester on the issue of municipal liability under 42 U.S.C. § 1983.

Dated:       February 29, 2016
            Rochester, New York

                              <u>s/Michael A. Burger</u>
                              Michael A. Burger
                              Katharine M. Felluca
                              SANTIAGO BURGER LLP
                              *Attorneys for Plaintiffs Obsession*
                              *Sports Bar & Grill, Inc. & Joan Ortiz*
                              1250 Pittsford Victor Road
                              Building 100, Suite 190
                              Pittsford, NY  14534
                              Tel.: (585) 563-2400
                              mike@litgrp.com
                              kate@litgrp.com