THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

OBSESSION SPORTS BAR & GRILL, INC.
and JOAN ORTIZ,

         *Plaintiffs,*

vs.

THE CITY OF ROCHESTER, a municipal
corporation,

         *Defendant.*

CASE NO.: 6:15-CV-06152-CJS/JWF

---

PLAINTIFFS' APPENDIX TO
LOCAL RULE 56 STATEMENT OF MATERIAL FACTS

1. Plaintiffs' Amended Complaint in the above-captioned matter dated March 26, 2015;

2. Defendant's Answer to the Plaintiffs' Amended Complaint in the above-captioned matter dated April 7, 2015; and

3. Affidavit of Attorney Michael A. Burger dated February 29, 2016, with Exhibits:

    A. Plaintiffs' Verified Petition-Complaint dated November 20, 2012;

    B. Defendant's Verified Answer dated January 10, 2013;

    C. Amended Decision, Judgment and Order of the New York State Supreme Court, County of Monroe dated February 25, 2013;

1

D.  Order of the New York State Supreme Court, Appellate Division, Fourth Department dated June 13, 2014;

E.  Order of the New York State Supreme Court, Appellate Division, Fourth Department dated September 26, 2014;

F.  Decision of the New York State Court of Appeals dated December 18, 2014; and

G.  Plaintiffs' Initial Disclosures dated August 17, 2015.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ,<br><br>      *Plaintiffs*,<br><br>      *v.*<br><br>THE CITY OF ROCHESTER, a municipal corporation,<br><br>      *Defendant.* | **PLAINTIFFS DEMAND TRIAL BY JURY**<br><br><br><br>Case No. 6:15-cv-06152-CJS |

### AMENDED CIVIL ACTION COMPLAINT

Plaintiffs OBSESSION SPORTS BAR & GRILL, INC., and JOAN ORTIZ by their attorneys SANTIAGO BURGER LLP, Michael A. Burger, of counsel, assert as follows in support of their AMENDED COMPLAINT, amending as of right under F.R.CIV.P. 15(a)(1):

### I. Nature of Claim

1. This lawsuit seeks declaratory relief and monetary damages to redress Defendant CITY OF ROCHESTER'S deprivation of property rights secured to Plaintiffs under the United States Constitution amendments V and XIV, and 42 USC § 1983, by illegally prohibiting Plaintiffs from operating their bar and

restaurant during the hours expressly permitted by New York State Alcoholic Beverages Control Law.

## II. Jurisdiction and Venue

2. The original subject matter jurisdiction of this Court is invoked under 42 USC §§ 1331; this case concerns a Constitutional question and a federal civil rights violation.

3. The Western District of New York is the proper venue for this case because Defendant's violations occurred, and the Plaintiffs' claims arose, in this District. Both parties are located within this District.

## III. Parties

4. At all relevant times, Plaintiff OBSESSION SPORTS BAR & GRILL, INC. (OBSESSION), was a New York State Corporation operating at 564 Chili Avenue in Rochester, New York.

5. At all relevant times, Plaintiff Joan Ortiz was a stockholder and officer of Plaintiff OBSESSION SPORTS BAR & GRILL, INC.

6. At all relevant times, Defendant, CITY OF ROCHESTER (CITY), was a municipal corporation located within Monroe County.

## IV. Background

7. MS. ORTIZ and OBSESSIONS have operated a bar and restaurant in the CITY OF ROCHESTER since approximately 2008.

8. At all relevant times until February 25 2013, Defendant enforced its own ordinances preventing Plaintiffs from operating during all hours permitted by New York State Law. *See* ROCHESTER MUNICIPAL CODE § 120-34(O) (Ordinance).

9. MS. ORTIZ and OBSESSIONS applied to Defendant's Zoning Board of Appeals (ZBA) for a variance to operate beyond the hours stated in the Ordinance. The ZBA only granted partial relief.

10. MS. ORTIZ and OBSESSIONS thereafter filed suit in New York State Supreme Court seeking a declaration that the City's restrictive hours ordinance was null and void.

11. On February 25, 2013, New York State Supreme Court struck down the City's law restricting Plaintiffs' hours of operation as "an impermissible exercise of municipal zoning power." Exhibit 1, Decision. Only then did the City cease enforcing the ordinance and allow OBSESSION to operate as permitted by New York Law and its duly acquired Liquor License.

12. On June 13, 2014, the New York State Supreme Court, Appellate Division, Fourth Department, affirmed the Trial Court's Decision. The City's efforts to appeal this decision further were unsuccessful. *See generally*, *Obsession Bar &*

3

*Grill, Inc. v. Zoning Bd. of Appeals of City of Rochester*, 118 A.D.3d 1366, 1367 (4th Dep't), *motion for permission to appeal denied,* 120 A.D.3d 1613 (4th Dep't), *motion for permission to appeal denied,* 24 N.Y.3d 912 (2014).

13. MS. ORTIZ and OBSESSIONS asked the City to compensate them for the damages they incurred as a result of being closed during lawful hours of operation and placed at a competitive disadvantage by having to close earlier than other City bars and restaurants.

14. MS. ORTIZ and OBSESSIONS also asked Defendant to compensate them for the damages they incurred as a result of having to enforce their rights in the courts.

15. To date, Defendant has not agreed to compensate MS. ORTIZ and OBSESSIONS as they requested.

### V.  Defendant's Constitutional & Civil Rights Violations

16. Plaintiffs adopt and re-assert the information contained in Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. Defendant violated the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by unlawfully preventing Plaintiffs from operating their lawful business during all state-sanctioned hours of operation.

18. Defendant acted under color of ordinance.

19. Defendant subjected Plaintiffs to the deprivation of rights, privileges, or immunities secured by the Constitution and laws by unlawfully interfering with the conduct of their business as a bar and restaurant serving patrons who traveled to or resided within the City of Rochester.

20. Under threat of sanction by Defendant, MS. ORTIZ and OBSESSIONS obeyed Defendant's illegal ordinance and its ZBA's ruling and remained closed during hours during New York State Law allowed it to operate, until the February 25, 2013 New York State Supreme Court Decision.

21. Defendant caused Plaintiffs to suffer and sustain damages including lost profits, lost good will, lost business opportunity, and also by way of attorney's fees and expenses incurred overturning the City's illegal Ordinance, and defending Defendant's appeals.

## VI.   Jury Trial Demand

22. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order as follows:

   a. Directing Defendant to pay damages in an amount to be determined at trial;

b. Directing Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in vindicating Plaintiffs' rights in the instant CIVIL ACTION, under 42 USC § 1988;

c. Directing Defendant to repeal Rochester Municipal Code § 120-34(O); and

d. Granting such other and further relief as to this Court seems just and appropriate.

Dated:   March 26, 2015
         Rochester, New York

                                       Respectfully submitted,

                                       OBSESSION SPORTS BAR AND GRILL, INC.
                                       AND JOAN ORTIZ
                                       *Plaintiffs*

                                       By:   /s/ Michael A. Burger
                                              MICHAEL A. BURGER *for*
                                              SANTIAGO BURGER LLP

Michael A. Burger
SANTIAGO BURGER LLP
*Attorneys for Plaintiffs*
Office and Post Office Address
1250 Pittsford Victor Road, Bldg 100, Ste 190
Pittsford, NY  14534
(585) 563-2400
mike@litigation-group.com

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OBSESSION SPORTS BAR & GRILL, INC. and      ANSWER
JOAN ORTIZ,

                               6:15-cv-06152-CJS

                Plaintiff

      v.

THE CITY OF ROCHESTER,

                Defendant
_____

       Defendant, City of Rochester, by its attorney T. Andrew Brown, Corporation Counsel, John M. Campolieto, Esq., of counsel, answers Plaintiff's Amended Complaint as follows:

       1.      Admits the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

       2.      Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 9, 10, 11, and 13 of Plaintiffs' Amended Complaint.

       3.      Denies the allegations contained in paragraphs 8, 17, 18, 19, 20, and 21 of Plaintiffs" Amended Complaint.

       4.      Paragraph 12 merely incorporates by reference prior allegations.

       5.      Denies each and every other allegation in Plaintiffs" Amended Complaint not hereinbefore specifically admitted, controverted or denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

       6.      The Plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

7. The damages alleged in the complaint were caused in whole or in part by the acts or omissions to act of Plaintiffs, which acts or omissions to act were criminal, negligent, reckless, wrongful, intentional or otherwise culpable.

8. If the Plaintiffs are entitled to recover damages as alleged in the complaint, the amount of damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which allegedly caused the damages alleged.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

9. Some or all of the causes of action alleged in the complaint may not be maintained for the reason that Plaintiffs failed to properly commence the action within the appropriate statute of limitations period.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

10. The official actions of the City of Rochester, its employees, agents or representatives, jointly and severally, constituted good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

11. Some or all of the causes of action stated herein are prohibited or precluded based on the doctrines of collateral estoppel and/or *res judicata*.

12. Furthermore the Plaintiffs have already sought judicial relief for some or all of the items mentioned in the complaint.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

13. Punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

14. The complaint fails to sufficiently allege facts that show that any of the Defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

15. The Complaint represents an effort to state a cause of action not cognizable under 42 U.S.C. 1983.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

16. The Plaintiffs have failed to mitigate their damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

17. The Plaintiffs have failed to sufficiently allege any policy, custom or practice of the City of Rochester caused their alleged damages, and therefore all causes of action against the City should be dismissed.

18. No clearly established constitutional right was violated. The defendant's actions were objectively reasonable under the circumstances.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

19. At all relevant times Defendant and its Zoning Board of Appeals acted in the reasonable and good faith belief that their actions were legal and constitutional. As a

result Defendant and its Zoning Board of Appeals are entitled to absolute and/or qualified immunity under state and federal law.

### AS AND FOR A TWEFLTH AFFIRMATIVE DEFENSE:

20. Some or all of the claims set forth in the complaint are barred because the applicable administrative procedures, conditions precedent, and statutory prerequisites were not properly effectuated or complied with prior to the commencement of this action.

### AS AND FOR A THIRTHIETH AFFIRMATIVE DEFENSE:

21. All conduct by the City of Rochester, by its officers, employees, agents, representatives, or the Zoning Board of Appeals, was justified under the circumstances herein, was privileged conduct in the performance of Defendant's land use board's function, and based upon existing law which the Zoning Board of Appeals was entitled to rely and was performed by the Zoning Board of Appeals without any malice contributing thereto.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

22. Some or all of the injuries alleged in the complaint were the result of the actions of third parties not named in the complaint.

23. The plaintiffs have failed to include necessary parties in the complaint.

24. Specifically the Defendant had no authority or discretion to control the actions of the Zoning Board of Appeals.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

25. Recovery against the answering Defendant is barred based upon the Doctrine of Qualified Immunity. The complaint alleges action by the Zoning Board of Appeals is the source of Plaintiffs' purported deprivation. The Zoning Board of Appeals

4

is entitled to qualified immunity from suit because its actions were objectively reasonable under the circumstances.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

26. The City and the Zoning Board of Appeals are entitled to immunity from continuation of this action upon the grounds that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

**WHEREFORE**, Defendant the City of Rochester demands judgment as follows:

A. Dismissing Plaintiffs' Amended Complaint;
B. That plaintiffs' damages, in the event that plaintiffs are entitled to recover, be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages;
C. For such other, further and different relief which to this Court may seem just, proper and equitable.

**DATED: April 7, 2015**

        **T. ANDREW BROWN, CORPORATION COUNSEL**
        *Attorney for Defendant, City of Rochester*
        30 Church Street, Room 400A City Hall
        Rochester, NY 14614

        **s/ John M. Campolieto**
        _____

        **John M. Campolieto, ESQ., of Counsel**
        Telephone: (585) 428-7410

TO:    Michael A. Burger, Esq.
SANTIAGO BURGER LLP
1250 Pittsford Victor Road, Bldg 100, Ste 190
Pittsford, NY 14534
(585) 563-2400
mike@litigation-group.com

Case 6:15-cv-06152-JWS Document 74-8 Filed 04/29/16 Page 6 of 16

6