OBSESSION SPORTS BAR & GRILL, INC.
and JOAN ORTIZ,

                              *Plaintiffs,*

    vs.

THE CITY OF ROCHESTER, a municipal
corporation,

                              *Defendant.*

**AFFIDAVIT OF
ATTORNEY MICHAEL A. BURGER**

CASE NO.: 6:15-CV-06152-CJS/JWF

STATE OF NEW YORK   }
                         } SS:
COUNTY OF MONROE   }

MICHAEL A. BURGER being duly sworn, states under penalty of perjury as follows:

1.     I am an attorney duly licensed to practice in the State of New York and United States District Court for the Western District of New York.

2.     I represent Plaintiffs Obsession Sports Bar & Grill, Inc. ("Obsession") and Joan Ortiz ("Ms. Ortiz") in their above-captioned lawsuit against Defendant City of Rochester ("City").

3.     I also represented Ms. Ortiz and Obsession in their Article 78 Proceeding and Action for Declaratory Judgment against the City in the New York State Supreme Court, County of Monroe, which was filed on November 21, 2012 (Index No. 12-12802) (the "Underlying Action").

4.     Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Verified Petition-Complaint, and exhibits thereto, which was filed of record in the

Underlying Action on November 21, 2012.

5.    Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Verified Answer, and exhibits thereto, which was filed of record in the Underlying Action.

6.    Attached hereto as <u>Exhibit C</u> is a true and correct copy of the Amended Decision, Judgment and Order of the New York State Supreme Court, County of Monroe, by and through the Honorable John J. Ark, JSC, dated February 25, 2013, which was issued of record in the Underlying Action (the "Amended Decision").

7.    I also represented Ms. Ortiz and Obsession in the City's appeal of the Amended Decision to the New York State Supreme Court, Appellate Division, Fourth Department (Docket No. CA 13-02124) (the "Appeal").

8.    Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Order of the New York State Supreme Court, Appellate Division, Fourth Department, dated June 13, 2014 which was issued of record on Appeal, unanimously affirming the Amended Decision (the "Affirming Order").

9.    I also represented Ms. Ortiz and Obsession in the City's efforts to appeal the Affirming Order to the New York State Court of Appeals.

10.    Attached hereto as <u>Exhibit E</u> is a true and correct copy of the Order of the New York State Supreme Court, Appellate Division, Fourth Department, dated September 26, 2014, which was issued of record on the Appeal, denying the City's motion for leave to appeal the Affirming Order to the New York State Court of Appeals.

11.    Attached hereto as <u>Exhibit F</u> is a true and correct copy of the Decision

of the New York State Court of Appeals, dated December 18, 2014, denying the City's motion for leave to appeal thereto from the Affirming Order.

12.     Ms. Ortiz and Obsession incurred legal fees and costs in the amount of approximately $35,000 in overturning Rochester Municipal Code § 120-34(O) in the Underlying Action and defending the City's appeals.

13.     Attached hereto as <u>Exhibit G</u> is a true and correct copy of the Initial Disclosures that were served on behalf of Ms. Ortiz and Obsession in the above-captioned matter, pursuant to Rule 26(a) of the Federal Rules of Civil Procedure ("Plaintiffs' Initial Disclosures").

14.     The documents attached as Exhibit A to Plaintiff's Initial Disclosures, which pertain to and evidence said legal fees and costs (from the letter of representation dated November 9, 2012 onward), are true and correct copies.

15.     The foregoing statements are made by me upon personal knowledge. I am competent to testify on the matters stated herein.


s/Michael A. Burger
MICHAEL A. BURGER



STATE OF NEW YORK
SUPREME COURT       COUNTY OF MONROE

OBSESSION BAR AND GRILL, INC. AND JOAN ORTIZ,

         *Petitioners-Plaintiffs,*

    *-against-*

THE ZONING BOARD OF APPEALS OF THE CITY OF
ROCHESTER, AND THE CITY OF ROCHESTER,

         *Respondents-Defendants.*

**VERIFIED PETITION-
COMPLAINT**

ARTICLE 78 PROCEEDING AND
ACTION FOR DECLARATORY
JUDGMENT

INDEX NO.: *12802-12*

Petitioners-Plaintiffs OBSESSION BAR AND GRILL, INC. ("Obsession") and JOAN

ORTIZ, by and through their attorneys, SANTIAGO BURGER ANNECHINO LLP, Michael

A. Burger, of counsel, in support of their Petition-Complaint under CPLR § 3001

and Article 78, respectfully allege:

### RELIEF SOUGHT

1. This Petition-Complaint is brought to challenge the written determination of

    the Zoning Board of Appeals of the City of Rochester, New York ("ZBA")

    dated October 22, 2012, that denied the Petitioners' request for a "variance"

    allowing Obsession to operate between the hours of 12:00 midnight and 2:00

    A.M.

2. Respondents-Defendants' determination was issued without or in excess of

    jurisdiction, was in violation of lawful procedure, was affected by an error of

    law, was arbitrary and capricious or an abuse of discretion.

3. Petitioners-Plaintiffs seek a declaration that section 120-340 of the Rochester Municipal Code ("RMC") is unconstitutional insofar as it attempts to prohibit the operation of Obsession during hours when Obsession is allowed to operate under New York's Alcoholic Beverages Control Law.

4. Petitioners-Plaintiffs also seek modification of the decision of Respondent ZBA, to allow Obsession to operate between midnight and 2:00 A.M., seven days per week, as permitted under state law.

## PARTIES

5. Petitioner-Plaintiff OBSESSION BAR AND GRILL, INC. is a New York State Corporation operating at 564 Chili Avenue in Rochester, New York.

6. Petitioner-Plaintiff JOAN ORTIZ is a stockholder and officer in OBSESSION BAR AND GRILL, INC.

7. Respondent-Defendant CITY OF ROCHESTER (City) is a municipal corporation located within Monroe County.

8. Respondent-Defendant Zoning Board of Appeals of the City of Rochester (ZBA) is an administrative tribunal of the City of Rochester. The ZBA has the sole authority to grant variances from the strict provisions of Rochester's zoning code, including section 120-340 thereof.

## STATEMENT OF FACTS

9. Petitioner-Plaintiff Joan Ortiz applied to Respondent Zoning Board of Appeals on September 17, 2012, seeking a variance "to extend the business

2

hours of operation [of Obsession Bar and Grill] to 2:00 am from Monday through Saturday, instead of to 12:00 midnight." A copy of the application is attached as Exhibit 1.

10. On October 22, 2012, Respondent ZBA granted a variance, but limited the relief to permitting Obsession to operate until midnight on Monday through Thursday, and until 2:00 A.M. on Fridays and Saturdays.

### As for a First Cause of Action
### Declaratory Judgment

11. 564 Chili Avenue is located in a C-1 ("Neighborhood Commercial") zoning district.

12. RMC § 120-34 permits the operation of "Bars and restaurants, operating between the hours of 6:00 a.m. and 11:00 p.m., including accessory outdoor seating/assembly areas but excluding drive-through facilities" as of right in the C-1 district.

13. Obsession Bar and Grill is duly licensed by the State of New York to sell alcoholic beverages at retail for on-premises consumption. A copy of Obsession's liquor license is attached as Exhibit 2.

14. New York State law prohibits the sale of alcoholic beverages on "any premises licensed to sell alcoholic beverages at retail for on-premises consumption" on "Sunday, from four ante meridiem to twelve noon" and "[o]n any other day between four ante meridiem and eight ante meridiem". NY ABCL § 106(5).

3

15. ABCL § 17(11) permits the New York State Liquor Authority to impose "further restriction of hours of sale of alcoholic beverages" on a county-wide basis "[u]pon receipt of a resolution adopted by a board of supervisors or a county legislative body" requesting such a county-wide restriction.

16. Monroe County has evidently exercised this option, and the Liquor Authority has duly prohibited the sale of alcoholic beverages at bars in Monroe County between 2:00 antemeridian to 4:00 Antemeridian.

17. The ABCL permits Obsession to sell alcoholic beverages on any day between midnight and 2:00 A.M.

18. Cities may "regulate and limit the height, bulk and location of buildings hereafter erected, to regulate and determine the area of yards, courts and other open spaces, and to regulate the density of population in any given area, and for said purposes to divide the city into districts." GEN. CITY L. § 20(24).

19. No New York statute empowers cities to regulate the hours during which bars may sell alcoholic beverages.

20. Section 120-34O of the Rochester Municipal Code thus prohibits sales of alcoholic beverages in C-1 districts between 11:00 P.M. and 2:00 A.M., while such sales are expressly permitted by the laws of New York State.

21. New York State law regulating the hours of bars prevails over City of Rochester law regulating the hours of bars.

22. The City's local law (RMC § 120-34O) directly impacts Obsession's ability to

4

sell alcoholic beverages at retail for on-premises consumption between 12:00 midnight and 2:00 A.M., Monday through Thursday.

23. The City's local law (RMC § 120-340) prevents Obsession from selling alcoholic beverages at retail for on-premises consumption between 12:00 midnight and 2:00 A.M., Monday through Thursday.

24. The New York State Alcoholic Beverage Control Law is exclusive and State-wide in scope and thus no local government may legislate in this field.

25. The City's local law (RMC § 120-340) does not apply to businesses that do not operate in C-1 districts.

26. The City's local law (RMC § 120-340) is not a law of general application.

27. By prohibiting persons from patronizing Obsession at times when State law would permit them to do so, the City's local law (RMC § 120-340), in direct opposition to the pre-emptive scheme, purports to render illegal what is specifically allowed by State law.

### As for a Second Cause of Action
### Certiorari to Review
### under CPLR Article 78

28. With her application for a "variance", Ms. Ortiz submitted a "Statement of Income and Expense" demonstrating that Obsession is currently operating at a loss, with a return on investment of negative thirty percent.

29. Ms. Ortiz also submitted a "Statement of Unnecessary Hardship" demonstrating her entitlement to a "variance".

30. The Statement of Unnecessary Hardship also listed the addresses of six other

5

taverns located in C-1 or R-1 (residential) districts, within a mile of Obsession that, upon information and belief, operate until 2:00 A.M. nightly.

31. Respondent ZBA analyzed the requested variance under the criteria for a use variance.

32. The operation of a bar at 2:00 A.M. is not a different use of land than the operation of the same bar at midnight.

33. In its decision, Respondent ZBA agreed that Obsession is currently operating at a loss, as shown by competent financial evidence. A copy of the decision of the ZBA is attached as Exhibit 3.

34. Respondent ZBA agreed that the Petitioner-Plaintiff's hardship is unique, as "[t]he property is a preexisting non conforming use and is in a challenged neighborhood."

35. Respondent ZBA agreed that the hardship is not self-created since "[z]oning changes made the use nonconforming."

36. Ultimately, Respondent ZBA found that "the applicant has proven unnecessary hardship through the application of the four tests required by the state statutes."

37. However, Respondent ZBA granted a variance allowing Obsession to operate until 2:00 A.M. only on Friday and Saturday, stating without explanation that "[b]y limiting the extended hours to only Friday and Saturday night the essential character of the neighborhood will not change."

38. Respondent ZBA made no factual finding and provided no analysis indicating

that Obsession could achieve a reasonable return on its investment while continuing to close at midnight on Monday through Thursday.

39. Respondent ZBA made no factual finding that the character of the neighborhood in which Obsession is located is different on Friday and Saturday than it is on other days of the week.

40. Respondent ZBA offered no explanation for its anti-competitive ruling that places Obsession at a disadvantage to other local bars.

WHEREFORE, the Petitioners-Plaintiffs respectfully request that the Court issue an order:

1. Declaring that section 120-340 of the Rochester Municipal Code unlawfully supersedes sections 106(5)(b) and 17(11) of New York's Alcoholic Beverages Control Law and is thus unconstitutional; and

2. Modifying Respondents-Defendants' determination, allowing Obsession to operate between midnight and 2:00 A.M.

Dated:     November 20, 2012
            Rochester, New York

MICHAEL A. BURGER
DENNIS J. ANNECHINO
SANTIAGO BURGER ANNECHINO LLP
*Attorneys for Petitioners-Plaintiffs*
693 East Avenue, Suite 101
Rochester, NY 14607
Tel: (585) 563-7514

VERIFICATION

STATE OF NEW YORK  }
                      }    SS.
COUNTY OF MONROE  }

JOAN ORTIZ, being duly sworn, deposes and says that deponent is a Petitioner-Plaintiff herein, united in interest with OBSESSION BAR AND GRILL, INC., that deponent has read the foregoing Verified Petition and knows the contents thereof; that the same is true upon information and belief which deponent believes to be true; unless expressly stated otherwise deponent does not verify the contents to be of deponent's own personal knowledge. The sources of information and grounds for deponent's belief are corrspondence with the City, and/or Exhibits annexed hereto. As to matters of a legal nature, deponent relies upon counsel.

JOAN ORTIZ

Subscribed and sworn to before me this 20th day of November, 2012.

Notary Public

MICHAEL ADAM BURGER
NOTARY PUBLIC, State of New York
No. 02BU5042988
Qualified in Monroe County
Commission Expires May 1, 2015

8

Exhibit 1



# ZONING BOARD OF APPEALS
# STAFF REPORT
## October 18, 2012

### Use Variance

---

**Case # 8:**                                    Staff Reviewer: Zina Lagonegro

**File Number:**          V-030-12-13

**Applicant:**            Joan Ortiz, Obsessions Bar and Grill

**Address:**              564 Chili Avenue

**Zoning District:**      C-1 Neighborhood Center District

**Section of Code:**      120-199E

**Request:**              **To extend the hours of operation of a bar/restaurant with live entertainment from 12:00am – 2:00am, 7 days a week, a prohibited use in the C-1 zone.**

### Analysis:

The subject property is a legal bar/restaurant with live entertainment which was granted a Use Variance to operate as such until midnight only in 2010.   The applicant is now applying to extend the hours of operation until 2am, 7 days a week.

### Code Compliance:

Section 120-34 does not permit a bar/restaurant with live entertainment as of right in the C-1 zone.

**Code Enforcement:**  There are no open cases for this property.

## PROJECT INFORMATION

PLEASE TYPE OR PRINT

1. **PROJECT ADDRESS(ES):** 564-568 Chili Avenue, Rochester, NY 14611

2. **APPLICANT:** JOAN C. ORTIZ          **COMPANY NAME:** OBSESSION BAR & GRILL, IN

   **ADDRESS:** 94 McNaughton Street          **CITY** Rochester,NY   **ZIP CODE:** 14606

   **PHONE:** (585) 576-5917          **FAX:** _____

   **E-MAIL ADDRESS** _____

   **INTEREST IN PROPERTY:** Owner XXX          Lessee _____          Other _____

3. **PLAN PREPARER:** Joan C. Ortiz

   **ADDRESS:** _____   **CITY:** _____   **ZIP CODE:** _____

   **PHONE:** _____   **FAX:** _____

4. **ATTORNEY:** Anthony P. LaFay, Esq.

   **ADDRESS:** 36 West Main St.,#770   **CITY** Rochester,NY   **ZIP CODE:** 14614

   **PHONE:** 585-325-4064   **FAX:** 585-325-5362

   **E-MAIL ADDRESS** _____

5. **ZONING DISTRICT:** C-1

6. **DETAILED PROJECT DESCRIPTION (additional information can be attached):** _____

   Application for permission to extend the business hours of operation

   to 2:00 am from Monday through Saturday, instead of to 12:00 midnight

   _____

   _____

7. **LENGTH OF TIME TO COMPLETE PROJECT (Attach schedule if phased:)** _____

**APPLICANT:** I certify that the information supplied on this application is complete and accurate, and that the project described, if approved, will be completed in accordance with the conditions and terms of that approval.

**SIGNATURE:** *Joan C. Ortiz*          **DATE:** September 14, 2012
          Joan C. Ortiz

**OWNER (if other than above):** I have read and familiarized myself with the contents of this application and do hereby consent to its submission and processing.

**SIGNATURE:** *Joan C. Ortiz*          **DATE:** Sep 17. 2012



City of Rochester, NY

# USE VARIANCE
# STATEMENT OF INCOME AND EXPENSE

**PLEASE NOTE**: AT HEARING TIME, APPLICANTS MAY BE ASKED TO PROVIDE AT LEAST TWO (2) CALENDAR YEARS OF FINANCIAL INFORMATION, OR FROM THE DATE OF PURCHASE, WHICHEVER IS LESS.

**PROPERTY ADDRESS:** 564-568 Chili Avenue, Rochester, N.Y. 14611

## A.   PROPERTY DATA

1.   **Date property was purchased by current owner**  January 15, 2008

2.   **Was a Certificate of Occupancy issued?**  Yes

   **Date of issuance?**  December 18, 2007

   **If so, for what use(s)?**  to re-establish the former use of the property as a restaurant and bar.

   **If not, why?** _____

3.   **Cost of Purchase** $70,000.00

4.   **Original Amount of Mortgage(s)**  $50,000.00

   **Mortgage Holder(s)**  Campanella & Archibald Corporation

   **Address**  7117 Wildwood Lane, Victor, New York 14564

   **Interest Rate(s)**  8%          **Term of mortgage(s)**  5 years

                                  balloon payment due February 1, 2013

5.   **Is the property for sale?**  No

   **If so, for how long?** _--------_

       **asking price?** _--------_

       **for what use(s)** _------_

   **Have any offers been received?** _--------_

   **If so, for what amount(s)?** _-------_

   **Summarize any attempts to sell the property**  none

   _____

   _____

6.   **Present value of property**  Monroe County assessment is $58,100.00 and the City of Rochester assessment is $70,000.00

   **Source of valuation** _____

              city and county tax records

**B.** **GROSS ANNUAL INCOME** (Information provided must be for permitted uses, not the proposed use)

| USE<br>(# of Apts., Retail Store, Office, etc.) | UNIT SIZE<br>(sq. ft.; # of bedrooms) | MONTHLY RENT AMOUNT | ANNUAL RENT AMOUNT |
|---|---|---|---|
| 1. apartment | 1 bedroom 1,000 sq.ft. | $400.00 | $4,800.00 |
| 2. apartment | 1 bedroom 1,000 sq.ft. | $400.00 | $4,800.00 |
| 3. apartment | 1 bedroom 1,000 sq.ft. | $400.00 | $4,800.00 |
| 4. bar/restaurant | 3,600 sq.ft. | $0.00 | $0.00 |
| 5. The owner operates the restaurant/bar and had a net loss of $10,348.00 for the 2011 tax year | | | |
| 6. | | | |

|  |  |
|---|---|
| **TOTAL ANNUAL INCOME:** | 14,400.00 |
| **LESS (8%) VACANCY FACTOR:**<br>(Explain, if greater than 8%) | 1,152.00 |
| **TOTAL ADJUSTED GROSS INCOME:** | $13,248.00 |

**C.** **ANNUAL EXPENSES**

    1. **Annual Fixed Charges**

| | |
|---|---|
| Real Estate Taxes (City & County)...County $889.10 City $4,081.00 | $4,970.10 |
| Insurance .................................................................... | 1,202.00 |
| Average Annual Interest (over next 5 years).................... | 3,200.00 |

    2. **Operating Expenses**

| | |
|---|---|
| Electric ........................................................................ | 7,500.00 |
| Fuel.............................................................................. | 7,300.00 |
| Water ........................................................................... | 700.00 |
| Pure Waters ................................................................. | 850.00 |
| Advertising ................................................................... | 6,000.00 |
| Miscellaneous (attach explanation)sports bar package........ | 2,200.00 |

    3. **Maintenance Expenses** (attach list)

| | |
|---|---|
| Repairs......................................................................... | 5,500.00 |
| General Building Maintenance ......................................... | 7,500.00 |
| Yard and Ground Care ................................................... | 0.00 |
| Miscellaneous ............................................................... | 1,000.00 |

| | | |
|---|---|---|
| **TOTAL ANNUAL EXPENSES:** | | $ 35,382.00 |
| **PROFIT or (LOSS)** | LOSS!!! | $ 22,134.00 |

**D.** **TOTAL INVESTMENT**

| | | |
|---|---|---|
| 1. | Down payment ............................................................... | $20,000.00 |
| 2. | Capital Improvements (attach list) ................................... | $20,000.00 |
| 3. | Principal paid to date (original mortgage less current principal balance) ............................................................ | $32,100.16 |
| | **TOTAL INVESTMENT:** | $72,100.00 |

**E.** **RATE OF RETURN/YR.** [Profit or Loss divided by Total Investment]     = 0.30

SIGNATURE OF PREPARER _Anthony P. LaFay_      DATE Sept. 14, 2012

       Anthony P. LaFay

01/2011



**USE VARIANCE**
**STATEMENT OF UNNECESSARY HARDSHIP**

**City of Rochester, NY**

**A use variance shall be granted only if the applicant can establish the existence of <u>EACH</u> of the following, in accordance with Section 120-195B(3) of the Zoning Ordinance:**

**A. <u>No reasonable return</u>.** The subject property is not capable of yielding a reasonable rate of return if used for its present use or developed, redeveloped or used for <u>**any other use**</u> permitted in the district in which the property is located. There is no means other than the granting of the variance by which the property can yield a reasonable return. Such inability to yield a reasonable return must be shown by specific fact, and not the unsupported opinion of the owner or those appearing for the owner.

The applicant opened for business in October 2011, nearly 3 years after she purchased the property. Part of that delay was due to not having the proper authorization to conduct the restaurant business and part was due to lack of funds to perform necessary repairs and upgrades to the property. The apartment have generally sustained the operation. The applicant has been told by customers that her lack of success is due to the fact that she must close her doors at midnight- the time when most potential customers are going out for the evening Since she is closed, they go to different restaurants and bars, several of which are walking distance from the applicant's place of business.

**B. <u>Unique circumstances</u>.** The inability to yield a reasonable return results from a unique circumstances peculiar to the subject property which do not apply to or affect other properties in the immediate vicinity that are subject to the same regulations. The personal situation of the owner shall not be considered a unique circumstance.

The unique circumstances which results in the applicant's failure to yield a reasonable return on her investment is that she must close her doors at midnight just when her competitors are welcoming customers at their busiest time. They all have permission to remain open until 2:00 am. The applicant was previously given permission to remain open until 2:00 am, however she lost that privilege because she was not able to open for business before the permission expired.

**C. <u>Not self created</u>.** The inability to yield a reasonable return is not the result of any action or inaction by the owner or their predecessors in title. Acquisition or improvement of the subject property at any time after the enactment of the provision sought to be varied shall raise a rebuttable presumption that the owner's inability to realize a reasonable return is the result of the owner's action.

The applicant's inability to secure a reasonable return on her investment is not the result of any action or deliberate inaction on her part- finances or lack thereof, prevented her from opening for business within the time limit and now the loss of the right to remain open until 2:00 am is the reason that she cannot compete for late night business.

**D.  Essential character of the area - surrounding uses and facilities.**  The granting of the variance will not be materially detrimental to the public health, safety, and welfare or injurious to the enjoyment, use, or development of neighboring properties and the community or the general plan (i.e. Zoning Ordinance and Comprehensive Plan intent).

The essential character of the area will not change if this application is granted. The applicant will be allowed to conduct business just as her nearby competitors do and it will have no impact on the area or surrounding uses and facilities.

**E.  No other remedy.**  There is no means other than the granting of the variance by which the hardship can be avoided or remedied to permit the economic use of the subject property.

The applicant believes that there is no other viable means by which her hardship can be avoided, except by allowing her to compete for the same customers as her competitors on a equal basis. The applicant offers food and drink and live entertainment at her place of business, but her customers all have to leave at midnight and they then join their friends at other neighborhood establishments. The customers would mostly remain at her place of business after midnight, if she didn't have to close.

Some of the applicant's nearby competitors who can remain open until 2:00 am are the following:

TURN IN TAVERN  651 Chili Ave.,Rochester, NY 14611 (585) 235-4640

ECLIPSE BAR & LOUNGE 374 Thurston Rd., Rochester, NY 14618 585-235-9409

THURSTON BAR & GRILL 529 Thurston Rd., Rochester, NY 14619 585-235-9653

JULIUS CAFE, INC. 543 Thurston Rd., Rochester, NY 14619

CLASSICS BAR & GRILL, LLC 685 Thurston Rd., Rochester, NY 14619
585-235-4260

PI's LOUNGE 1   499 West Ave., Rochester, NY 14611  585-235-1630





ChiLi Avenue
FLOOR PLAN

OBSESSIONS
BAR & GRILL

564

OBSESSIONS BAR & GRILL
NOW OPEN
LUNCH
11:00-3:00
DINNER
3:30-9:00

OPEN

Map View : R o c h e s t e r - New York

| City GIS Home | Property Search | Zoom | Maps of Interest | View | Find Address |

**Tools**

Identify
Center
Zoom In
Bird's Eye

**Panels**

Legend
Layers

**Zoom**

In
Out
Selected
Scale

1 inch = 250.00 feet



564 CHILI AV

SBL-ID: 120.550-0003-016.001/0000

Images:

Primary-7/27/2007 8:43:04 AM FRONT-
7/13/2005

Landuse:
DETACHED ROW BUILDING - 482

Zoning:
Neighborhood Commercial (C-1)

Assessed Value:
$70,000.00

Year Built:
1930

GIS-ID:
1205531601

SBL20:
1205500003016010000

City equalization rate is 100%. Assessed
value equals full market value.

Copyright © 2012 City of Rochester - New
York. All rights reserved.

**Data Disclaimer**



City assessment photo

Exhibit 2



**NEW YORK STATE LIQUOR AUTHORITY**

EXCELSIOR

RESERVED DATE: 08/24/2011
EXPIRATION DATE: 7/31/2013
CERTIFICATE # 1784449

FILING FEE $200.00
LICENSE FEE $3,002.00

VOID

1784449

OBSESSION SPORTS BAR & GRILL INC
OBSESSION SPORTS BAR & GRILL
564 CHILI AVE
ROCHESTER          NY     14611

Exhibit 3

 **City of Rochester**

Neighborhood and Business Development
City Hall Room 125B, 30 Church Street
Rochester, New York 14614-1290
www.cityofrochester.gov

 Bureau of Planning
and Zoning

## NOTIFICATON OF VARIANCE DECISION
October 22, 2012

| | |
|---|---|
| **File Number:** | **V-030-12-13** |
| **Applicant:** | **Joan Ortiz, Obsessions Bar and Grill** |
| **Address:** | **564 Chili Avenue** |
| **Zoning District:** | **C-1 Neighborhood Center District** |

As indicated in the attached decision, the Zoning Board **APPROVED a bar/restaurant with live entertainment Monday through Thursday until midnight and Friday through Saturday until 2:00 a.m.**

This decision allows you to move forward in the process to get a Certificate of Zoning Compliance. Please note that a variance shall become null and void one (1) year after the date on which it was issued unless all approvals are issued and the use is established.

**Contact Zina Lagonegro at 428-7054 to complete the approval process.**



RECEIVED
CITY OF ROCHESTER
CLERK/COUNCIL OFFICE
2012 OCT 23 PM 3: 27

Phone: 585.428.6526     Fax: 585.428.6137     TTY: 585.428.6054     EEO/ADA Employer

# USE VARIANCE FINDINGS & DECISION

**File Number:** V-030-12-13

**Applicant:** Joan Ortiz, Obsessions Bar and Grill

**Address:** 564 Chili Avenue

**Zoning District:** C-1 Neighborhood Center District

**Section of Code:** 120-199E

### Case Summary

Application# V- 030-12-13
Date of Application: 09-17-12
Date of Public Hearing: 10/18/12
Date Notice Published: 09/28/12
Date of County Referral: NA
Date of Final Action: 10/18/12
Date of Filing of Decision with the City Clerk:

**REQUEST:** To extend the hours of operation of a bar/restaurant from 12:00 a.m. to 2:00 a.m. Monday through Sunday; a prohibited operation in the C-1 district.

**Permitted Uses of Property:** Bar/Restaurant with live entertainment until midnight.

**No use variance will be granted without a showing by the applicant that applicable zoning regulations and restrictions have caused unnecessary hardship. The following standards must be met for each and every use allowed by zoning on the property:**

1. Can the applicant realize a reasonable return, as shown by competent financial evidence?: Yes___ No _x_

**Reason:** The property is achieving an annual loss of 15% on the total investment.

2. Is the alleged hardship relating to the property unique? (The hardship may not apply to a substantial portion of the zoning district or neighborhood.): Yes_x_ No___

**Reason:** The property is a preexisting non conforming use and is in a challenged neighborhood.

3. Will the requested use variance, if granted, alter the essential character of the neighborhood?: Yes___ No _x_

**Reason:** By limiting the extended hours to only Friday and Saturday night the essential character of the neighborhood will not change.

4. Is the alleged hardship self-created?: Yes___ No_x_

**Reason:** Zoning changes made the use nonconforming.

---

### ILLUSTRATIONS OF FINANCIAL EVIDENCE

* Bill of sale for the property, present value of property, expenses for maintenance.
* Leases, rental agreements.
* Tax bills
* Conversion costs (for a permitted use)
* Realtor's statement of inability to rent/sell.

---

### SELF-CREATED

* What were the permitted uses at the time the property was purchased by the applicant?

* Were substantial sums spent on remodeling for a use not permitted by zoning?

* Was the property received through inheritance, court order, and divorce?

## CONCLUSION OF ZBA BASED ON THE ABOVE FACTORS:

The ZBA, after reviewing the above four standards, finds:

____    That the applicant has failed to prove unnecessary hardship through the application of the four tests required by the state statutes.

__X__   That the applicant has proven unnecessary hardship through the application of the four tests required by the state statutes. In finding such hardship, the ZBA shall grant a variance to allow use of the property in the manner detailed below, which is the minimum variance that should be granted in order to preserve and protect the character of the neighborhood and the health, safety and welfare of the community:

**(USE) Bar/Restaurant with live entertainment M-Thurs. until midnight and F-Sat until 2:00 a.m.**

## RECORD OF VOTE

| MEMBER NAME | AYE | NAY |
|---|---|---|
| J. O'Donnell | x | |
| R. Khaleel | x | |
| E. Van Dusen | x | |
| P. Tobin | x | |

_Marcia Berry (DK)_

Secretary to the Zoning Board

_10/22/12_

Date

**Testimony:**
**Support:**
Joan Ortiz
Richard Ortiz
Anthony P. LaFay
Alex White
Glen Doogal
Terry Smith Brown
Christopher Downer

**Opposition:**
Maria Maasai Sonekai

**<u>Evidence:</u>**
Staff Report
Site Map
Use Variance Application, Statement of Unnecessary Hardship, Statement of Income and Expense
Survey Map
Photographs
Building Information System property history
A letter of opposition from the 19th Ward Community Association
Five letters in support
Personal Appearance Notice
Affidavit of Notification
Speaker's List