
Exhibit C

STATE OF NEW YORK
SUPREME COURT      COUNTY OF MONROE

---

AMENDED
DECISION,

JUDGMENT and ORDER

OBSESSION BAR AND GRILL, INC. AND JOAN ORTIZ,

        Petitioners-Plaintiffs,

    -against-

THE ZONING BOARD OF APPEALS OF THE CITY OF
ROCHESTER, AND THE CITY OF ROCHESTER,

        Respondents-Defendants.

Index No. 2012/12802

---

APPEARANCES:

    For Petitioners-Plaintiffs:
    Santiago Burger Annechino LLP
    (Michael A. Burger, Esq., of counsel)

    For Respondents-Defendants:
    Robert J. Bergin, Esq., City of
    Rochester Corporation Counsel
    (Sara L. Valencia and Johanna
    F. Brennan, Esqs., of counsel)

Petitioners -Plaintiffs (collectively, "Obsession") brought the instant combined Article 78

proceeding and Declaratory Judgment action against Respondents-Defendants (collectively, "the City")

seeking to annul a City of Rochester Zoning Board of Appeals ("ZBA") ruling on a requested variance,

and to obtain a declaration that § 120-34(O) of the Rochester Municipal Code ("RMC") is

unconstitutional.

Oral argument was heard by the Court on January 17, 2013. Counsel were invited to make further

post-argument submissions, and all submissions of the parties, pre-and post-argument, have been

reviewed by the Court.

## FACTUAL STATEMENT

Obsession applied to the ZBA on September 17, 2012 for a variance to operate its bar and restaurant for extended hours on premises located at 564-568 Chili Avenue in the City of Rochester. Said property is located in a "C-1 Neighborhood Center District," the most restrictive commercial district in the RMC.

At the time of application, bars and restaurants were not permitted as of right in a C-1 District. Effective November 1, 2012, under an RMC amendment, bars and restaurants operating between the hours of 6:00 a..m. and 11:00 p.m are permitted as of right in a C-1 District.

In 2010, Obsession had applied for a variance allowing hours of operation for a bar/restaurant ending at 2:00 a.m., seven days a week. The ZBA, in ruling on the application, granted a variance allowing operation until 12:00 a.m., seven days a week. Due to financial constraints, the bar did not open with a prescribed time period, and the variance subsequently expired.

A public hearing was held by the ZBA on October 18, 2012. On October 22, 2012, by "Notice of Variance Decision," the ZBA approved a variance for Obsession with closing hours of 12:00 a.m. Monday through Thursday and 2:00 a.m. Friday and Saturday. Obsession had not requested any variance for Sunday, choosing to remain closed on that day.

The instant lawsuit was filed as a result of the ZBA's decision.

## ARGUMENTS OF COUNSEL

Obsession maintains that the New York State Alcoholic Beverage Control Law ("ABC Law") pre-empts regulation of hours of consumption of alcoholic beverages at retail establishments, rendering RMC § 120-34(O) a nullity. It further maintains that, even were this code section valid, it would be entitled to a variance, but under the more liberal standards required for an area variance, rather than a use variance.

The City counters that RMC § 120-34(O) does not concern itself directly with sale or consumption of alcoholic beverages, and is therefore not pre-empted by the ABC Law. Furthermore,

while the ZBA acknowledged that Obsession had satisfied three criteria for the granting of a variance (including hardship not of its own creation), it had not established that its desired 2:00 a.m. closing time Mondays through Thursdays would not disrupt the delicate balance of the C-1 District's mixed residential and commercial uses.

The City objects to an attack on the revised RMC provision, since it was not in effect at the time of Obsession's variance application. Counsel for Obsession correctly observes that the law as presently written must be construed by the Court.

DISCUSSION

The Court is of the opinion that the pre-emption argument is controlling, and agrees with the analysis made and conclusions drawn by Obsession. Accordingly, the Court will not address questions related to Obsession's entitlement to the variance it requested of the ZBA.

The City acknowledges the doctrine of pre-emption, and cites the 2001 Court of Appeals decision in *DJL Rest. Corp. v. City of Rochester* (96 NY2d 91), wherein the Court held:

> "a local law regulating the same subject matter is deemed inconsistent with the State's overriding interests because it either (1) prohibits conduct which the State law, although perhaps not expressly speaking to, considers acceptable or at least does not proscribe...
> or (2) imposes additional restrictions on rights granted by State law" (*Jancyn Mfg. Corp. v. County of Suffolk*, 71 NY2d, at 97);

and added: "It is now well settled that the State's ABC Law impliedly preempts its field (*see, Matter of Lansdown Entertainment Corp. v. New York City Dept. of Consumer Affairs*, 74NY2nd 761, 762-763, *People v. DeJesus,* 54 NY2nd, at 469)" (96 NY2nd, at 95, both cites).

The *DJL* case dealt with an area-specific prohibition on adult establishments featuring nudity, and held that, even though the sale of alcohol might be incidentally affected, a municipality may prohibit certain types of adult entertainment in particular locales. The thrust of the ruling is that the use of land, not the regulation of alcohol sales or consumption, was at the heart of the municipal regulation in

question.

*People v. DeJesus* (54NY2d 465), relied upon by Obsession, is a 1981 Court of Appeals decision which dealt with a Rochester local ordinance prohibiting patronization of unlicensed so-called "after-hours" clubs which sold alcohol after 2:00 a.m. [1] In that case, the Court affirmed the dismissal of charges against one hundred twenty-five patrons of such an establishment.

In its explication of the ABC Law's pre-emption of local laws, the Court ruled as follows:

> "By dealing solely with the actions of patrons of establishments which sell alcoholic beverages, it impinges impermissibly on the exclusive Alcoholic Beverage Control Law. Further, by prohibiting persons from patronizing such establishments at times when State law would permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law. (See, e.g., *Wholesale Laundry Bd. of Trade v. City of New York*, 12 NY2nd 998, affg 17 AD2nd 327)"
> (54 NY2nd at 471,472).

The City, in its post-argument memorandum of law dated January 23, 2013, argues at page 3 that the RMC "... is not regulating how the business operates, (i.e., when to have 'Happy Hours', what food to serve or what prices to charge). It regulates only when they can and cannot operate." In so reasoning, the City puts Obsession's arguments in stark relief: authority to shut down an establishment by decree is the ultimate regulatory power, and not one to be assigned to a mere local law which, incidentally, conflicts with the ABC Law.

[1] The Court noted in its opinion that the ABC Law allowed retail sale of alcoholic beverages for on-premises consumption daily until 4:00 a.m., and that actual consumption thereof could be permitted for one-half hour thereafter (ABC Law, § 106 (5)); (54 NY2nd at 465).

The *DeJesus* case, in delineating the boundaries of the pre-emption doctrine, dealt only with regulation of patrons of establishments selling alcohol. In dictating earlier-than-allowed closing hours for bars and restaurants, RMC § 120-34(O) targets the actual sale and consumption of alcoholic beverages, the exclusive domain of the ABC Law. *A fortiori*, this is an impermissible exercise of municipal zoning power, which cannot stand in the face of conflicting and pre-emptive provisions of the ABC Law. To hold otherwise would utterly eviscerate the legislative scheme behind the ABC Law.

It has been noted by counsel for Obsession that the City's proper remedy to ensure early closing hours for bars and restaurants would be a petition either to Monroe County or to the State Alcoholic Beverage Control Board.

## DECISION

Accordingly, it is the Decision of the Court that the October 22, 2012 decision of the ZBA, limiting Obsession's weekday closing hours to 12:00 a.m., being in derogation of the ABC Law, is null and void.

It is the further Decision of the Court that RMC § 120-34(O), which mandates closing hours earlier than those provided by the ABC Law, is null and void insofar as it attempts to regulate alcohol sales and consumption, which authority is exclusive to the ABC Law and, by extension, the County of Monroe, acting pursuant to its grant of authority.

This Decision shall constitute the Judgment and Order of the Court.

Dated: Feb. 25, 2013

HONORABLE JOHN J. ARK, JSC



Exhibit D

782
## CA 13-02124
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF OBSESSION BAR AND GRILL, INC.
AND JOAN ORTIZ, PETITIONERS-RESPONDENTS,

V                                                               ORDER

ZONING BOARD OF APPEALS OF CITY OF ROCHESTER AND
CITY OF ROCHESTER, RESPONDENTS-APPELLANTS.

---

ROBERT J. BERGIN, CORPORATION COUNSEL, ROCHESTER (SARA L. VALENCIA OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

SANTIAGO BURGER ANNECHINO LLP, ROCHESTER (MICHAEL A. BURGER OF
COUNSEL), FOR PETITIONERS-RESPONDENTS.

---

Appeal from an amended judgment and order (one paper) of the
Supreme Court, Monroe County (John J. Ark, J.), entered February 26,
2013. The amended judgment and order, among other things, determined
that the decision of respondent Zoning Board of Appeals of City of
Rochester limiting the weekday closing hours of petitioner Obsession
Bar and Grill, Inc. is null and void.

It is hereby ORDERED that the amended judgment and order so
appealed from is unanimously affirmed without costs for reasons stated
in the decision at Supreme Court.

Entered:  June 13, 2014                        Frances E. Cafarell
                                               Clerk of the Court

𝔖𝔲𝔭𝔯𝔢𝔪𝔢 𝔆𝔬𝔲𝔯𝔱
APPELLATE DIVISION
Fourth Judicial Department
Clerk's Office, Rochester, N.Y.

}

I, **FRANCES E. CAFARELL**, *Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.*



*IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this* JUN 1 3 2014

**Clerk**



Exhibit E

MOTION NO. 782/14
DOCKET NO. CA 13-02124

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, AND VALENTINO, JJ.

IN THE MATTER OF OBSESSION BAR AND GRILL, INC. AND
JOAN ORTIZ, PETITIONERS-RESPONDENTS,

V

ZONING BOARD OF APPEALS OF CITY OF ROCHESTER AND CITY OF
ROCHESTER, RESPONDENTS-APPELLANTS.

Appellants having moved for leave to appeal to the Court of Appeals from the order of this Court entered June 13, 2014,

Now, upon reading and filing the affidavit of Johanna F. Brennan, Esq., sworn to July 17, 2014, the notice of motion with proof of service thereof, and the affirmation of Michael A. Burger, Esq., dated July 23, 2014, and due deliberation having been had thereon,

**It is hereby ORDERED** that the motion is denied.

**Entered: September 26, 2014**                    FRANCES E. CAFARELL, Clerk

## Supreme Court
**APPELLATE DIVISION**
**Fourth Judicial Department**
**Clerk's Office, Rochester, N.Y.**

    *I,* **FRANCES E. CAFARELL,** *Clerk of the Appellate Division of the Supreme Court in the Fourth Judicial Department, do hereby certify that this is a true copy of the original order, now on file in this office.*



*IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Court at the City of Rochester, New York, this*    SEP 2 6 2014

_____
**Clerk**



# State of New York
## Court of Appeals

*Decided and Entered on the*
*eighteenth day of December, 2014*

**Present,** HON. JONATHAN LIPPMAN, *Chief Judge, presiding.*

Mo. No. 2014-1122
In the Matter of Obsession Bar
and Grill, Inc. et al.,
         Respondents,
     v.
Zoning Board of Appeals of City
of Rochester et al.,
        Appellants.

Appellants having moved for leave to appeal to the Court of Appeals in the above cause;

Upon the papers filed and due deliberation, it is

ORDERED, that the motion is denied with one hundred dollars costs and necessary reproduction disbursements.

Andrew W. Klein
Clerk of the Court



*State of New York*
*Court of Appeals*

*Andrew W. Klein*
*Chief Clerk and*
*Legal Counsel to the Court*

*Clerk's Office*
*20 Eagle Street*
*Albany, New York 12207-1095*

Decided December 18, 2014

Mo. No. 2014-1122

In the Matter of Obsession Bar and Grill, Inc. et al.,

      Respondents,

      v.

Zoning Board of Appeals of City of Rochester et al.,

      Appellants.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.



| | |
|---|---|
| Obsession Sports Bar & Grill, Inc. and Joan Ortiz,<br><br>                              *Plaintiffs,*<br>      vs.<br><br>The City of Rochester, a municipal corporation,<br><br>                              *Defendant.* | **Plaintiffs' Rule 26 Disclosures**<br><br>Case No.: 6:15-cv-06152-CJS |

PLEASE TAKE NOTICE THAT Plaintiffs, Obsessions Sports Bar & Grill, Inc. and Joan Ortiz, ("Plaintiffs"), by and through their attorneys, SANTIAGO BURGER LLP, pursuant to the Rule 26 of the Federal Rules of Civil Procedure, hereby produce their Rule 26 (a) Mandatory Disclosures. Plaintiffs are describing documents and providing information which is presently known or has been discovered in the exercise of reasonable diligence and which Plaintiffs believe in good faith they may use to support their claims or defenses. Plaintiffs reserve the right to supplement these disclosures as additional facts become known during discovery or as may otherwise be required. In providing the below disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs do not concede the materiality, relevance, or admissibility of such information or documents described. Plaintiffs reserve their rights to raise objections on these or other grounds if and when appropriate.

<u>**RULE 26 (A) DISCLOSURES**</u>

1.    **Disclosure of individuals likely to have discoverable information pursuant to Rule 26 (a)(1)(A)(i) of the Federal Rules of Civil Procedure:**

A.    <u>JOAN ORTIZ</u>: 94 McNaughton Street, Rochester, NY 14606, (315) 886-2553. Ms. Ortiz has knowledge related to the legal fees and costs incurred in overturning Rochester Municipal Code (RMC) § 120.34(O), lost profits, lost opportunity, lost goodwill and lost customers sustained by reason of Defendant's enforcement of RMC § 120.34(O) and the allegations contained in the complaint.

Plaintiff reserves the right to supplement this response upon further discovery.

2.    **Disclosure of documents pursuant to Rule 26 (a)(1)(A)(ii) of the Federal Rules of Civil Procedure:**

Documents responsive to the required disclosures under this section are attached as **<u>Exhibit A</u>**. Plaintiffs reserve the right to supplement this response upon further discovery.

3.    **Computation of damages pursuant to Rule 26 (a)(1)(A)(iii) of the Federal Rules of Civil Procedure:**

Plaintiffs claim compensatory damages in the amount of $150,000.00, computed as follows:

(a)    legal fees and costs incurred in overturning Rochester Municipal Code (RMC) § 120.34(O) in the amount of approximately $35,000;

     (b)     lost profits, lost opportunity, lost goodwill and lost customers in an amount no less than $125,000.00; and

Plaintiffs continue to incur attorneys' fees in this lawsuit and are entitled to recover same under 42 USC § 1988. Plaintiffs reserve the right to supplement this response.

## 4. Disclosure of Insurance Agreements pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure:

Plaintiffs are not aware of any such Insurance Agreements.

Date: August 17, 2015
     Rochester, New York

                                       s/Michael A. Burger
                                       Michael A. Burger
                                       SANTIAGO BURGER LLP
                                       *Attorneys for Plaintiffs*
                                       Office and Post Office Address
                                       1250 Pittsford Victor Road
                                       Bldg. 100, Ste. 190
                                       Pittsford, NY 14534
                                       Tel.: (585) 563-2400
                                       mike@litigation-group.com

To:    John M. Campolieto, Esq.
       Sara L. Valencia, Esq.
       BRIAN CURRAN
       INTERIM CORPORATION COUNSEL
       *Attorneys for Defendant*
       30 Church Street
       Room 400-A City Hall
       Rochester, NY 14614
       Tel.: (585) 428-7410
       campolj@cityofrochester.gov
       valencis@cityofrochester.gov



Exhibit A

| | | Gross | Discount | Net | Covers | Gross Covers Avg. | Tickets |
|---|---|---|---|---|---|---|---|
| **January** | | | | | | | |
| Thursday | | | | | | | |
| Dine In #56 | Chicken Burger | $1.00 | $.00 | $1.00 | 3 (id) | | 55635 |
| 14:00 | | $1.00 | $.00 | $1.00 | 1 | $1.00 | 1 |
| All Thursdays | | $1.00 | $.00 | $1.00 | 1 | $1.00 | 1 |
| All of January | | $1.00 | $.00 | $1.00 | 1 | $1.00 | 1 |
| **February** | | | | | | | |
| Sunday | | | | | | | |
| Lisa #37 | Heineken | $4.00 | $.00 | $4.00 | 183 (id) | | 55815 |
| Lisa #38 | Heineken | $4.00 | $.00 | $4.00 | 184 (id) | | 55816 |
| Lisa #39 | Ciroc Coconut | $7.00 | $.00 | $7.00 | 185 (id) | | 55817 |
| Lisa #39 | Jose Cuervo Tequila | $6.00 | $.00 | $6.00 | 185 (id) | | 55817 |
| Lisa #39 | Jose Cuervo Tequila | $6.00 | $.00 | $6.00 | 185 (id) | | 55817 |
| joan #40 | Heineken | $4.00 | $.00 | $4.00 | 186 (id) | | 55818 |
| joan #40 | Remy | $8.00 | $.00 | $8.00 | 186 (id) | | 55818 |
| joan #40 | Remy | $8.00 | $.00 | $8.00 | 186 (id) | | 55818 |
| joan #40 | Remy | $8.00 | $.00 | $8.00 | 186 (id) | | 55818 |
| Lisa #41 | Ciroc | $7.00 | $.00 | $7.00 | 187 (id) | | 55819 |
| Lisa #42 | Ciroc | $7.00 | $.00 | $7.00 | 188 (id) | | 55820 |
| Lisa #43 | Sex on Beach | $7.00 | $.00 | $7.00 | 189 (id) | | 55821 |
| joan #44 | Budweiser | $3.00 | $.00 | $3.00 | 190 (id) | | 55822 |
| joan #45 | Pepper Steak/ Rice (S) | $7.00 | $.00 | $7.00 | 191 (id) | | 55823 |
| joan #46 | Remy | $8.00 | $.00 | $8.00 | 192 (id) | | 55824 |
| joan #46 | Heineken | $4.00 | $.00 | $4.00 | 192 (id) | | 55824 |
| joan #47 | Henny | $7.00 | $.00 | $7.00 | 193 (id) | | 55825 |
| joan #47 | Henny | $7.00 | $.00 | $7.00 | 193 (id) | | 55825 |
| 0:00 | | $112.00 | $.00 | $112.00 | 11 | $10.18 | 11 |
| Lisa #48 | Long Island Iced Tea | $8.00 | $.00 | $8.00 | 194 (id) | | 55826 |
| Lisa #49 | Heineken | $4.00 | $.00 | $4.00 | 195 (id) | | 55827 |
| joan #50 | Remy | $8.00 | $.00 | $8.00 | 196 (id) | | 55828 |
| Lisa #51 | Long Island Iced Tea | $8.00 | $.00 | $8.00 | 197 (id) | | 55829 |
| Lorraine #52 | Budweiser | $3.00 | $.00 | $3.00 | 198 (id) | | 55830 |
| Lisa #53 | Wings (6) | $5.50 | $.00 | $5.50 | 199 (id) | | 55831 |

| | | Gross | Discount | Net | Covers | Gross Covers Avg. | Tickets |
|---|---|---|---|---|---|---|---|
| joan #54 | Jerk Chicken/ Rice (S) | $7.00 | $.00 | $7.00 | 200 (id) | | 55832 |
| Lisa #55 | Budweiser | $3.00 | $.00 | $3.00 | 201 (id) | | 55833 |
| Lisa #55 | Well Vodka | $3.00 | $.00 | $3.00 | 201 (id) | | 55833 |
| joan #56 | Pepper Steak/ Rice (L) | $12.00 | $.00 | $12.00 | 202 (id) | | 55834 |
| joan #57 | Wings (3) | $6.50 | $.00 | $6.50 | 203 (id) | | 55835 |
| Lisa #58 | Heineken | $4.00 | $.00 | $4.00 | 204 (id) | | 55836 |
| Lisa #58 | Moscato | $6.00 | $.00 | $6.00 | 204 (id) | | 55836 |
| Lisa #58 | Moscato | $6.00 | $.00 | $6.00 | 204 (id) | | 55836 |
| joan #59 | Pepper Steak/ Rice (S) | $7.00 | $.00 | $7.00 | 205 (id) | | 55837 |
| joan #59 | Wings (3) | $6.50 | $.00 | $6.50 | 205 (id) | | 55837 |
| joan #60 | Oxtail/ Rice (M) | $10.00 | $.00 | $10.00 | 206 (id) | | 55838 |
| 1:00 | | $107.50 | $.00 | $107.50 | 13 | $8.27 | 13 |
| Lisa #61 | Budweiser | $3.00 | $.00 | $3.00 | 207 (id) | | 55839 |
| Lisa #61 | Well Vodka | $3.00 | $.00 | $3.00 | 207 (id) | | 55839 |
| joan #62 | Jerk Chicken/ Rice (S) | $7.00 | $.00 | $7.00 | 208 (id) | | 55840 |
| 2:00 | | $13.00 | $.00 | $13.00 | 2 | $6.50 | 2 |
| All Sundays | | $232.50 | $.00 | $232.50 | 26 | $8.94 | 26 |
| Tuesday | | | | | | | |
| Dine In #86 | Oxtail/ Rice (L) | $12.00 | $.00 | $12.00 | 33 (id) | | 55665 |
| Dine In #86 | Oxtail/ Rice (L) | $12.00 | $.00 | $12.00 | 33 (id) | | 55665 |
| 19:00 | | $24.00 | $.00 | $24.00 | 1 | $24.00 | 1 |
| Lorraine #65 | Sex on Beach | $7.00 | $.00 | $7.00 | 211 (id) | | 55843 |
| Lorraine #65 | Sex on Beach | $7.00 | $.00 | $7.00 | 211 (id) | | 55843 |
| 20:00 | | $14.00 | $.00 | $14.00 | 1 | $14.00 | 1 |
| Lorraine #66 | Red Stripe | $5.00 | $.00 | $5.00 | 212 (id) | | 55844 |
| Lorraine #67 | Coors Light | $3.00 | $.00 | $3.00 | 213 (id) | | 55845 |
| 22:00 | | $8.00 | $.00 | $8.00 | 2 | $4.00 | 2 |
| Lorraine #87 | Jerk Chicken/ Rice (M) | $10.00 | $.00 | $10.00 | 34 (id) | | 55666 |
| Lorraine #68 | Wings (6) | $5.50 | $.00 | $5.50 | 214 (id) | | 55846 |
| Lorraine #68 | Coors Light | $3.00 | $.00 | $3.00 | 214 (id) | | 55846 |
| Lorraine #69 | Sex on Beach | $7.00 | $.00 | $7.00 | 215 (id) | | 55847 |
| Lorraine #70 | Sex on Beach | $7.00 | $.00 | $7.00 | 216 (id) | | 55848 |
| Lorraine #71 | Coors Light | $3.00 | $.00 | $3.00 | 217 (id) | | 55849 |
| Lorraine #72 | Red Stripe | $5.00 | $.00 | $5.00 | 218 (id) | | 55850 |
| Lorraine #73 | Budweiser | $3.00 | $.00 | $3.00 | 219 (id) | | 55851 |
| Lorraine #73 | Budweiser | $3.00 | $.00 | $3.00 | 219 (id) | | 55851 |
| Lorraine #74 | Red Stripe | $5.00 | $.00 | $5.00 | 220 (id) | | 55852 |

| | | Gross | Discount | Net | Covers | Gross Covers Avg. | Tickets |
|---|---|---|---|---|---|---|---|
| 23:00 | | $51.50 | $.00 | $51.50 | 8 | $6.44 | 8 |
| All Tuesdays | | $97.50 | $.00 | $97.50 | 12 | $8.13 | 12 |
| Wednesday | | | | | | | |
| Lorraine #88 | Heineken | $4.00 | $.00 | $4.00 | 35 (id) | | 55667 |
| Lisa #89 | Ciroc Peach | $7.00 | $.00 | $7.00 | 36 (id) | | 55668 |
| Dine In #90 | Guinness | $5.00 | $.00 | $5.00 | 37 (id) | | 55669 |
| Dine In #90 | Heineken | $4.00 | $.00 | $4.00 | 37 (id) | | 55669 |
| Dine In #91 | Henny | $7.00 | $.00 | $7.00 | 38 (id) | | 55670 |
| Dine In #91 | Sex on Beach | $7.00 | $.00 | $7.00 | 38 (id) | | 55670 |
| Dine In #92 | Henny | $7.00 | $.00 | $7.00 | 39 (id) | | 55671 |
| Dine In #92 | Bacardi Rum Coconut | $6.00 | $.00 | $6.00 | 39 (id) | | 55671 |
| Lorraine #93 | White Rum | $8.00 | $.00 | $8.00 | 40 (id) | | 55672 |
| Dine In #94 | Guinness | $5.00 | $.00 | $5.00 | 41 (id) | | 55673 |
| Dine In #94 | Well Vodka | $3.00 | $.00 | $3.00 | 41 (id) | | 55673 |
| Dine In #94 | Well Vodka | $3.00 | $.00 | $3.00 | 41 (id) | | 55673 |
| Lorraine #95 | Heineken | $4.00 | $.00 | $4.00 | 42 (id) | | 55674 |
| Lorraine #95 | Henny | $7.00 | $.00 | $7.00 | 42 (id) | | 55674 |
| Lisa #96 | Guinness | $5.00 | $.00 | $5.00 | 43 (id) | | 55675 |
| Lorraine #97 | Heineken | $4.00 | $.00 | $4.00 | 44 (id) | | 55676 |
| Lisa #98 | White Wine | $5.00 | $.00 | $5.00 | 45 (id) | | 55677 |
| Lorraine #99 | Red Stripe | $5.00 | $.00 | $5.00 | 46 (id) | | 55678 |
| Lisa #1 | Long Island Iced Tea | $8.00 | $.00 | $8.00 | 47 (id) | | 55679 |
| Lisa #1 | Long Island Iced Tea | $8.00 | $.00 | $8.00 | 47 (id) | | 55679 |
| Lorraine #2 | Ciroc Peach | $7.00 | $.00 | $7.00 | 48 (id) | | 55680 |
| Lorraine #2 | Ciroc Peach | $7.00 | $.00 | $7.00 | 48 (id) | | 55680 |
| Lorraine #2 | Heineken | $4.00 | $.00 | $4.00 | 48 (id) | | 55680 |
| Lorraine #2 | Guinness | $5.00 | $.00 | $5.00 | 48 (id) | | 55680 |
| Lisa #3 | Guinness | $5.00 | $.00 | $5.00 | 49 (id) | | 55681 |
| Lorraine #4 | White Rum | $8.00 | $.00 | $8.00 | 50 (id) | | 55682 |
| Lorraine #4 | White Rum | $8.00 | $.00 | $8.00 | 50 (id) | | 55682 |
| Lorraine #4 | White Rum | $8.00 | $.00 | $8.00 | 50 (id) | | 55682 |
| Lisa #5 | Henny | $7.00 | $.00 | $7.00 | 51 (id) | | 55683 |
| Lisa #5 | Henny | $7.00 | $.00 | $7.00 | 51 (id) | | 55683 |
| Lorraine #6 | Oxtail/ Rice (M) | $10.00 | $.00 | $10.00 | 52 (id) | | 55684 |
| Lorraine #6 | Oxtail/ Rice (M) | $10.00 | $.00 | $10.00 | 52 (id) | | 55684 |
| Lorraine #7 | Heineken | $4.00 | $.00 | $4.00 | 53 (id) | | 55685 |
| Lorraine #75 | Guinness | $5.00 | $.00 | $5.00 | 221 (id) | | 55853 |

## Restaurant Financial Overview

**Obsessions Sportsbar & Grill**

Parameters: 1/30/2014 4:00:00 AM#12/23/2014 4:00:00 AM,(all revenue centers)

Printed: 12/22/2014 4:27:41 PM

### Gross Sales by Revenue Class

| | |
|---|---|
| Food | $7,476.40 |
| Beer | $13,302.00 |
| Wine | $963.00 |
| Liquor | $41,749.00 |
| Beverages | $642.00 |
| **Gross Sale** | **$64,132.40** |
| **Total Gross Sale** | **$64,132.40** |
| **Auto Discounts** | **$.00** |
| **Total Gross Items** | **$64,132.40** |
| **(incl. Auto Discounts)** | |

### Transactions by Tender Type

| Count | Tender Type | Amount |
|---|---|---|
| 6030 | Cash | $60,801.37 |
| 3 | Discover | $38.80 |
| 53 | MasterCard | $909.10 |
| 8 | remove | -$1,045.64 |
| 183 | VISA | $3,022.56 |
| **Total** | | **$63,726.19** |

### Voids by Type

| Count | Void Type | Amount |
|---|---|---|
| 8 | Customer Changed Mind | $70.95 |
| 8 | Kitchen Error | $59.50 |
| 45 | misstake | $447.95 |
| 3 | Server Error | $30.00 |
| 34 | Training | $377.90 |
| **Total** | **98** | **$986.30** |

### Discounts

| | |
|---|---|
| Manual Discounts | |
| **Total Manual** | |
| **Total Discounts** | |

### Net Sales by Day Part

| | |
|---|---|
| Breakfast | $84.00 |
| Lunch | $336.50 |
| Dinner | $3,868.45 |
| Late Night | $59,843.45 — between 12 am - 2 am |
| **Net Sales** | **$64,132.40** |
| **Total Net Sales** | **$64,132.40** |

### Net Sales by Revenue Center

| | | |
|---|---|---|
| Unassigned Revenue | 9556 | $64,132.40 |
| **Total** | **9556** | **$64,132.40** |

### Cash Deposit

| | |
|---|---|
| + Cash In | $10,707.00 |
| - Cash Out | -$5,311.86 |
| + Cash Received | $60,801.37 |
| - Tips | $40.00 |
| - Change Given | $.00 |
| + Tip Reduction | $.00 |
| + Cash Over | $.00 |
| = **Cash Deposit** | **$66,156.51** |
| + Checks | $.00 |
| = **Total Deposit** | **$66,156.51** |

### Net Income by Revenue Class

| | |
|---|---|
| Food | $7,476.40 |
| Beer | $13,302.00 |
| Wine | $963.00 |
| Liquor | $41,749.00 |
| Beverages | $642.00 |
| **Sales Income** | **$64,132.40** |
| **Total Net Income** | **$64,132.40** |

### Taxes

| | |
|---|---|
| Sales Tax | $599.43 |
| **Total Tax** | **$599.43** |

| | |
|---|---|
| **Net + Taxes** | **$64,731.83** |

### Tips

| | |
|---|---|
| auto gratuities | $.00 |
| tips | $40.00 |
| **Total Tips** | **$40.00** |
| **Total Receipts** | **$64,771.83** |

| Captured Tips % Net: | $.06 | Head Count: | 6253 | Net per Head: | $10.26 | Open Tickets: | 5 |
| Captured Tips % Gross: | $.06 | Closed Tickets: | 6251 | Gross per Head: | $10.26 | Open Total: | $85.00 |
| Gross per Ticket: | $10.26 | Net per Ticket: | $10.26 | Labor %: | 84.33 | | |

Actual Cash Deposit

_____

Cash Over/Short

_____

Prepared By

_____

Approved By

_____

## Restaurant Financial Overview

**Obsessions Sportsbar & Grill**

Parameters: 1/30/2014 4:00:00 AM#12/23/2014 4:00:00 AM,(all revenue centers)

Printed: 12/22/2014 4:27:41 PM

### Gross Sales by Revenue Class

| | |
|---|---|
| Food | $7,476.40 |
| Beer | $13,302.00 |
| Wine | $963.00 |
| Liquor | $41,749.00 |
| Beverages | $642.00 |
| **Gross Sale** | **$64,132.40** |
| **Total Gross Sale** | **$64,132.40** |
| **Auto Discounts** | **$.00** |
| **Total Gross Items** | **$64,132.40** |
| (incl. Auto Discounts) | |

### Transactions by Tender Type

| Count | Tender Type | Amount |
|---|---|---|
| 6030 | Cash | $60,801.37 |
| 3 | Discover | $38.80 |
| 53 | MasterCard | $909.10 |
| 8 | remove | -$1,045.64 |
| 183 | VISA | $3,022.56 |
| **Total** | | **$63,726.19** |

### Voids by Type

| Count | Void Type | Amount |
|---|---|---|
| 8 | Customer Changed Mind | $70.95 |
| 8 | Kitchen Error | $59.50 |
| 45 | misstake | $447.95 |
| 3 | Server Error | $30.00 |
| 34 | Training | $377.90 |
| **Total** | **98** | **$986.30** |

### Discounts

| | |
|---|---|
| Manual Discounts | |
| **Total Manual** | |
| **Total Discounts** | |

### Net Sales by Day Part

| | |
|---|---|
| Breakfast | $84.00 |
| Lunch | $336.50 |
| Dinner | $3,868.45 |
| Late Night | $59,843.45 — between 12 am - 2 am |
| **Net Sales** | **$64,132.40** |
| **Total Net Sales** | **$64,132.40** |

### Net Sales by Revenue Center

| | | |
|---|---|---|
| Unassigned Revenue | 9556 | $64,132.40 |
| **Total** | **9556** | **$64,132.40** |

### Cash Deposit

| | |
|---|---|
| + Cash In | $10,707.00 |
| - Cash Out | -$5,311.86 |
| + Cash Received | $60,801.37 |
| - Tips | $40.00 |
| - Change Given | $.00 |
| + Tip Reduction | $.00 |
| + Cash Over | $.00 |
| = **Cash Deposit** | **$66,156.51** |
| + Checks | $.00 |
| = **Total Deposit** | **$66,156.51** |

### Net Income by Revenue Class

| | |
|---|---|
| Food | $7,476.40 |
| Beer | $13,302.00 |
| Wine | $963.00 |
| Liquor | $41,749.00 |
| Beverages | $642.00 |
| **Sales Income** | **$64,132.40** |
| **Total Net Income** | **$64,132.40** |

### Taxes

| | |
|---|---|
| Sales Tax | $599.43 |
| **Total Tax** | **$599.43** |

| | |
|---|---|
| **Net + Taxes** | **$64,731.83** |

### Tips

| | |
|---|---|
| auto gratuities | $.00 |
| tips | $40.00 |
| **Total Tips** | **$40.00** |
| **Total Receipts** | **$64,771.83** |

November 9, 2012

Ms. Joan C. Ortiz
Obsession Sports Bar & Grill, Inc.
564 Chili Avenue
Rochester, NY 14611

Re:   CPLR article 78 Petition in New York State Supreme Court, Monroe County
      challenging the City of Rochester's ZBA ruling that City law requires bar to
      close earlier than permitted by the New York State Alcohol Beverage Control
      Law.

Dear Ms. Ortiz:

Welcome to the law firm of SANTIAGO BURGER ANNECHINO LLP. It is important that we understand and agree upon your goals, the services we will render, and the costs you should expect to incur in connection with our services. Please read this Letter of Engagement because it will serve as our binding legal agreement. Also enclosed you will find the statement of your rights and responsibilities as a client.

We agree to assist you with the above-referenced matter and you agree to the terms contained in this letter. The hourly attorney rate shall be $350; the hourly paralegal rate shall be $150. Client agrees that these rates are fair and reasonable for the work contemplated and considering the contingent nature of the payment terms: the Firm agrees to require payment of fees only if Client prevails. In addition to any hourly fees, the Client agrees to pay the Firm twenty percent (20%) of any gross compensatory recovery.

Legal Services

The scope of legal services to be provided to the Client is listed in the "Re:" section at the top of this Letter of Engagement. The legal services to be provided may include, as applicable, time spent on legal research, document reviewing and drafting, correspondence, depositions, court appearances, conferences, telephone

calls, billing or timesheet diary entries, negotiations and other services related to matters about which the Firm has been retained. Services will be provided by the Firm as it deems necessary. The attorney with whom the Client primarily works may assign parts of the Client's work to other professionals or personnel in the Firm who work with the attorney or under the attorney's supervision.

Because of the nature of the matters for which this Firm has been retained and because of the possibility of the occurrence of unpredictable or unforeseen circumstances, the Client recognizes that the Firm has not, cannot and will not guarantee a particular result and that the Firm has not made any representation, express or implied, of the outcome of the case. Unless specifically stated in writing or required by law, this Letter of Engagement does not include charges for, or obligate the Firm to: (1) appeal any matter on behalf of the Client; (2) handle any related or collateral matter; or (3) enforce or defend any court order, judgment or decree for or against the Client.

<u>Retainer</u>

The retainer listed above is a "lump-sum" of money received by the Firm in advance of the time that services are rendered. No interest is paid to the Client on the retainer. The Firm may not send bills that have credit balances unless requested by the Client. In connection with our representation, we request a replenishing retainer of the amount indicated above. Each month's invoice may request that sufficient funds be paid so that the monthly services are paid and that an additional sum is paid so that there is always a credit on the account in the amount set forth in the second paragraph of this Letter of Engagement. At the end of the representation, we shall return the remaining balance to you. An additional retainer is also required if the Firm is retained to handle a new legal matter or if the pace of work requested or required is such that the initial retainer is insufficient to cover the actual or anticipated legal expenses. Any money that the Firm holds on the Client's behalf, whether or not in the Firm's escrow account, may be used by the Firm, without further written consent by the client, to pay any charges that the Client owes the Firm, including fees for professional services and disbursements. Any time already expended on this matter before today may be charged against this retainer.

<u>Attorney and Paralegal Hourly Rates</u>

We bill by the hour or portion thereof. The firm breaks each hour into tenths except that the minimum charge for each billing entry on a file, and for each telephone call, email, etc., is .2 hours. This accounts for time to review and annotate files and otherwise act upon such telephone call, etc. We make a general adjustment of our rates, increasing such rates by approximately five percent (5%),

effective the first of each year. Work performed prior to the effective date of the change will be billed at the old rate even though not billed until after the effective date of the change.

If your case has been accepted on a Contingent Fee basis, the hourly rate will only apply in the event the Firm is terminated or resigns before a recovery is made and then only in the event of an ultimate recovery. This is called a "charging lien" and you agree that the Firm shall be entitled to a charging lien based upon, at the Firm's election, its hourly rates or a percentage of the ultimate recovery based upon the fair value of the services provided by the firm compared to all the legal work necessarily performed on your case.

## Disbursements

The Client agrees to pay all disbursements and other charges described herein and to advance funds to the Firm for disbursements when asked. Typical disbursements include investigative or expert services, court costs, postage, official stenographic services and copying or scanning charges (for large jobs). Outsourced jobs are charged at the vendor's invoice price.

## Termination of Representation

The Client may terminate the services of the Firm at any time by giving written notice to the attorney responsible for the Client's work. The Client agrees to be charged for and pay for the professional services rendered and disbursements incurred in order to withdraw from any proceeding pending at the time of the termination. The Firm can terminate its representation of the Client at any time, as permitted by law, the Court or the NYS Rules of Professional Conduct, and will do so (1) if the Firm determines that it is ethically required to do so; (2) if a conflict of interest develops; (3) if irreconcilable differences develop in the Firm's relationship with the Client; (4) upon receipt of a morally repugnant Client request; (5) if the Client has not timely paid any retainer, additional retainer, legal fee installment payment, or legal fees or disbursements incurred; (6) if the Client is unable to fulfill any of the Client's obligations as set forth in this Letter of Engagement, (7) if the Client fails to fully cooperate with the Firm in any matter upon which the Firm is working for the Client; or (8) if the Client fails to provide all information relevant to any matter upon which the Firm is working for the Client. The Firm may otherwise terminate its representation of Client, upon reasonable notice of when such termination shall be effective. In the event that we have devoted no time to this matter for any three consecutive months, then we shall assume that the engagement has terminated as of the last date on which we performed services related thereto.

## File Retention Policy

The Firm retains its files for seven (7) years from the matter's conclusion unless returned to the Client or the Client's designated agent, after which time such files are confidentially destroyed. It is the Client's responsibility for obtaining any necessary original or paper document from the Firm prior to the expiration of the retention period, after which time the Firm may, in its sole discretion, destroy all such documents.

## Billing

Bills for services and unpaid disbursements are sent to the Client. The terms are "due upon receipt". If a Firm's bill is not paid when due, the Firm may charge an "Overdue Bill" service charge on the unpaid balance from the date of the original statement to the date of payment, at the rate of up to 1.5% per month. A returned check may result in a fee of up to $75 per check. We will never charge you for time spent discussing your bill. You must inform the attorney working on your legal matters immediately upon receipt of a bill if there is any disputed charge. The Firm will assume and rely upon the fact that there is no fee dispute if the Firm is not informed of a fee dispute within ten (10) days of your receipt of a bill. At any time that the Client requests, the Firm will provide the Client with information concerning fee dispute procedures such as mediation or arbitration.

## Settlement or Recovery Check

The Client authorizes the Firm to require that any settlement or recovery check be made payable to the Firm, as attorney, and hereby agrees to allow the Firm to cash the same and make payment to the Client of Client's portion of the recovery and make payment to the Firm of the Firm's portion of the recovery.

## Entire Agreement

This Letter of Engagement constitutes the entire agreement between the Client and the Firm and supersedes and cancels all such prior understandings between the Client and the Firm, if any. All modifications must be in writing, signed by the Firm. The terms of this Letter of Engagement will automatically apply to the matters set forth herein and all future services for which the Client employs this Firm, unless the Firm agrees in writing to alter this Letter of Engagement. If any provision of this Letter of Engagement or the application of any such provision to any person or circumstances is held invalid, the remainder will not be invalidated or affected thereby.

Required IRS Circular 230 Disclosure

To ensure compliance with Treasury Department regulations, we advise you that, unless the Firm otherwise expressly indicates in writing, any federal tax advice rendered by this Firm is not intended or given to be used, and may not be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matters. The Client agrees that this Disclosure applies to every document including, without limitation, attachments and enclosures, provided by the Firm even if such document does not explicitly contain or repeat this Disclosure. If you would like advice on one or more Federal tax issues upon which you may rely for the above purposes please discuss this with us.

Thank you for your trust and confidence. We look forward to serving you.

Very truly yours,

SANTIAGO BURGER ANNECHINO LLP

*Michael A. Burger*

Michael A. Burger

I have read and agree to the above this 9th day of November, 2012.

Joan C. Ortiz, Individually and for
OBSESSION SPORTS BAR & GRILL, INC.



# *Statement of Client's Rights*
## *(As adopted by the Administrative Board of the Courts)*

1.  *You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.*

2.  *You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).*

3.  *You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.*

4.  *You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.*

5.  *You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.*

6.  *You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.*

7.  *You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some matters).*

8.  *You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.*

9.  *You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.*

10. *You may not be refused representation on the basis of race, creed, color, age, religion, sex, sexual orientation, national origin or disability.*

**NEW YORK STATE BAR ASSOCIATION**



# Statement of Client's Responsibilities

*Reciprocal trust, courtesy and respect are the hallmarks of the attorney-client relationship. Within that relationship, the client looks to the attorney for expertise, education, sound judgment, protection, advocacy and representation. These expectations can be achieved only if the client fulfills the following responsibilities:*

1. *The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.*

2. *The client's relationship with the lawyer must be one of complete candor and the lawyer must be apprised of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.*

3. *The client must honor the fee arrangement as agreed to with the lawyer, in accordance with law.*

4. *All bills for services rendered which are tendered to the client pursuant to the agreed upon fee arrangement should be paid promptly.*

5. *The client may withdraw from the attorney-client relationship, subject to financial commitments under the agreed to fee arrangement, and, in certain circumstances, subject to court approval.*

6. *Although the client should expect that his or her correspondence, telephone calls and other communications will be answered within a reasonable time frame, the client should recognize that the lawyer has other clients equally demanding of the lawyer's time and attention.*

7. *The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number or address and respond promptly to a request by the lawyer for information and cooperation.*

8. *The client must realize that the lawyer need respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions which are unprofessional or contrary to law or the Lawyer's Code of Professional responsibility.*

9. *The lawyer may be unable to accept a case if the lawyer has previous professional commitments which will result in inadequate time being available for the proper representation of a new client.*

10. *A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or that a suitable working relationship with the client is not likely.*

NEW YORK STATE BAR ASSOCIATION

# Santiago Burger LLP
## Description of Services Rendered
### *Obsession Bar Grill Ortiz v. City of Rochester, Monroe County Index No.: 2012-12802*

| Date | Atty | Notes | Time |
|------|------|-------|------|
| 11/09/2012 | MAB | Confer with Joan; document review; legal analysis. | 4.40 |
| 11/14/2012 | MAB | Document review.  Legal analysis and strategy ███████ ████ | 3.00 |
| 11/19/2012 | MAB | Work re article 78 ██████████████ | 4.00 |
| 11/20/2012 | MAB | Work re petition; correspond with JO.  Correspond with County Leg.  Legal analysis.  Instructions to DNP.  Confer with Joan. | 4.50 |
| 11/26/2012 | MAB | Work re MOL.  TC with Court re return date; instructions to DNP. | 5.50 |
| 11/27/2012 | MAB | Work re MOL; instructions to DNP. | 0.80 |
| 11/28/2012 | MAB | Work re MOL. | 0.20 |
| 01/10/2013 | MAB | Work re reply papers; visiting competitiors; confer with Joan. Legal analysis. | 2.00 |
| 01/11/2013 | MAB | Review City's papers.  Work re reply. | 2.50 |
| 01/12/2013 | MAB | Legal analysis.  Work re reply papers. | 3.50 |
| 01/14/2013 | MAB | Work re reply MOL. | 3.50 |
| 01/17/2013 | MAB | Prepare for and deliver oral argument.  Legal analysis. | 3.50 |
| 01/18/2013 | MAB | Work re post argument submission. | 1.80 |
| 01/21/2013 | MAB | Legal analysis; revise post-submission letter to Justice Ark. | 1.00 |
| 01/23/2013 | MAB | Review SLA correspondence/resolution.  Legal analysis. Correspondence. | 0.50 |
| 01/28/2013 | MAB | Correspondence with Court and City. | 3.00 |
| 02/18/2013 | DNP | Prepare and serve Notice of Entry of Decision, Order and Judgment. | 0.40 |
| 02/21/2013 | MAB | Correspond with Court regarding amended decision. | 0.40 |
| 02/22/2013 | MAB | Review of decision; Correspond with Court re amending decision. Receipt and review of notice of appeal.  Correspond with City. | 1.00 |
| 02/28/2013 | DNP | Prepare and serve Notice of Entry of Amended Decision, Order and Judgment. | 0.30 |
| 11/08/2013 | MAB | Correspondence re record on appeal.  Review TOC. | 0.30 |
| 11/27/2013 | MAB | Work re record on appeal. | 0.20 |
| 12/02/2013 | DNP | Review proposed record on appeal; email to MAB. | 0.90 |
| 12/03/2013 | DNP | Telephone call and email to opposing counsel regarding record on appeal. | 0.50 |
| 12/03/2013 | MAB | Work re record on appeal. | 0.20 |
| 12/06/2013 | MAB | Initial review of brief. | 0.70 |
| 12/12/2013 | MAB | Conference with Joan.  TC with City law (Sara); correspondence/memorandum of law.  Visit client at biz for evening conference. | 3.00 |
| 12/13/2013 | MAB | Correspond with City. | 0.20 |
| 12/18/2013 | MAB | Correspond with Sara V. | 0.40 |
| 12/27/2013 | MAB | Work re BIO. | 3.00 |
| 12/30/2013 | MAB | Work re extension of time to file BIO. | 0.30 |

| Date | Atty | Notes | Time |
|---|---|---|---|
| 12/31/2013 | DNP | Prepare motion for extension to fille respondents brief. | 0.80 |
| 01/06/2014 | MAB | Work re appeal BIO. | 5.50 |
| 01/07/2014 | MAB | Work re appellate brief. TC with Joan. | 0.80 |
| 01/13/2014 | MAB | Final readthrough and edits to reply brief. | 1.30 |
| 01/14/2014 | MAB | Legal analysis; work re response brief. | 1.00 |
| 01/20/2014 | MAB | Work re final draft of response brief. | 0.60 |
| 01/21/2014 | DNP | Work on reply brief. | 0.50 |
| 01/26/2014 | DNP | Work on reply brief. | 0.80 |
| 02/20/2014 | MAB | Review reply brief. | 1.00 |
| 04/08/2014 | MAB | Work re motion to expand record. | 0.50 |
| 04/17/2014 | MAB | Work re motion to expand record. | 0.30 |
| 04/18/2014 | MAB | Correspondence with City.  Legal analysis. | 2.00 |
| 04/22/2014 | DNP | Work on motion to supplement record on appeal. | 0.50 |
| 04/23/2014 | DNP | Continue work on motion to supplement record on appeal; conference with DJA; email to MAB. (cumulative time). | 2.50 |
| 04/23/2014 | DJA | Conference with DNP; legal research with re: expansion of record on appeal; motion to file sur-reply to include MOL | 1.20 |
| 04/25/2014 | MAB | Work re motion to expand record. | 1.30 |
| 04/28/2014 | DNP | Email correspondence with MAB; work on amended affirmation; letter to Court; affidavit of service. | 1.00 |
| 05/01/2014 | DNP | Prepare Notice of Claim against City of Rochester. | 1.00 |
| 05/02/2014 | MAB | Instructions to DNP. | 0.10 |
| 05/02/2014 | MAB | Review motion response. Legal analysis. | 0.80 |
| 05/28/2014 | MAB | Prepare for oral argument. | 3.50 |
| 05/29/2014 | MAB | Prepare for oral argument. | 1.50 |
| 05/30/2014 | MAB | Prepare for and attend oral argument.  Legal analysis.  TC to client. | 6.00 |
| 06/16/2014 | DNP | Notice of Entry of AD Order; correspondence; affidavit of service. | 0.50 |
| 06/16/2014 | MAB | Review court decision.  Notice of entry.  Legal analysis. | 0.40 |
| 06/26/2014 | DNP | Prepare bill of costs and judgment. | 0.60 |
| 06/26/2014 | MAB | Work re judgment. | 0.30 |
| 07/20/2014 | MAB | Motion practice re appeal. | 2.00 |
| 07/21/2014 | MAB | Response papers. | 3.00 |
| 07/23/2014 | DNP | File and serve opposition to City's motion for leave to appeal; affidavit of service; correspondence. | 0.60 |
| 07/24/2014 | MAB | Correspondence with Joan and City news. | 0.40 |
| 07/25/2014 | DNP | Correspondence with client. | 0.20 |
| 09/29/2014 | MAB | Review decision.  Instructions to staff; correspondence. | 0.30 |
| 10/30/2014 | MAB | Initial review of CANY motion. | 0.50 |
| 11/03/2014 | MAB | CANY motion response. | 1.40 |
| 11/07/2014 | MAB | CANY leave motion response. | 0.20 |
| 11/10/2014 | MAB | Work re CANY disclosure statement filing. | 0.30 |
| 11/11/2014 | DNP | Telephone call and email message to client. | 0.20 |

| Date | Atty | Notes | Time |
|------|------|-------|------|
| 11/12/2014 | MAB | CANY disclosure statement.  Correspondence.  Cumulative time. | 0.50 |
| 12/16/2014 | MAB | Monitor CANY decisions. | 0.10 |
| 12/22/2014 | MAB | Review of CANY order; instructions to DNP.  Correspondence. | 0.40 |
| 12/29/2014 | DNP | Letter to S. Valencia regarding CANY decision, costs and disbursements and judgment. | 0.60 |
| 07/28/2015 | DNP | Prepare satisfaction of judgment; letter to Clerk. | 0.50 |
| | | **Total MAB Hours** | **89.40** |
| | | **Total DJA Hours** | **1.20** |
| | | **Total DNP Hours** | **12.40** |

| Date | Atty | Notes | Time |
|------|------|-------|------|
| | | | |

| Date | | Itemized Disbursements | Amount |
|------|------|------------------------|--------|
| 11/20/2012 | | Index Number Application - Obsession Bar & Grill v. ZBA | $210.00 |
| 11/20/2012 | | RJI - Obsession Bar & Grill v. ZBA | $95.00 |
| 11/30/2012 | | Delivery charges - filing of petition 11/21/2012 | $23.30 |
| 11/30/2012 | | Delivery charges - service of Petition, filing of papers with Court 11/28/2012 | $25.38 |
| 1/18/2013 | | Parking 1/17/2013 - Oral Argument | $5.00 |
| 1/31/2013 | | Courier Charges 1/15/2013 - File reply MOL | $25.38 |
| 1/31/2013 | | Courier Charges 1/28/2013 - Filing / service of post argument correspondence | $16.92 |
| 1/31/2013 | | Courier Charges 1/29/2013 - Filing / service of response to post argument correspondence | $16.92 |
| 2/28/2013 | | Delivery Charges 2/20/2013 - Filing and service of letter to court. | $25.38 |
| 1/2/2014 | | Obsession Bar & Grill v. ZBA, CA 13-02124 - Motion for Extension to File Respondent's Brief | $45.00 |
| 1/31/2014 | | Appellate copying/printing services | $239.22 |
| 1/31/2014 | | Courier Charges 1/2/2014 | $26.64 |
| 4/25/2014 | | Obsession Bar & Grill v. ZBA, CA 13-02124 - Motion to Supplement Record on Appeal | $45.00 |
| 4/30/2014 | | Courier charges 4/25/2014 | $26.64 |
| 4/30/2014 | | Courier charges 4/28/2014 | $26.64 |
| 6/26/2014 | | Filing Fee, Judgment - Obsessions v. ZBA, Index No.: 12802-12 | $45.00 |
| 6/26/2015 | | Fee, Certified Copy of Judgment - Obsessions v. ZBA, Index No.: 12802-12 | $5.00 |
| 6/30/2014 | | Courier Charges 06/16/2014 | $32.50 |
| 6/30/2014 | | Courier Charges 06/26/2014 | $25.76 |
| 7/31/2014 | | Courier Charges 7/23/2014 | $26.64 |
| 11/7/2014 | | Avalon Document Services 11/7/2014 -- Cover and Bindings for Affirmation in Opposition to Motion for Leave | $71.28 |
| 11/7/2014 | | Federal Express Delivery to Court of Appeals 11/07/2014 | $26.99 |
| 11/12/2014 | | Federal Express Delivery Charge 11/12/2014 - Disclosure Statement to City of Rochester | $16.74 |
| 11/12/2014 | | Federal Express Shipping Charge 11/12/2014 - Disclosure Statement to Court of Appeals | $20.00 |
| 11/30/2014 | | Delivery Charges 11/7/2014 | $8.88 |
| | | **Total Disbursements** | **$1,131.21** |