UNITED STATES DISTRIBUTED COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

OBSESSION SPORTS BAR & GRILL, INC. and
JOAN ORTIZ,

Plaintiffs,

v.

THE CITY OF ROCHESTER,

Defendant

Local Rule 56 Statement of

Material Facts

6:15-cv-06152-CJS

---

**Defendant's Local Rule 56 Statement of Material Facts**

1. Plaintiffs are the owners of a mixed-use building (564-568 Chili Avenue) located in a C-1 Neighborhood Center District.

2. The C-1 district is the most restrictive commercial district established in the City of Rochester's Zoning Code (" Code") and only permits "small-scale commercial uses offering primarily convenience shopping and services for adjacent residential areas."  See City of Rochester Code §120-33.

3. Plaintiffs operate a bar/restaurant located on the ground floor of its mixed-use building known as the Obsessions Bar and Grill ("Obsessions").

4. In 2010, Plaintiff Ortiz applied for a variance to reestablish a bar/restaurant and requested permission to operate until 2:00 a.m.  At this time, the City's Zoning Code only allowed bars/restaurants as a special permit use.   As special permit

uses, bars and restaurants were only allowed to operate until 11:00 p.m.  Plaintiff Ortiz's application for variance to establish a bar/restaurant with live entertainment was granted (Variance no. V-010-10-1, dated September 16, 2010), with the condition that the facility operate until 12:00 a.m., seven days a week.  See ZBA Staff Report dated September 14, 2012 attached as <u>Exhibit A</u> to Campolieto Affirmation.

5. In September 2012, Plaintiff applied for a use variance to operate Obsessions until 2:00 a.m. seven days a week.  See Variance Application attached as <u>Exhibit B</u> to Campolieto Affirmation.

6. On October 18, 2012, the Zoning Board of Appeals ("ZBA") held a public hearing regarding the aforementioned use variance application.  Testimony adduced at the hearing and a letter from the 19th Ward Community Association established that extension of operating hours until 2:00 a.m. would cause significant noise and loitering disturbances which would adversely impact residents' ability to have quiet enjoyment of their homes.  See Transcript of ZBA Public Hearing held on October 18, 2012 attached as <u>Exhibit C</u> to Campolieto Affirmation.

7. By decision dated October 22, 2012, the ZBA granted a variance giving the applicant lesser relief, allowing the bar/restaurant to remain open until 2:00 a.m. on Fridays and Saturdays but continuing the previously approved closing hours of 12:00 a.m. from Monday through Thursday.  See Variance Decision attached as <u>Exhibit D</u> to Campolieto Affirmation.

8. Effective November 1, 2012, the Zoning Code was amended and bars and restaurants operating between the hours of 6:00 a.m. and 11:00 p.m. were permitted as of right in the C-1 District.  Like the former Zoning Code provision, operation of a bar/restaurant after 11:00 p.m. was prohibited, use variance was required for operations after 11:00 p.m.  See Amendments to Section 120-134 of the Rochester Zoning Code attached as <u>Exhibit E</u> to Campolieto Affirmation.

9. Petitioner commenced an Article 78 proceeding seeking to reverse and annul the ZBA's decision and to have § 120-134(O) declared preempted by the ABC Law and thus unconstitutional.

10. By an Amended Decision, Judgment and Order dated February 25, 2013, the Hon. John J. Ark held that: "it is the Decision of the Court that the October 22, 2012 decision of the ZBA, limiting Obsession's weekday closing hours to 12:00 a.m., being in derogation of the ABC Law, is null and void."   The Hon. John J. Ark further held that "RMC § 120-34 (O), which mandates closing hours earlier than those provided by the ABC Law, is null and void insofar as it attempts to regulate alcohol sales and consumption, which authority is exclusive to the ABC Law and, by extension, the County of Monroe, acting pursuant to its grant of authority."

11. At no time, including October 22, 2012 to February 25, 2013, did the City cite or ticket Plaintiffs for a violation of § 120-134(O) of the Zoning Code.  Nor did the City take legal action to enjoin Plaintiffs from operating their establishment.

12. Supreme Court Justice Ark's decision was upheld by the Appellate Division, Fourth Department, in a decision rendered on June 13, 2014.  The Court of Appeals denied leave to appeal the Fourth Department's decision.

13. On or about March 27, 2015, Plaintiffs commenced the instant action.

DATED: May 20, 2016                    BRIAN F. CURRAN, CORPORATION COUNSEL

                                                        S/John M. Campolieto
BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
*Attorneys for Defendants and City of Rochester*
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To:   Michael A. Burger, Esq.,
      *Attorney for Plaintiffs*
      1250 Pittsford Victor Road
      Building 100, Suite 190
      Pittsford, New York 14534
      Telephone No. (585) 563-2400
      mike@litgrp.com