UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ, | AFFIRMATION IN SUPPORT OF DEFENDANT'S FOR DEFENDANT'S MOTION TO DISMISS 6:15-cv-06152-CJS |
| Plaintiffs, | |
| v. | |
| THE CITY OF ROCHESTER, | |
| Defendant | |

**JOHN M. CAMPOLIETO, Esq.**, being duly sworn, deposes and says:

1. I am an attorney with the City of Rochester Corporation Counsel's Office, attorneys for Defendants. I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2. In this action I represent Defendant City of Rochester.

3. I submit this Affirmation in support of the Defendant's F.R.C.P. Rule 12(b)(6) Motion to Dismiss. The information set forth in this Affirmation is based upon my personal knowledge, a review of the proceedings in this action, and a review of relevant case law.

4. The City of Rochester reserve all rights to assert immunity and all other defenses asserted in its Answer, if necessary, in any further pleadings, dispositive motions or trial, if any part of this motion is denied.

5. The Plaintiff has set forth one cause of action against the Defendants.

- Fourteenth Amendment Due Process violations.

6. The standard for addressing a Rule 12(b)(6) motion to dismiss for failure to state a claim is clear and unambiguous "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).

7. The Defendant seeks dismissal of the Complaint which is appropriate here because there is complaint is legally insufficient and does not state a claim which is based on a legal theory which is cognizable as a matter of law. *Cusamano v Sobek*, 604 F Supp 2d 416, 478 [NDNY 2008].

8. "[Courts] examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . . ; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). With regard to the first question, in 1995, the Supreme Court held in *Sandin v. Conner* that liberty interests protected by the Fourteenth Amendment's Due Process Clause will not arise from the use of mandatory language of a particular state law or regulation, but "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). *Cusamano v Sobek*, 604 F Supp 2d 416, 478 [NDNY 2008].

9. Defendants submit the following Exhibits which are incorporated throughout the Complaint, and for which the Court should take judicial notice, for the purpose of illustrating their arguments to the Court:

   A. Exhibit A, ZBA Staff Report dated September 14, 2012.

   B. Exhibit B, Plaintiffs' Variance Application, dated September 14, 2012.

   C. Exhibit C, Transcript of ZBA Public Hearing held on October 18, 2012.

   D. Exhibit D, ZBA Variance Decision, dated October 22, 2012.

   E. Exhibit E, City Ordinance Approving Zoning Amendment to Section 120-134.

10. For purposes of this motion only, the allegations contained in Plaintiff's Complaint are accepted as true.

11. Even accepting such allegations as true, Plaintiff's Complaint fails to state a cause of action. The Plaintiffs claim that the doctrine of preemption under New York State law creates a constitutional right to the Plaintiff and Plaintiff seeks redress of that under 42 USC §1983—this is not a sufficient cause of action to withstand this motion to dismiss. See Defendants' Memorandum of Law submitted herewith.

12. The ultimate conclusion from the Plaintiffs' Complaint would be that any mistake, contrary administrative decision or dismissed ticket which had been made by a municipality or any governmental entity would be that it would be a violation of 42 USC 1983 and a plaintiff's constitutional rights.

13. For the foregoing reasons, the Plaintiffs' Complaint should be dismissed in its entirety with further relief granted by the Court.

DATED: May 31, 2016

BRIAN F. CURRAN, CORPORATION COUNSEL

    S/John M. Campolieto
BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
*Attorneys for Defendants and City of Rochester*
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410

To: Michael A. Burger, Esq.,
*Attorney for Plaintiffs*
1250 Pittsford Victor Road
Building 100, Suite 190
Pittsford, New York 14534
Telephone No. (585) 563-2400
mike@litgrp.com