UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ | MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'MOTION FOR SUMMARY JUDGMENT 6:15-cv-06152-CJS |
| Plaintiffs, | |
| v. | |
| THE CITY OF ROCHESTER, | |
| Defendant | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Defendant: City of Rochester, files the following Memorandum of Law in support of its opposition to Plaintiffs' F.R.C.P. Rule 56 Motion for Summary Judgment. For the reasons set forth below, along with the City of Rochester's Attorney Affirmation with Exhibits and the City's Counter Statement of Facts, the Plaintiffs' Rule 56 Motion should be dismissed in its entirety.

### SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Jennejahn v. Vill. of Avon*, 575 F. Supp. 2d 473, 477 (W.D.N.Y. 2008) (quoting Fed. R. Civ. P. 56(c)). In deciding whether to grant summary judgment the Court must decide whether there are any disputed material facts and must

resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991); *Jennejahn*, 575 F. Supp. at 477.

A genuine issue regarding a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. *See also Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991); *Jennejahn*, 575 F. Supp. at 477. "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the nonmoving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of 'metaphysical doubt' concerning the facts." *Jennejahn*, 575 F. Supp. at 477 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Bryant*, 923 F.2d at 982).

**STATEMENT OF FACTS**

Plaintiffs are the owners of a building located at 564-568 Chili Avenue and the operators of a bar/restaurant located on the ground floor of that property, the Obsessions Bar and Grill ("Obsessions"). The property is located in a C-1 Neighborhood Center District. The C-1 district is the most restrictive commercial district in the City of Rochester established in the Rochester city Code and only permits "small-scale commercial uses offering primarily convenience shopping and services for adjacent residential areas." Rochester City Code §120-33. Permitted commercial uses in the C-1 district, such as offices and retail stores, are allowed with hours of operations from 6:00 a.m. to 11:00 p.m. See Rochester City Code §120-33.

In 2010, Plaintiffs applied for a variance to reestablish a bar/restaurant and requested permission to operate until 2:00 a.m.  A variance to establish a bar/restaurant with live entertainment was granted (Variance No. V-010-10-1, dated September 16, 2010), with the condition that the facility operate until 12:00 a.m., seven days a week. See Zoning Variance attached as Exhibit A to Campolieto Affirmation. See ZBA Staff Report dated September 14, 2012 attached as <u>Exhibit A</u> to Campolieto Affirmation.

In September 2012 Plaintiffs applied for a use variance to operate Obsessions until 2:00 a.m., Monday through Saturday--six days a week.  *See Use Variance Application attached as <u>Exhibit B</u> to Campolieto Affirmation.*  At the time of the Plaintiffs' application, the Code did not permit bars and restaurants as of right in the C-1 District. These uses were only permitted by special permit.  As special permit uses, bars and restaurants were only allowed to operate until 11:00 p.m.   Effective November 1, 2012, the Code was amended and bars and restaurants operating between the hours of 6:00 a.m. and 11:00 p.m. are now permitted as of right in the C-1 District.  *See copy of Zoning Code Amendment attached as <u>Exhibit E</u> to Campolieto Affirmation.*  Operation of a bar/restaurant after 11:00 p.m. was prohibited under both Code provisions, and a use variance was required for operations after 11:00 p.m.  Pursuant to Plaintiffs successful Article 78 challenge to this section of the Rochester City Code operation of bars and restaurants after 11:00 no longer requires a use variance.

On October 18, 2012, the ZBA held a public hearing regarding the aforementioned use variance application. Testimony adduced at the hearing and a letter from the 19th Ward Community Association established that extension of operating hours until 2:00 a.m. would cause significant noise and loitering disturbances which would adversely

impact residents' ability to have quiet enjoyment of their homes. See <u>Exhibit C</u> attached to Campolieto Affirmation.

By decision dated October 22, 2012, the ZBA granted a variance giving the applicant lesser relief, allowing the bar/restaurant to remain open until 2:00 a.m. on Fridays and Saturdays but continuing the previously approved closing hours of 12:00 a.m. from Monday through Thursday.  See Variance Decision attached as <u>Exhibit D</u> to Campolieto Affirmation.  Thereafter Petitioner successfully challenged the ZBA's decision and had § 120-134(O) of the Rochester City Code declared preempted by the ABC Law.

## ARGUMENT

Plaintiffs challenges the City's failure to allow them a zoning variance to operate a bar/restaurant until the hour of 2:00 A.M Monday through Saturday.  The Plaintiffs challenged the City's Zoning Board determination and challenged the City ordinance which gave discretion to the Zoning Board through and Article 78 proceeding in the State Supreme Court, which did determine that the City's ordinance was preempted by New York State Law.   The State Supreme Court's determination was upheld by the Appellate Division, Fourth Department.

The Plaintiffs have now brought this action seeking further redress by claiming 42 USCS §1983 violations by the City of Rochester and claiming lost business revenue during the time that they were not able to secure a variance to operate until 2:00 A.M. Monday through Thursday.  The Plaintiffs seek this further intervention by the Federal Courts and attempts to transform a dispute about the reasonableness of the actions of a citizen land use board and a now moot City zoning ordinance into a claim for deprivation

of their civil rights. In order to transform this routine dispute about the appropriate application of a local zoning case into a Federal Constitutional claim, Plaintiffs contend that the existence of the moot City zoning ordinance violated their Fourteenth Amendment due process rights-this is not the case.

**1983 Liability**

**Plaintiffs' Complaint alleges a 42 USCS §1983 violation claiming both Substantive Due Process and Procedural Due Process violations by the City of Rochester**

In this summary judgment proceeding, Plaintiffs' have alleged that:

- The City violated the Due Process clause of the Fourteenth Amendment to the United States Constitution by unlawfully denying the Plaintiff a zoning variance and preventing Plaintiffs from operating their business during New York State sanctioned hours of operation. See Plaintiffs' Complaint p. 4, attached as Exhibit A to Plaintiffs' Motion for Summary Judgment.
- Plaintiffs' allege that they have suffered damages from the alleged Constitutional violations.

Plaintiff contends that there is no factual dispute on whether there is §1983 liability, this is not correct. The City contends that the Plaintiffs have failed to state elements of §1983 liability and have not secured the right to bring a §1983 action against the City of Rochester:

1.  The Plaintiff had and has no property right secured by the Constitution and laws of the United States to a City of Rochester zoning variance to allow their business stay open until 2:00 a.m., six days a week.

2. No clearly established constitutional right of the Plaintiff was violated by the City of Rochester and no sufficient allegations have been set forth by the Plaintiff showing such violation by the City of Rochester.

3. The Plaintiffs have failed to sufficiently allege any policy, custom or practice of the City of Rochester, which was so arbitrary or outrageous without any legitimate governmental purpose, causing their alleged damages, and therefore all this motion for Summary Judgment should be dismissed.

## PLAINTIFFS' CAUSE OF ACTION FOR FOURTEENTH AMENDMENT VIOLATION FAILS TO STATE AN ACTIONABLE CLAIM FOR DENIAL OF DUE PROCESS

### No Deprivation of Substantive Due Process

In the single cause stated in the Plaintiffs' Summary Judgment Motion, Plaintiffs claim that they have been deprived of due process rights they are entitled to, under the Fourteenth Amendment to the Constitution, because the City misapplied an hour restriction on the Plaintiffs' bar/restaurant through Rochester City Code Section 120-34. The Plaintiffs' term the City's zoning code a scheme and claim it was so arbitrary and outrageous that it prevented the Plaintiff from conducting business. The facts show that what the City did was require a use variance for operation of **ANY** business in a mixed use, residentially zoned district, for hours after 11 P.M., the hours people normally sleep. The use variance requirement is not preempted by state law, only the restriction of hours on a business which serves alcohol and which is governed by the New York State ABC laws.

The New York State Courts have found that the hourly restriction on an alcohol related business is in contradiction of the New York State Alcohol and Beverage Control Law and preempted by New York State law.   The objective of the City of Rochester through Code Section 120-134 was to prevent **ANY** business from having hours above certain times in order to protect neighboring residents from unwarranted noise during hours that people typically sleep.    In order to show a constitutional violation which would rise to a §1983 level offense the Plaintiffs would have to show that the City's ordinance was "without reasonable justification in the service of a legitimate government objective."  Plaintiffs premise their motion on the allegation that they possessed a property right to operate their business until 2:00 A.M. and that the City's zoning ordinance was so arbitrary and outrageous that it violated the Plaintiffs' constitutional rights. *This cannot be shown in this matter.*  The Plaintiffs allege the aforementioned actions have caused Plaintiff to "sustain… loss of business and reduced revenues and damage to its reputation and business goodwill.    These allegations, even if they were true, do not state an actionable claim for relief from this court.

.

**Substantive Due Process**

To state a substantive due process claim, a plaintiff must allege facts establishing (1) he has a valid property interest, and (2) that the town "infringed that interest in an arbitrary or irrational manner." See O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007); Natale v. Town of Ridgefield, 170 F.3d 258, 262-63 (2d Cir. 1999); Soundview Associates v. Town of Riverhead, 893 F.Supp.2d 416, 430-431 (E.D.N.Y. 2012); Sherman v. Town of Chester, 2015 U.S. Dist. LEXIS 43322, 2015 WL

1473430, at *11 (S.D.N.Y. March 31, 2015).  A plaintiff must plead "governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  Velez v. Levy, 401 F.3d 75, 93 (2d Cir. 2005) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)); Rosa R. v. Connelly, 889 F.2d 435, 439 (2d Cir. 1989) (a plaintiff must establish that the government decision it challenges "was arbitrary or irrational or motivated by bad faith").  *Nardiello v. Town of Oyster Bay*, 2016 U.S. Dist. Lexis 49641.

The Plaintiff has submitted a showing only that the City and the City Zoning Board of Appeals denied the Plaintiff a use variance for additional hours of operation in a C-1 zoned district pursuant to Rochester Code Section 120-34.  This Code Section was was designed to prevent **ANY** business from being open during late night hours which would contribute to unwarranted noise and interference with citizens during the night.  This allegation will not suffice to create a substantive due process violation.  CASE

**First Prong of Substantive Due Process**

The first aspect of a Substantive Due Process claim that needs to be satisfied by a Plaintiff is whether they possess a valid property interest.  In this matter the property interest alleged in whether Plaintiffs' bar/restaurant could remain open until 2:00 A.M. on Mondays through Thursdays.  At the time of this controversy, those hours of operation could only be attained through a zoning variance attained through the City Zoning Board of Appeals.  A use variance for operation of the business until 2:00 A.M.

was granted for Fridays and Saturdays and operation until 11:00 P.M. on other days the business operated.   See Exhibit D attached to Campolieto Affirmation.

The Second Circuit has often addressed the issue of whether a building permit issued by a local authority is a "property interest" that triggers due process protection. A property interest is established if the plaintiff can show clear entitlement to the approval. "[O]ur precedent is clear: 'to establish a federally protectable property interest in a state or local permit ..., the plaintiff must show that, at the time the permit was denied, there was no uncertainty regarding his entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case.'" C.C.S.com USA, Inc. v. Gerhauser, 518 Fed.Appx. 1, 2 (2d Cir. 2013) (quoting Natale v. Town of Ridgefield, 170 F.3d 258, 263 n. 1 (2d Cir. 1999) and citing O'Mara v. Town of Wappinger, 485 F.3d 693, 700 (2d Cir. 2007)).

Plaintiffs point to the New York State ABC law to claim that the City and the City Zoning Board of Appeals had no discretion in granting the application for a permit, and therefore there was clear entitlement that it would be granted.

As the Courts look to whether a Plaintiff has a "clear entitlement" to a "permit" to see whether there is a property interest, in this case, there is no permit, only a zoning variance which Plaintiff sought.  The City took no action against the Plaintiffs' liquor license and simply denied hours of operation to 2:00 A.M. on Monday through Thursday.   There was no "entitlement" to the use variance; the City Zoning Board of Appeals had to review and make additional compliance determinations.   Including reviewing hardship determinations, effects on the neighborhood and existing code violations at the property.  See Exhibit A and D attached to Campolieto Affirmation

Thus, pursuant to criteria set forth in case precedent there was clearly "uncertainty" over whether the variance application would be granted, regardless of the status of the liquor license possessed by the Plaintiffs.

The Court should follow the clear precedent of the Circuit that where there is "uncertainty," there is no federal protected property right in a state or local permit. The Second Circuit has stated that there is no property interest where an inspection is required to determine if violations exist at the property prior to issuing the permit. *C.C.S.com USA. Inc. v. Gerhauser,* 518 Fed.Appx. 1, 2 (2d Cir. 2013). In that case, there was a violation due to an addition made to the building without prior approval. The existence of that violation, and the authority of the local official to deny the permit when there was a violation, created "uncertainty" and thus there was no "clear entitlement" that created a property interest. C.C.S.com, 518 Fed.Appx., at 2 (distinguishing *Walz v. Town of Smithtown,* 46 F.3d 162 (2d Cir. 1995), where the permit issued automatically upon submission of the proper information). *See also RRI Realty v. Inc. Village of Southampton*, 870 F.2d 911, 918-919 (2d Cir. 1989) (even if approval was expected, the officials had discretion, which defeated the existence of a federally protected property interest. *Nardiello v Town of Oyster Bay*, 2016 US Dist LEXIS 49641, at *10-17 [EDNY Apr. 12, 2016, No. CV 15-292].

In this case there was no certainty or guarantee as to the granting of a use variance. There were several other considerations made by the City ZBA besides the hours of operation of this business. There is no clear entitlement to operate a business to 2:30 A.M. The City did not purposefully impugn or impair the Plaintiffs' liquor license.

**Second Prong of Substantive Due Process**

Even assuming for purposes of this argument that the Plaintiffs possessed a property right the granting of a use variance or even unrestricted use (from the City) of their liquor license, Plaintiffs cannot satisfy the second prong of their substantive due process claim. To meet the second prong of a substantive due process claim, Plaintiffs must show that the City infringed its property right in an arbitrary or irrational manner. *Cine SK8*, 507 F.3d at 784.   Plaintiffs must show that the government's infringement was "'arbitrary,' 'conscience shocking,' or 'oppressive in the constitutional sense,' not merely 'incorrect or ill-advised.'" *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (quoting *Lowrance v. C.O. S. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994); *see also Harlen Assocs.*, 273 F.3d at 505 ("As we have held numerous times, substantive due process 'does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit. . . . [Its] standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority.'" (quoting *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)); *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996) (explaining that plaintiff meets second prong of substantive due process test "only when government acts with no legitimate reason for its decision" (citation and quotation marks omitted)). *Soundview Associates v. Town of Riverhead*, 893 F. Supp. 2d 416.

The Courts have stated that, in the zoning context, government decisions regulating a landowner's use of his property offends substantive due process if the

government action is arbitrary or irrational.  Government regulation of a landowner's use of his property is deemed arbitrary or irrational, and thus violates his right to substantive due process, only when government acts with no legitimate reason for its decision." *Southview Associates, Ltd. v. Bongartz*, 980 F.2d 84, 102 (2d Cir. 1992).  Further, the Court in *Merry Charters, LLC v. Town of Stonington*, 342 F. Supp. 2d 69, 78 (D. Conn. 2004)  has stated that "denial by a local zoning authority violates substantive due process standards only if the denial 'is so outrageously arbitrary as to constitute a gross abuse of governmental authority".

. Where the City has legitimate interests which could rationally be furthered through the denial of an application, a board's actions cannot be held to be arbitrary as a matter of federal constitutional law.  In this case--where the City had rational reasons for its zoning ordinance and partial denial of a use variance, certainly not just to prevent the operation of a business which served alcohol as detailed in Plaintiffs' factual statement, no substantive due process violations have occurred.

Plaintiffs have not shown any factual basis or evidence demonstrating that the Rochester City Code Section 120-134 or the decision of the ZBA to partially the 2012 use variance application was "'arbitrary,' 'conscience shocking,' or 'oppressive in the constitutional sense,' not merely incorrect, ill-advised or wrong.  *Ferran v. Town of Nassau*, 471 F.3d 363, (2d Cir. 2006). Plaintiffs have stated conjecture that the ZBA decision and the City Code were both outrageous and illegal in their effects.

The only evidence Plaintiff points to, in an attempt to demonstrate that the conduct of the ZBA and the City was arbitrary and outrageous is the case: *People v. DeJesus,* 54 NY2d 465 (1981).   Plaintiffs claim that this case should have or did provided the City of Rochester notice that their zoning ordinance was illegal and should stand as evidence that the City's actions were "arbitrary and outrageous" in this matter The Plaintiffs use of this case shows the Plaintiffs misunderstanding regarding a §1983 substantive due process violation.   The regulation struck down in *DeJesus* was §44-14 of the Code.  Chapter 44 of the Code was entitled "Conduct, Miscellaneous" and included the regulation of activities of persons including gambling, solicitation, aggressive panhandling and at the time, patronizing establishments that sell alcohol. That specific Code section stated that "no person shall patronize an establishment which is selling or offering for sale alcoholic beverage after 2:00 AM in violation of the Alcoholic Beverage Control Law."  The Code section specifically regulated activities of persons consuming alcohol and these persons were charged with a violation of this Code section. It was not a land use regulation, it makes no mention of zoning districts or use of property and is solely directed to the conduct of persons.

In contrast, §120-34(O) was part of the Rochester Zoning Code which states as its purpose to divide "the entire City into districts of such number, shape and area and of such different classes according to use of land and buildings, height and bulk of buildings, intensity of use of lot areas, area of open spaces and other classifications as may be deemed best suited to regulate development." (Code §120-2(J).  Section 120-34 is the section of the Code that describes the "permitted uses and structures" in the C-1 Neighborhood Center District (C-1 District) and subdivision "O" of that section lists

as one of the permitted uses in the C-1 District, "bars and restaurants, operating between the hours of 6:00 AM and 11:00 PM, including accessory outdoor seating/assembly areas but excluding drive-through facilities." Unlike the DeJesus Code section, there was no single purpose or goal in §120-34O regarding alcohol, the ABC Law or "persons". The statute at issue was a zoning code which is by definition about the use of property, not the actions of persons or business    See Zoning Ordinance attached as <u>Exhibit E</u> to Campolieto Affirmation.

    The variance requirement applies whether or not a restaurant serves alcohol. A restaurant that does not serve alcohol was subject to the same restriction on hours of operation and to a variance requirement for approval of later hours, as one that did serve alcohol, because of the impact of high customer volume on traffic, parking, noise and other impacts related to a large number of people patronizing a commercial establishment. It is required for the same customer volume reason, that there was a higher requirement for bars and restaurants to have more off-street parking than offices and retail uses.

    Petitioners suggest through their memorandum of law that the Zoning Code restrictions on hours of operations are really only directed at bars and restaurants. The C-1 District hours of operation restrictions were intended to protect adjacent residential neighborhoods from the late night operations of numerous commercial uses, in addition to bars and restaurants. The C-1 District regulation of hours of operation of all commercial uses has absolutely nothing in common with former Code Section 44-14 which attempted to regulate persons who patronized establishment selling alcoholic

beverages.   As former Code Section 44-14 is not similar in any respect to Zoning Code Section 12-34O, the *DeJesus* case is not controlling in this matter.

Therefore, based on the foregoing, the Plaintiffs' substantive due process claim must be dismissed because they are not without examination and scrutiny entitled to the use variance that they sought.   The Plaintiffs' interest in the use variance fails the Second Circuit's strict "entitlement" test for determining whether a party's interest in a municipal approval is protectable under the Fourteenth Amendment. *Zahra v. Town of Southold*, 48 F.3d 674, 680 (2d Cir. 1995) ; *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir.),  cert. denied, 493 U.S. 893 (1989); *Yale Auto Parts, Inc. v. Johnson*, 758 F.2d at 58-59.

**No Procedural Due Process Violation**

In Plaintiffs' Complaint is couched a procedural due process claim. Plaintiffs contend that their interests in running their business until 2:30 A.M. were violated by an invalid scheme that the City promulgated.

The Plaintiff availed itself of their procedural due process rights in State Court and obtained their remedy.  Plaintiff did commence an Article 78 proceeding to challenging the City's determination in state court and received a positive decision. Plaintiffs were afforded more than sufficient remedies to challenge the decision of the ZBA and the Rochester City Code section, they are not entitled to further pursue their claim in the federal courts because they availed themselves their due process remedies in State court.

The Plaintiffs have alleged that the City zoning code was what caused their alleged deprivation.  This alleged wrong is something that can be remedied in state court by means of an Article 78 proceeding.  Therefore, the Plaintiffs' do not have a valid procedural due process claim in Federal court and their claim in this action should be dismissed.  Although there is a general rule that Section 1983 allows Plaintiffs with federal constitutional claims to sue in federal court without first exhausting their state judicial remedies.  But the general rule does not apply in those cases, such as this one, because "there is no constitutional violation (and no available §1983 action) when there is an adequate state post-deprivation procedure to remedy a random arbitrary deprivation of property or liberty." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881-882 (2d Cir. 1996).  This principle applies to, and has been cited by a at least one federal court to dismiss, a substantive due process claim arising out of a local land use board's denial of the plaintiff's application. *Deperno v. Town of Verona (In re A Proceeding Pursuant to Article 78 of the Civ. Practice Law & Rules)*, 2011 U.S. Dist. LEXIS 109405, 20-21 (N.D.N.Y Sept. 27, 2011).

The Second Circuit Court of Appeals has "held on numerous occasions" that where, as here, a party sues the state and its officials and employees for the arbitrary and random deprivation of a property of liberty interest, "an Article 78 proceeding is **a perfectly adequate post-deprivation remedy."** *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880-81 (2d Cir. 1996).  (*Grillo v N.Y. City Tr. Auth.*, 291 F3d 231, 234 [2d Cir 2002].)

**Conclusion**

Plaintiffs' claim a wholly invalid scheme whereby the City shut down a lawful business and was aware that its scheme was beyond its powers are only allegations and not beyond mere conclusions and contain no factual support.   These allegations are insufficient to establish that Defendants acted in an arbitrary or irrational manner, or engaged in "egregious and outrageous conduct" necessary to support a substantive due process claim. Iqbal, 556 U.S. at 678-679 (a pleading that does nothing more than recite bare legal conclusions is insufficient to "unlock the doors of discovery"). Plaintiffs' motion for summary judgment should be denied and Defendants' motion to dismiss Plaintiffs' substantive due and procedural process claim is granted.

For the reasons set forth above, the defendants respectfully request that the Court grant their motion to dismiss the Complaint and deny the Plaintiffs' motion for summary judgment.

DATED: May 20, 2016		BRIAN F. CURRAN, CORPORATION COUNSEL

				   S/John M. Campolieto
				BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
				   *Of Counsel for Defendants and City of Rochester*
				City Hall Room 400A, 30 Church Street
				Rochester, New York 14614
				(585) 428-7410