UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ, | REPLY AFFIRMATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS 6:15-cv-06152-CJS |
| Plaintiffs, | |
| v. | |
| THE CITY OF ROCHESTER, | |
| Defendant | |

**JOHN M. CAMPOLIETO, Esq.**, being duly sworn, deposes and says:

1. I am an attorney with the City of Rochester Corporation Counsel's Office, attorneys for Defendants. I am admitted to practice law before the courts of the State of New York and in the United States District Court, Western District of New York.

2. In this action I represent Defendant City of Rochester.

3. I submit this Reply Affirmation in support of the Defendant's Rule 12(b)(6) Motion to Dismiss. The information set forth in this Affirmation is based upon my personal knowledge, a review of the proceedings in this action, and a review of relevant case law.

4. The City of Rochester reserve all rights to assert immunity and all other defenses asserted in its Answer, if necessary, in any further pleadings, dispositive motions or trial, if any part of this motion is denied.

5. The Plaintiff has set forth one cause of action against the Defendants.

- Fourteenth Amendment Due Process violations.

6. "[Courts] examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . . ; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989). With regard to the first question, in 1995, the Supreme Court held in *Sandin v. Conner* that liberty interests protected by the Fourteenth Amendment's Due Process Clause will not arise from the use of mandatory language of a particular state law or regulation, but "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). *Cusamano v Sobek*, 604 F Supp 2d 416, 478 [NDNY 2008].

7. Plaintiff's Complaint fails to state a cause of action. The Plaintiffs claim that the doctrine of preemption under New York State law creates a constitutional right to the Plaintiff and Plaintiff seeks redress of that under 42 USC §1983—this is not a sufficient cause of action to withstand this motion to dismiss. See Defendants' Reply Memorandum of Law attached under separate cover.

8. For the reasons stated in the Memorandum of Law and the Reply Memorandum of Law, the Plaintiffs' Complaint should be dismissed in its entirety with further relief granted by the Court.

DATED: July 19, 2016		BRIAN F. CURRAN, CORPORATION COUNSEL

		<u>     S/John M. Campolieto                   </u>
		BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
		*Attorneys for Defendants and City of Rochester*
		City Hall Room 400A, 30 Church Street
		Rochester, New York 14614
		(585) 428-7410


To:	Michael A. Burger, Esq.,
	*Attorney for Plaintiffs*
	1250 Pittsford Victor Road
	Building 100, Suite 190
	Pittsford, New York 14534
	Telephone No. (585) 563-2400
	mike@litgrp.com