UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

OBSESSION SPORTS BAR & GRILL, INC. and JOAN ORTIZ

Plaintiffs,

v.

THE CITY OF ROCHESTER,

Defendant

REPLY MEMORANDUM OF LAW
6:15-cv-06152-CJS

**REPLY MEMORANDUM OF LAW**

**ARGUMENT**

Plaintiffs challenged the City of Rochester's (hereinafter "City") denial of a zoning variance to operate a high impact business until 2:00 A.M Monday through Saturday in 2012. As has been stated throughout the motion papers, Plaintiffs challenged the City's Zoning Board determination and the ordinance which gave discretion to the Zoning Board through an Article 78 proceeding in the Supreme Court. The Supreme Court determined the City's ordinance was preempted by New York State Law. The Supreme Court's determination was upheld by the Appellate Division, Fourth Department.

Plaintiffs have now brought this civil action seeking further redress by claiming §1983 violations by the City and lost business revenue. Plaintiffs seek intervention by the Federal Court and attempts transformation of a citizen land use board's action and an overturned zoning ordinance into a claim for deprivation of their civil rights. Plaintiffs

contend that the existence of the moot City zoning ordinance violated their Fourteenth Amendment due process rights-no rights were violated.

**1983 Liability**

**Plaintiffs' Complaint alleges a 42 USCS §1983 violation claiming both Substantive Due Process and Procedural Due Process violations by the City of Rochester**

In this case, Plaintiffs' allege that:

- The City violated the Due Process clause of the Fourteenth Amendment by unlawfully denying a zoning variance and preventing Plaintiffs from operating their business from 12 a.m. to 2:30 a.m. hours of operation.
- Plaintiffs' allege that they have suffered damages from the Constitutional violation.

§1983 liability cannot be sustained against the City of Rochester. The Plaintiffs have failed to state the elements of §1983 liability necessary to maintain an action. Plaintiffs have no constitutionally protected property right to keep their business open until 2:00 a.m. No clearly established constitutional right of the Plaintiff was violated by the City of Rochester. The Plaintiffs have not sufficiently alleged a policy, custom or practice of the City of Rochester, so arbitrary or outrageous without a legitimate governmental purpose.

## ARGUMENT

### I. NO FEDERAL CONSTITUTIONAL VIOLATION HAS BEEN ESTABLISHED

#### A. Plaintiff Has Failed to Plead a Legally Cognizable Protected Interest under 42 U.S. C. § 1983.

To establish a due process claim under 42 U.S. C. § 1983, either procedural or substantive, plaintiff must first demonstrate a property or liberty interest protected by the Constitution. *Mordukhaev v. Daus*, 457 Fed. Appx. 16, 18 (2d Cir. 2012). In the instant matter, Plaintiffs' cause of action alleges deprivation of property without due process. More specifically, Plaintiffs allege unverifiable profit loss in alcohol sales due to the City's denial of a zoning variance. For the reasons set forth below, this does not constitute a protected property interest.

Plaintiffs had no protected interest in a zoning variance. In order for an interest in a particular land-use benefit to qualify as a property interest for purposes of the substantive due process clause a landowner must show a "clear entitlement" to that benefit. *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. N.Y. 2007). "In order to establish a federally protectable property interest in a state or local permit for which a plaintiff has applied, the plaintiff must show that, at the time the permit was denied, there was no uncertainty regarding his entitlement to it under applicable state or local law, and the issuing authority had no discretion to withhold it in his particular case." *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. N.Y. 2007) citing *Natale v. Town of Ridgefield*, 170 F.3d 258 (2d Cir. 1999).

At the time of Plaintiff's application for a variance, the City's high impact zoning ordinance had never been reviewed by a court. As a legislative enactment, it was entitled to an "exceedingly strong presumption of constitutionality." *Arrowsmith v. City of Rochester*, 309 A.D.2d 1201, 1201 (4th Dep't 2003) citing *Lighthouse Shores v Town of Islip*, 41 N.Y.2d 7, 11, (1976).

B. **No Substantive Due Process Violation Exists**

To plead a substantive due process claim involving deprivation of property, "a plaintiff must allege facts establishing (I) a cognizable property interest (2) that was invaded in an arbitrary and irrational manner." *Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 546 (S.D.N.Y. 2014) (citing *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007)). "For a substantive due process claim to survive a…. dismissal motion, it must allege governmental conduct that 'is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Velez v. Levy*, 401 F.3d 75, 93 (2d Cir. 2005) citing *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998).

To meet this prong of the substantive due process test, plaintiff must establish the government acted "with no legitimate reason for its decision." *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996); *see also Southview Assoc., Ltd. v. Bongartz*, 980 F.2d 84, 102-103 (2d Cir. 1992). Substantive due process protection does not extend to actions which are merely "incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 369-70 (2d Cir. 2006) (quoting *Lowrance v. C.O. S. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994). Moreover, it does not forbid "arbitrary or capricious" governmental conduct

"correctable in a state court lawsuit seeking review of administrative action." *Gaddy v. Ports Am*., 2015 U.S. Dist. LEXIS 82086, *26-28 (S.D.N.Y. June 15, 2015) citing *Ceja v. Vacca*, 503 F. App'x 20, 22 (2d Cir. 2012).

In this case, Plaintiff has failed to satisfy the second prong of the substantive due process test. In contrast, the zoning code section at issue, §120-34(O), was part of the Rochester Zoning Code which states as its purpose to divide "the entire City into districts of such number, shape and area and of such different classes according to use of land and buildings, height and bulk of buildings, intensity of use of lot areas, area of open spaces and other classifications as may be deemed best suited to regulate development." (Code §120-2(J)). §120-34 of the Code describes the "permitted uses and structures" in the C-1 Neighborhood Center District (C-1 District) and subdivision "O" of that section lists as one of the permitted uses in the C-1 District, "bars and restaurants, operating between the hours of 6:00 AM and 11:00 PM, including accessory outdoor seating/assembly areas but excluding drive-through facilities." There was no single purpose or goal in §120-34(O) regarding alcohol or the ABC Law. The statute at issue was a zoning code which is by definition about the use of property, not the actions of persons or business.

The variance requirement applied whether or not a restaurant serves alcohol. A restaurant which did not serve alcohol was subject to the same restriction on hours of operation and to a variance requirement for approval of later hours, as one that did serve alcohol. Its purpose was to regulate the impact of high customer volume on traffic, parking, noise and other impacts related to a large number of people patronizing a commercial establishment. It was required for the same customer volume reason,

that there was a higher requirement for bars and restaurants to have more off-street parking than offices and retail uses.

Moreover, “all legislative enactments, [enjoy] an "exceedingly strong presumption of constitutionality." Arrowsmith v. City of Rochester, 309 A.D.2d 1201, 1201 (4th Dep't 2003) citing *Lighthouse Shores v Town of Islip*, 41 N.Y.2d 7, 11, (1976).

In light of the foregoing, the City had a rational basis for its actions and cannot be said to have acted arbitrarily in denying Plaintiffs a variance and requesting they apply for a variance. Plaintiffs have not shown any factual basis or evidence demonstrating that the City’s action was "'arbitrary,' 'conscience shocking,' or 'oppressive in the constitutional sense,' not merely incorrect, ill-advised or wrong.” *Ferran v. Town of Nassau*, 471 F.3d 363, (2d Cir. 2006). A zoning ordinance violates substantive due process “only if it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Southview Assoc., Ltd. v. Bongartz*, 980 F.2d 84, 102-103 (2d Cir. 1992). **"Overzealous or erroneous government action alone does not give rise to a constitutional violation**." *Lyn v. Inc. Vill. of Hempst*ead, 308 Fed. Appx. 461, 465 (2d Cir. N.Y. 2009) quoting *Interport Pilots Agency, Inc. v. Sammis,* 14 F.3d 133, 145 (2d Cir. 1994).

For the reasons set forth above, the Defendants respectfully request that the Court grant their motion to dismiss the Complaint and deny the Plaintiffs’ motion for summary judgment.

DATED: July 19, 2016

BRIAN F. CURRAN, CORPORATION COUNSEL

S/John M. Campolieto

BY: JOHN M. CAMPOLIETO, ESQ., of Counsel
*Of Counsel for Defendants and City of Rochester*
City Hall Room 400A, 30 Church Street
Rochester, New York 14614
(585) 428-7410