UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| OBSESSION SPORTS BAR & GRILL, INC.<br>and JOAN C. ORTIZ,<br><br>               Plaintiffs,<br><br>-vs-<br><br>THE CITY OF ROCHESTER,<br>a municipal corporation,<br><br>               Defendant. | DECISION AND<br>ORDER<br><br>15-CV-06152-CJS |

_____

APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Michael A. Burger<br>Katharine M. Felluca<br>Santiago Burger LLP<br>1250 Pittsford Victor Road<br>Building 100, Suite 190<br>Pittsford, New York 14534 |
| For Defendant: | John M. Campolieto<br>City of Rochester Law Department<br>City Hall, Room 400-A<br>30 Church Street<br>Rochester, New York 14614-1295 |

INTRODUCTION

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging that the City of Rochester violated their federal constitutional rights by restricting the hours of operation of their restaurant and bar in a manner that was inconsistent with New York State law. Now before the Court are Plaintiffs' motion for partial summary judgment (Docket No. [#14]) and Defendant's cross-motion [#19] to dismiss the Amended Complaint for failure to state a claim. Plaintiffs' application is denied, Defendant's application is granted, and this action is dismissed.

BACKGROUND

On March 27, 2015, Plaintiffs filed the Amended Complaint [#4], which is the operative pleading in this action. The Amended Complaint alleges that Defendant "violated the Due Process clauses of the Fifth and Fourteenth Amendments to the United States Constitution by unlawfully preventing Plaintiffs from operating their lawful business[, Obsession Bar and Grill ("Obsession"),] during all state-sanctioned hours of operation." In particular, the Amended Complaint alleges that the City of Rochester improperly restricted Obsession's hours of operation, based upon a provision of the Rochester Municipal Code (Section 120-34(O)) that was "null and void," because it was "an impermissible exercise of municipal zoning power" insofar as it conflicted with the "New York State Alcoholic Beverages Control Law" ("ABC Law"), which regulates the hours that taverns may operate. [1]

On August 24, 2011, the New York State Liquor Authority issued a liquor license to Plaintiffs, authorizing the retail sale of alcoholic beverages for on-premises consumption at Obsession. Thereafter, at all relevant times Plaintiffs operated Obsession in the City of Rochester. Pursuant to the ABC Law, as amended by Monroe County, New York, persons holding liquor licenses are permitted to sell alcohol from 8:00 a.m. until 2:00 a.m. on all days except Sunday, when they can sell alcohol from Noon until 2:00 a.m.. Additionally, the ABC Law permits such establishments to remain open until 2:30 a.m. to allow customers to consume their drinks.

However, Obsession is located in Rochester's C-1 zoning district, which, according to the Rochester Municipal Code, "provides for small-scale commercial uses offering

---

1. Amended Complaint at ¶ ¶ 1, 10-11; *see also, id.* at ¶ 21 (Referring to § 120-34(O) as an "illegal ordinance.").

primarily convenience shopping and services for adjacent residential areas." Significantly, at all relevant times the Municipal Code restricted the hours of operation for restaurants and bars in the C-1 district. Specifically, Code §§ 120-35(H) & (I), which were later replaced by § 120-34(O), allowed bars and restaurants to remain open between 6:00 a.m. and 11:00 p.m.. Consequently, bars in the C-1 district were required to close at 11:00 p.m., while bars in other zoning districts were presumably permitted to remain open until 2:30 a.m.

Plaintiffs applied for a variance, to allow Obsession to remain open until 2:00 a.m., Monday through Saturday. However, Defendant granted the application only in part, allowing Obsession to remain open until Midnight, from Monday through Thursday, and until 2:00 a.m. on Friday and Saturday. (Plaintiffs chose to keep Obsession closed on Sundays). Consequently, even with the variance, the City of Rochester required Obsession to close earlier than Obsession was required to do under the ABC Law on all days, and restricted Obsession from selling alcohol between Midnight and 2:00 a.m., as Obsession was permitted to do under the ABC Law, on all days except Fridays and Saturdays.

On November 21, 2012, Plaintiffs filed an Article 78 Proceeding in New York State Supreme Court, Monroe County, alleging, *inter alia*, that Municipal Code § 120-34(O) was preempted by the ABC Law. Defendant argued that the ordinance was not preempted by the ABC Law, since it did "not concern itself directly with sale or consumption of alcoholic beverages." However, Supreme Court agreed with Plaintiffs and held that § 120-34(O) was "an impermissible exercise of municipal zoning power, which [could] not stand in the face of conflicting and pre-emptive provisions of the ABC Law." Supreme Court stated that the

zoning provision was "null and void," as "being in derogation of the ABC Law." This determination was affirmed on appeal by the New York State Supreme Court, Appellate Division Fourth Department.

On March 17, 2015, Plaintiffs commenced the instant action pursuant to 42 U.S.C. § 1983, alleging that Municipal Code § 120-34(O) effected a due process violation by restricting Obsession's hours of operation below those permitted by the ABC Law.  On May 21, 2016, Plaintiffs filed the subject motion for partial summary judgment as to liability. Plaintiffs contend therein that Defendant violated their substantive due process rights as a matter of law.  In that regard, Plaintiffs contend that by enacting § 120-34(O), Defendant acted under color of state law to harm Plaintiffs' property interest in Obsession's Liquor License.  Plaintiffs further contend that Defendant acted arbitrarily and capriciously by enacting a municipal zoning provision that was preempted by the ABC Law.  In that regard, Plaintiffs allege that § 120-34(O) was "illegal," and that Defendant therefore acted "*ultra vires*." *See*, Pl. Memo of Law [#14-2] at p. 1 ("[T]he City acted *ultra vires*, and thus arbitrarily, in depriving Plaintiffs of their vested property interest.").

Defendant opposes Plaintiffs' motion and has cross-moved to dismiss the Amended Complaint for failure to state a claim.  In doing so, some aspects of Defendant's papers miss the mark.  For example, Defendant misconstrues Plaintiffs' claim as being that they were improperly denied a variance. Defendant also mis-characterizes Plaintiffs' papers as raising claims of both substantive- and procedural due process.  Nevertheless, Defendant contends, in pertinent part, that the Amended Complaint fails to plead a substantive due process claim because it does not allege any arbitrary or irrational conduct by the City of Rochester.  Rather, Defendant maintains that it had a legitimate reason for enacting § 120-

34(O), which was to preserve the quality of life in the C-1 zoning district, which was largely residential, by reducing late-night noise and loitering around commercial establishments.

On July 28, 2016, counsel for the parties appeared before the undersigned for oral argument. After carefully considering all of the parties' submissions, the Court concludes that Plaintiffs' substantive due process claim lacks merit as a matter of law, for the reasons discussed below.

## ANALYSIS

### Rule 12(b)(6)

Defendant has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). The legal principles applicable to such a motion are clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007 ) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted). When applying this standard, a district court must accept the allegations contained in the complaint as true

and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), *cert. denied*, 531 U.S. 1052, 121 S.Ct. 657 (2000).  If, on a motion under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FRCP 12(d).

### *Rule 56*

Plaintiffs have moved for partial summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249.

The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

The Court may also grant summary judgment against the movant, provided that the movant has notice of the grounds upon which judgment is granted and an opportunity to present evidence. FRCP 56(f)(1). *See, Romag Fasteners, Inc. v. Fossil, Inc.*, 979 F.Supp.2d 264, 287 (D.Conn. 2013) (collecting cases, and noting that the "body of precedent [on this point in the Second Circuit] constitutes more than adequate notice that [a court] may enter summary judgment against the moving party."); *see also, Nicholson v. Securitas Sec. Servs. USA, Inc.*, 830 F.3d 186, 188 (5th Cir. 2016) (The notice requirement of FRCP 56(f)(1) is satisfied where the issue upon which the court grants summary judgment was briefed by the parties); *Geraczynski v. Nat'l R.R. Passenger Corp.*, No. CIV.A. 11-6385 SRC, 2015 WL 4623466, at *7 (D.N.J. July 31, 2015) (Movant has "sufficient notice" for purposes of FRCP 56(f)(1), where the issue upon which the court grants summary judgment for the non-movant is the same issue that the movant briefed in support of its unsuccessful motion for summary judgment), appeal dismissed (June 9, 2016).

<u>Section 1983</u>

Plaintiffs are suing pursuant to 42 U.S.C. § 1983, and the legal principles generally applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right.

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir.2004) (citation omitted). "In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court established that "[l]ocal governing bodies ... can [also] be sued directly under [42 U.S.C.] § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 124–25 (2d Cir. 2004) (citation omitted).

Substantive Due Process

At the outset, the Court emphasizes that Plaintiffs are asserting a claim of substantive due process, not procedural due process.  In that regard, the Amended Complaint [#4] alleges that Defendant violated Plaintiffs' "due process" rights, but does not specify whether it means procedural due process or substantive due process.  Indeed, the words "procedural" and "substantive" do not appear in the Amended Complaint.  However, the Court clearly understands the pleading as asserting a substantive due process claim, since it alleges that Defendant injured Plaintiffs' property rights to operate their business during all hours allowed by the ABC Law, by means of an "illegal ordinance." Complaint [#1] at ¶¶ 20-21.  The pleading does not allege that Plaintiffs were entitled to any particular procedural safeguards before Defendant could restrict Plaintiffs' hours of operation; rather, the Complaint indicates that Defendant simply had no authority to restrict Plaintiffs' hours of operation *at all*, regardless of any procedures that might have been followed.  For

example, the Complaint never alleges, or even suggests, that any type of pre- or post-deprivation hearing would have made it permissible for Defendant to restrict Plaintiffs' hours of operation below that which was allowed by the ABC Law. The Amended Complaint, therefore, does not plead a claim for procedural due process. *See, McClary v. O'Hare*, 786 F.2d 83, 87 (2d Cir. 1986) ("Procedural due process requires that certain procedures be followed before (or[,] under *Parratt [v. Taylor,* 451 U.S. 527, 543 (1981),] after) the State can properly take life, liberty, or property. Appellant does not claim that any procedures the State could have followed would have made the accidental, even if recklessly caused, deprivation of her husband's life proper. Appellant complains that state actors caused her husband's death, not that in doing so they failed somehow to apply the proper procedures. Procedural due process is simply not implicated in this case at all."); *see also, id*. at 86, n. 3 ("Procedural due process generally requires some kind of hearing.") (citations and internal quotation marks omitted).

This point is reinforced by Plaintiffs' summary judgment motion, which expressly refers to a substantive due process violation, multiple times. In fact, the section of Plaintiffs' brief addressing the alleged due process violation is entitled, "The City Denied Plaintiffs of a Property Right Without Substantive Due Process of Law." (Pl. Memo of Law [#14-2] at p. i, Table of Contents, Argument § 3(b); *id*. at pp. 12-13 discussing standard for "substantive due process" claim based upon *ultra vires* government action). Indeed, Plaintiffs' memorandum of law in support of their summary judgment motion does not mention procedural due process, except in a footnote which references the procedures that the *New York State Liquor Authority* may follow to limit a liquor-license holder's rights; however, there is no suggestion in that footnote that there were any similar procedures that

Defendant could have used to limit Plaintiffs' rights in their liquor license.

The Court has taken the time to emphasize this point because Defendant's responsive papers mistakenly assert that Plaintiffs are "claiming both Substantive Due Process *and Procedural* Due Process violations." (Def. Memo of Law [#18-1] at un-numbered p. 5) (emphasis added). Defendant then attempts to argue, in part, that Plaintiffs received all of the procedural due process that they were due, when they successfully brought an Article 78 Proceeding in state court. *Id*. at pp. 15-16. In response to Defendant's arguments on this point, Plaintiffs' reply papers make certain references to procedural due process concepts. *See, e.g.*, Pl. Reply/Response Memo [#21] at p. 4 ("The City had no authority to infringe on that right [Liquor License], much less to do so without a pre-deprivation hearing."); *see also, id.* at pp. 9-13 (distinguishing procedural-due-process cases cited by Defendant). Again, though, Plaintiffs never suggest that any type of pre- or post-deprivation hearing conducted by Defendant would have made it acceptable for Defendant to restrict their hours of operation below that allowed by the ABC Law. Having clarified that the instant claim is for substantive due process, the Court will now consider the merits of such claim.

"The doctrine of substantive due process protects the individual against certain government actions regardless of the fairness of the procedures used to implement them." *McClary v. O'Hare*, 786 F.2d at 88 (citations and internal quotation marks omitted). In a case such as this where Plaintiffs contend that governmental action infringed their property rights, to establish substantive due process violation they must show 1) "a valid property interest" and 2) that "defendants infringed on the property right in an arbitrary or irrational manner." *49 WB, LLC v. Vill. of Haverstraw*, No. 12–787–cv, 511 F. App'x 33, 34 (2d Cir.

Feb. 4, 2013); *see also, Leder v. Am. Traffic Sols., Inc.*, 630 F. App'x 61, 62 (2d Cir. 2015) ("A substantive due process claim under 42 U.S.C. § 1983 requires plaintiff to show (1) a fundamental liberty interest, (2) the deprivation of which was arbitrary in the constitutional sense.") (citations and internal quotation marks omitted).  To be actionable as a substantive due process violation, governmental action must be "arbitrary, conscience-shocking, or oppressive in the constitutional sense, not merely incorrect or ill-advised." *Ferran v. Town of Nassau*, 471 F.3d 363, 370 (2d Cir. 2006) (citation and internal quotation marks omitted).

The Second Circuit has observed that governmental action may be sufficiently "arbitrary, conscience-shocking, or oppressive in the constitutional sense" if it is "tainted with . . . fundamental procedural irregularity." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 785 (2d Cir. 2007) ("*Cine SK8*").  In *Cine SK8,* the Circuit Court held that if a town board amended a citizen's special use permit without any authority to do so, then such *ultra vires* action could amount to a "fundamental procedural irregularity." *Id*. at 789 ("[I]f the Town Board did not have authority for the actions it took regarding Fun Quest's permit - as it appears it did not - the Board's actions were *ultra vires* and, as a result, sufficiently arbitrary to amount to a substantive due process violation.").  Similarly, in *Brady v. Town of Colchester*, 863 F.2d 205 (2d Cir. 1988) ("*Brady*"), the Second Circuit held that if a town revoked a citizen's building permit without "authority under state law" to do so, "a trier of fact could conclude that there was no 'rational basis' for the [town's] actions, and that, as a result, the [town] violated [the citizen's] rights to substantive due process." *Id*. at 215-216.

However, a plaintiff cannot maintain a substantive due process claim merely because he was deprived of property pursuant to a statute or ordinance that is later found

to be contrary to, or preempted by, state law. *See, Leder v. American Traffic Solutions, Inc.*, 630 F. App'x at 62-63 (Indicating that a governmental act is not "*ultra vires*" simply because it violates state law, and that "substantive due process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious."); *see also, TZ Manor, LLC v. Daines*, 815 F. Supp. 2d 726, 746 (S.D.N.Y. 2011) ("[T]he Second Circuit (and other courts, for that matter), has made clear that a governmental act that is unauthorized by, or that even violates, state or local law, is not *per se* 'conscience shocking' or 'egregious' for federal constitutional purposes or 'arbitrary in the constitutional sense.'"), *aff'd*, 503 F. App'x 82 (2d Cir. Nov. 27, 2012); *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1103-1105 (8th Cir. 1992) (No substantive due process violation where city prevented real estate developer from buying land and building a shopping mall, pursuant to a zoning law that was later found not to have been validly enacted under state law: "[W]e reject the Corporation's assertion that the City's enforcement of an invalid zoning ordinance is the kind of 'truly irrational' governmental action which gives rise to a substantive-due-process claim."); *Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1235-1236 (9th Cir. 2009) (Plaintiff company claimed that its federal due process rights were violated when city ticketed and impounded company's vehicles pursuant to a local ordinance that was later found to have been preempted by California state law; Ninth Circuit found no substantive due process violation, both because no "fundamental right" was involved, and because local ordinance, though preempted and inconsistent with state law, had a rational governmental purpose.); *Laidley v. City & Cty. of Denver*, 477 F. App'x 522, 525 (10th Cir. 2012) ("As best we can discern, Mr. Laidley proceeds on the assumption that the

enforcement of a municipal ordinance invalid under state law . . . must automatically and necessarily constitute a conscience-shocking violation of the Fourteenth Amendment. But that assumption is simply in error. Even clear violations of state law do not automatically or necessarily rise to the level of substantive due process violations. A great deal more is required. As the Supreme Court has explained, substantive due process . . . is reserved for 'patently egregious' conduct.") (citations and internal quotation marks omitted).

Indeed, in *Leder v. American Traffic Solutions, Inc.* ("*Leder*"), *supra*, the Second Circuit rejected a litigant's argument, made pursuant to *Cine SK8*, that a governmental action was *ultra vires* simply because it conflicted with, and was overruled by, state law. The issue arose where a county had adjusted its traffic lights, to shorten the duration of yellow lights, allegedly in order to catch more people speeding, thereby generating greater revenue from traffic fines. The plaintiff established that the county's action in that regard violated a section of the New York Vehicle & Traffic Law, which required traffic lights to remain yellow for at least three seconds. Nevertheless, the Circuit Court rejected the argument that the county's action violated substantive due process, stating:

> The argument fails because it confuses *ultra vires* action with action contrary to governing statutory provisions. As this court has explained, substantive due process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious. Because Leder's claim of shorter yellow-light time than provided by state law does not assert conduct so 'arbitrary, conscience-shocking, or oppressive' as to implicate substantive due process, the district court correctly dismissed her claim.
> ***
> [Leder] does not challenge defendants' overall authority to establish traffic light times or to use traffic cameras to identify violations and issue fines. She argues only that the challenged yellow-light time was at odds with state law. This does not state a claim for violation of substantive due process.

*Leder*, 630 F. App'x 61, 62–63 (citations, internal quotation marks and footnote omitted).

Applying these principles to the instant case, the Court finds that Plaintiffs' claim lacks merit and that Defendant is entitled to dismissal and/or summary judgment. Preliminarily, it is undisputed that Defendant acted under color of state law when it enacted § 120-34(O) and its predecessor statute, which had the effect of restricting the hours in which Obsession could remain open and sell alcohol. The Court will further assume *arguendo*, for purposes of this Decision and Order only, that Plaintiff's had a sufficient constitutionally-protected property interest in their New York State Liquor License to support a substantive due process claim. In that regard, Defendant merely argues that Plaintiffs did not have a sufficient property interest in a zoning variance to support such a claim, but such an interest is not the basis of Plaintiffs' claim. Rather, Plaintiffs have argued that they have a property interest in the Liquor License, and Defendant has not attempted to show otherwise. It is also undisputed that § 120-34(O) actually impaired Plaintiffs' rights under their liquor license, since it required Obsession to close during certain hours in which retail on-premises alcohol sales were permitted by the ABC Law. Lastly, it is undisputed that Defendant's legislation in that regard conflicted with state law, inasmuch as the New York State Courts struck down § 120-34(O) as being preempted by the ABC Law.

Nevertheless, Plaintiffs' substantive due process claim fails because it is clear, as a matter of law, that Defendant's actions, in enacting and enforcing the zoning provision, were not "arbitrary, conscience-shocking, or oppressive in the constitutional sense." Plaintiffs disagree, and insist that Defendant acted *ultra vires*, which, under *Cine SK8*, may be sufficient to establish a substantive due process claim. In that regard, however,

Plaintiffs, much like the plaintiffs in *Leder*, mistakenly assume that because the zoning provision was struck down as being preempted by state law, that Defendant must have acted in an *ultra vires* manner when it adopted the zoning provision.  However, unlike the plaintiffs in *Cine SK8*, Plaintiffs here have not shown that Defendant lacked the authority under applicable law to enact zoning provisions such as the one at issue here.  Rather, Plaintiff has not challenged Defendant's authority to enact zoning provisions generally. Nor has Plaintiff attempted to show that any type of "fundamental procedural irregularity" occurred during the process by which Defendant enacted § 120-34(O).

Instead, Plaintiff simply argues that the Defendant's act was "*ultra vires*," since Defendant lacked the "power" to make a zoning provision that conflicted with the ABC Law. However, as the Second Circuit stated in *Leder*, "[t]he argument fails because it confuses *ultra vires* action with action contrary to governing [state] statutory provisions." *Id*., 630 Fed. App'x at *62.  In *Leder*, the plaintiff did "not challenge [the county's] overall authority to establish traffic light times," but "argue[d] only that the challenged yellow-light time was at odds with state law." *Id*. at *63.  Here, similarly, Plaintiffs do not challenge Defendant's overall authority to enact zoning regulations, but argue only that the particular zoning ordinance at issue conflicts with New York State law insofar as it applies to establishments licensed to sell alcohol for on premises-consumption.  Defendant's action, therefore, was not *ultra vires*, even though it was contrary to state law.  Consequently, Plaintiffs' substantive due process claim fails as a matter of law.

Plaintiffs nevertheless argue that Defendant acted arbitrarily and capriciously when it adopted § 120-34(O), because the City had prior notice of the preemptive reach of the ABC Law.  In other words, Plaintiffs contend that even if the City had the authority

generally to make zoning regulations, it should have known that § 120-34(O) was preempted by the ABC Law. On this point, Plaintiffs cite to *People v. DeJesus*, 54 N.Y.2d 465 (1981), in which the New York Court of Appeals held that § 44-14 of the Rochester Municipal Code, which made it a crime for a person to "patronize an establishment which is selling or offering for sale alcoholic beverages after 2:00 A.M. in violation of the Alcoholic Beverage Control Law," was preempted by the ABC Law. *Id*. at 467-468. In sum, Plaintiffs contend, though in conclusory fashion, that Defendant's constructive notice of *People v. DeJesus* rendered its enactment of § 120-34(O) *ultra vires*. Plaintiffs, though, have not cited to this Court any case in which an otherwise-validly-enacted ordinance was found to be *ultra vires* because the municipality had notice that a similar statute had been struck down as preempted. In any event, Defendant denies that *People v. DeJesus* has any applicability to this case, since the statutes in the two cases are too dissimilar. In particular, Defendant points out that the statute in *DeJesus* "specifically regulated activities of persons consuming alcohol," and was "not a land use regulation," while § 120-34(O) does not refer to alcohol, and affects even restaurants which do not sell alcohol.

The Court does not agree with Plaintiffs that *People v. DeJesus* renders the enactment of § 120-34(O) *ultra vires*. To begin with, *People v. DeJesus* did not indicate that municipalities had to refrain from regulating bars altogether. Rather, the court stated:

> [T]his is not to say that establishments selling alcoholic beverages are exempt from local laws of general application such as, to take several examples, one requiring smoke alarms in all business premises, or one forbidding dumping of refuse on city sidewalks, or one prohibiting disorderliness[.] But, contrary to the People's position, the ordinance here is not of this sort. By dealing solely with the actions of patrons of establishments which sell alcoholic beverages, it impinges impermissibly on the exclusive Alcoholic Beverage Control Law. Further, by prohibiting persons from patronizing such establishments at times when State law would

>permit them to do so, the local law, in direct opposition to the pre-emptive scheme, would render illegal what is specifically allowed by State law.

*People v. De Jesus*, 54 N.Y.2d 465, 471–72, 430 N.E.2d 1260 (1981) (citations omitted). Consequently, the applicability of *DeJesus* to a statute such as § 120-34(O), which does not specifically reference alcoholic beverages or their sale, is not as clear as Plaintiffs maintain. The same can be said of *Matter of Lansdown Ent. Corp. v. New York City Dept. of Consumer Affairs*, 74 N.Y.2d 761, 545 N.Y.S.2d 82 (1989) ("*Lansdown*"), also cited by Plaintiffs, in which the New York Court of Appeals, while discussing preemption under the ABC Law, noted that "local laws of general application" are *not* preempted "if their enforcement incidentally infringe[s] on the State Alcoholic Beverage Control Law." *Id*., 74 N.Y.2d at 763 (emphasis added).

Plaintiffs have not produced any evidence that any city official involved in the adoption of § 120-34(O) was actually aware of the *DeJesus* or *Lansdown* decisions. However, even assuming *arguendo* that Defendant was negligent in failing to anticipate, based upon *DeJesus* and *Lansdown*, that § 120-34(O) would be preempted by the ABC Law, such fact does not render Defendant's action in that regard *ultra vires*, arbitrary or capricious. On this point, the Second Circuit has stated that negligence cannot support a substantive due process claim:

>Common negligence is categorically insufficient to shock the conscience, so [a plaintiff] must raise an inference that [the defendant] acted maliciously before [defendant's action] can even begin to support a violation of substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848–49, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("We have accordingly rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of

constitutional due process.").

*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 276 (2d Cir. 2011). Plaintiffs have not shown that Defendant was anything other than negligent. For example, Plaintiffs have not produced any evidence that in enacting § 120-34(O), Defendant was motivated by any personal animosity towards Plaintiffs, or that Defendant acted for an improper purpose. In fact, Plaintiffs have not shown that when enacting § 120-34(O), Defendant was motivated by anything other than the legitimate goal of maintaining the quality of residential life in the C-1 zoning district, by limiting the hours of bars and restaurants.

In sum, as a matter of law, Plaintiffs here cannot prove that Defendant's action was arbitrary, conscience-shocking, or oppressive in the constitutional sense.

## CONCLUSION

Plaintiffs' motion for partial summary judgment [#14] is denied and Defendant's cross-motion [#19] to dismiss the Amended Complaint for failure to state a claim is granted. Alternatively, Defendant is granted summary judgment pursuant to FRCP 56(f)(1). The action is dismissed with prejudice. The Clerk of the Court is directed to close this action.

SO ORDERED.

Dated: Rochester, New York
February 17, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge